DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendants
ZOOSK INC. AND SPARK NETWORKS SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>                   Plaintiffs,<br><br>          v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>                   Defendants. | Case No. 3:20-cv-4929-WHA<br><br>**DEFENDANT ZOOSK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:     The Honorable William Alsup |

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Zoosk, Inc. ("Zoosk") hereby files its answer to Plaintiffs' First Amended Class Action Complaint, dated October 30, 2020 (the "Complaint"), as modified by the Court's January 30, 2021 Order re Motions to Dismiss and Request for Discovery, as set forth below. Any allegations in the Complaint not expressly admitted herein are denied. Moreover, Zoosk denies any factual allegations contained in the headings of the Complaint unless specifically admitted herein.

1.     To the extent the allegations in paragraph 1 merely purport to describe a page on Zoosk's website and an April 16, 2014 Form S-1 filed by Zoosk, Zoosk states that the website and Form S-1 are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Zoosk denies the allegation in paragraph 1.

2.     Zoosk denies the allegations in the first sentence of paragraph 2. Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 2 and, therefore, denies the same.

3.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 3 and, therefore, denies the same.

4.     To the extent the allegation in paragraph 4 merely purports to describe an article in WIRED, Zoosk states that the article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 4. To the extent that a further response to the allegation in paragraph 4 is required, Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 4 and, therefore, denies the same.

5.     To the extent the allegation in paragraph 5 merely purports to describe Zoosk's June 3, 2020 notice to consumers, Zoosk states that the notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 5.

6.     Zoosk admits that on June 3, 2020, it provided a notice to certain Zoosk users. To

the extent the allegation in paragraph 6 merely purports to describe Zoosk's June 3, 2020 notice to said Zoosk users, Zoosk states that the notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 6.

7.      To the extent the allegation in paragraph 7 merely purports to describe Zoosk's June 3, 2020 notice to certain Zoosk users, Zoosk states that the notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 7.  Zoosk denies any remaining allegations in paragraph 7.

8.      Zoosk denies the allegation in the first sentence of paragraph 8 that the notice Zoosk provided to certain Zoosk users entitled "Notice of Data Security Event" was sent on May 28, 2020. Zoosk admits the allegation in the first sentence of paragraph 8 that it sent certain Zoosk users a notice entitled "Notice of Data Security Event" and that such notice included a phone number for customer inquiries.  The remaining allegations in paragraph 8 set forth legal conclusions, to which no response is required.  To the extent the allegations in the second and third sentences of paragraph 8 merely purport to quote Cal. Civil Code § 1298.82, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 8.

9.      The allegations in paragraph 9 and footnote 7 thereto set forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 9 and footnote 7 thereto merely purport to describe or quote the CCPA, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 9 and footnote 7 thereto.  To the extent that a further response to the allegations in paragraph 9 is required, Zoosk denies the same.

10.      The allegation in paragraph 10 sets forth legal conclusions, to which no response is required.  To the extent the allegation in paragraph 10 merely purports to describe or quote the CCPA, Zoosk states that the statute is the best source of its full content and context and, to the

extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 10.  To the extent that a further response to the allegations in paragraph 10 is required, Zoosk denies the same.

11.     The allegations in paragraph 11 and footnote 8 thereto set forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 11 and footnote 8 thereto merely purport to describe or quote the CCPA, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 11 and footnote 8 thereto.  To the extent that a further response to the allegations in paragraph 11 is required, Zoosk denies the same.

12.     To the extent the allegation in the first sentence of paragraph 12 merely purports to describe the notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in the first sentence of paragraph 12.  To the extent a further response to the allegation in the first sentence of paragraph 12 is required, Zoosk denies the same.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 12 and, therefore, denies the same.

13.     The allegation in paragraph 13 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in paragraph 13 is required, Zoosk denies the same.

14.     The allegation in the first sentence of paragraph 14 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 14 is required, Zoosk denies the same.  To the extent the allegations in the second sentence of paragraph 14 merely purports to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in the second sentence of

paragraph 14.  The allegation in the third sentence of paragraph 14 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in the third sentence of paragraph 14 is required, Zoosk denies the same.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the fourth sentence of paragraph 14 and, therefore, denies the same.

15.     The allegation in paragraph 15 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in paragraph 15 is required, Zoosk denies the same.

16.     To the extent the allegations in paragraph 16 merely purports to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 16.  The allegations in paragraph 16 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 16 is required, Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 16 and, therefore, denies the same.

17.     Zoosk denies the allegation in paragraph 17.

18.     Zoosk admits that Spark is its ultimate parent company.  Zoosk denies the remaining allegations in paragraph 18.

19.     Zoosk denies the allegations in paragraph 19.

20.     The allegations in paragraph 20 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 20 is required, Zoosk denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

21.     The allegations in paragraph 21 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 21 is required, Zoosk denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the

purported classes.

## JURISDICTION AND VENUE

22.     The allegations in paragraph 22 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 22 is required, Zoosk denies that Plaintiffs have any actionable claim and denies any remaining allegations in paragraph 22.

23.     The allegations in the first sentence of paragraph 22 set forth legal conclusions, to which no response is required.  Zoosk admits that it has conducted business in this District, but denies that it maintains its principal place of business in this District.  Zoosk denies that Spark maintains an office in this District.  To the extent that a further response to the allegations in paragraph 22 is required, Zoosk denies the same.

24.     The allegations in paragraph 24 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 24 is required, Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 24 regarding the residences of members of the putative classes and, therefore, denies the same.  Zoosk denies that Plaintiffs have any actionable claim and denies any remaining allegations in paragraph 24.

## INTRADISTRICT ASSIGNMENT

25.     The allegations in paragraph 25 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 25 is required, Zoosk admits that is has conducted business in the counties served by this Division, has marketed and advertised its business in the counties served by this Division, and has collected user information in this District.  Zoosk denies the remaining allegations in paragraph 25.

## PARTIES

26.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, and fifth sentences of paragraph 26 and, therefore, denies the same.  Zoosk denies the allegations in the second and fourth sentences of paragraph 26.

27.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, denies the same.

28.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and, therefore, denies the same.

29.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, third, fourth, and fifth sentences of paragraph 29 and, therefore, denies the same.  Zoosk denies the allegation in the second sentence of paragraph 29.

30.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, denies the same.

31.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies the same.

32.    Zoosk denies that it maintains a headquarters and principal place of business in San Francisco, California.  Zoosk admits the remaining allegations in paragraph 32.

33.    To the extent the allegations in paragraph 33 merely purports to describe data from Sensor Tower, Zoosk states that the data is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 33.

34.    Zook admits the allegation in the first sentence of paragraph 34.  Zoosk denies the remaining allegations in paragraph 34.

35.    Zoosk admits that it was acquired by Spark in 2019 and denies the remaining allegations in paragraph 35.

**FACTUAL BACKGROUND**

36.    Zoosk admits that users are required to provide an email address in order to create a Zoosk account.  Zoosk denies any remaining allegations in paragraph 36.

37.    To the extent the allegations in paragraph 37 merely purports to describe and quote Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and

context, Zoosk denies the allegations in paragraph 37.

38.     To the extent the allegations in paragraph 38 merely purports to describe and quote Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 38.

39.     To the extent the allegations in paragraph 39 merely purports to describe and quote Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 39.

40.     To the extent the allegations in paragraph 40 merely purports to describe and quote Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 40.

41.     The allegation in paragraph 41 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in paragraph 41 is required, Zoosk denies the same.

42.     The allegations in paragraph 42 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 42 is required, Zoosk denies the same.

43.     The allegations in the first and second sentence of paragraph 42 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 42 is required, Zoosk denies the same.  Zoosk denies the allegation in the third sentence of paragraph 43.  To the extent that a further response to the allegations in paragraph 43 is required, Zoosk denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

44.     Zoosk admits that Zoosk was valued at $258 million when it was acquired by Spark. The remaining allegations in paragraph 44 set forth legal conclusions, to which no response is

1  required.  To the extent that a further response to the remaining allegations in paragraph 44 is
2  required, Zoosk denies the same.

3         45.     The allegations in paragraph 45 set forth legal conclusions, to which no response is
4  required.  To the extent that a further response to the allegations in paragraph 45 is required, Zoosk
5  denies the same.

6         46.     The allegation in the first sentence of paragraph 46 sets forth legal conclusions, to
7  which no response is required.  To the extent a further response to the allegation in the first sentence
8  of paragraph 46 is required, Zoosk denies the same.  Zoosk admits that its business operates
9  exclusively online; denies that it has any legal obligation to protect against third-party criminal
10 attacks on any personal data Plaintiffs may have provided to it and states, in the alternative, that to
11 the extent any such obligation exists, Zoosk has the resources and knowledge necessary to meet
12 (and in fact did meet) any such obligation;  and denies the remaining allegations in paragraph 46.

13        47.     Zoosk denies the allegation in paragraph 47.

14        48.     Zoosk admits that it became aware on May 11, 2020 of unlawful access to
15 information provided to Zoosk by certain Zoosk users in connection with becoming or being a
16 Zoosk user.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the
17 truth of the remaining allegations in paragraph 48 and, therefore, denies the same.

18        49.     The allegations in paragraph 49 set forth legal conclusions, to which no response is
19 required.  To the extent a further response to the allegations in paragraph 49 is required, Zoosk
20 denies the same.

21        50.     To the extent the allegation in paragraph 50 merely purports to describe Zoosk's
22 notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states
23 that such notice is the best source of its full content and context and, to the extent such allegations
24 do not accurately represent its full content and context, Zoosk denies the allegations in paragraph
25 50. Zoosk denies that it sent the notice entitled "Notice of Data Security Event" to Plaintiff Collins.
26 Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported
27 classes.

28

51.     The allegations in paragraph 51 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 51 is required, Zoosk denies the same. Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

52.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 52 and, therefore, denies the same.

53.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 53 and, therefore, denies the same.

54.     Zoosk denies the allegation in the first sentence of paragraph 54.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 and, therefore, denies the same.

55.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 55 and, therefore, denies the same.

56.     To the extent the allegations in paragraph 56 merely purport to describe a GAO report, Zoosk states that the report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 56.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 56 and, therefore, denies the same.

57.     The allegations in paragraph 57 sets forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 57 is required, Zoosk denies the same.  Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

58.     Zoosk admits that it has not offered credit monitoring services to any of the Zoosk users to whom Zoosk sent the notice entitled "Notice of Data Security Event."  Zoosk denies the remaining allegations in the first sentence of paragraph 58.  To the extent the allegation in the second sentence of paragraph 58 merely purports to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that the Notice of Data

Security Event is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in the second sentence of paragraph 58.

59.    The allegations in the first and second sentences of paragraph 59 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in the first and second sentences of paragraph 59 is required, Zoosk denies the same. Zoosk denies the allegation in the third sentence of paragraph 59.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of paragraph 59 and, therefore, denies the same.

60.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 60 and, therefore, denies the same.

61.    The allegations in paragraph 61 sets forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 61 is required, Zoosk denies the same.  Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

**CLASS ACTION ALLEGATIONS**

62.    The allegations in paragraph 62 consist of legal conclusions and Plaintiffs' characterization of their claims and terminology to which no response is required.  To the extent that a further response to the allegations in paragraph 62 is required, Zoosk denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Nationwide Class and California Class, and denies that such classes may be certified under Rule 23 of the Federal Rules of Civil Procedure.

63.    The allegations in paragraph 63 consist of Plaintiffs' characterization of their claims and terminology to which no response is required.  To the extent that a further response to the allegations in paragraph 63 is required, Zoosk denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Nationwide Class and California Class, and denies that such classes may be certified under Rule 23 of the Federal Rules of Civil Procedure.

64.     The allegations in paragraph 64 consist a reservation of rights to which no response is required.  To the extent that a further response to the allegations in paragraph 64 is required, Zoosk denies the same.

65.     To the extent the allegation in the second sentence of paragraph 65 merely purports to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in the second sentence of paragraph 65.  The remaining allegations in paragraph 65 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 65 is required, Zoosk denies the same.

66.     The allegations in paragraph 66 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 66 is required, Zoosk denies the same.

67.     The allegations in paragraph 67 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 67 is required, Zoosk denies the same.

68.     The allegations in paragraph 68 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 68 is required, Zoosk denies the same.

69.     The allegations in paragraph 69 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 69 is required, Zoosk denies the same.

70.     The allegations in paragraph 70 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 70 is required, Zoosk denies the same.

71.     The allegations in paragraph 71 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 71 is required, Zoosk

1    denies the same.

2         72.    The allegations in paragraph 72 set forth legal conclusions, to which no response is

3    required.  To the extent that a further response to the allegations in paragraph 72 is required, Zoosk

4    denies the same.

5         73.    The allegations in paragraph 73 set forth legal conclusions, to which no response is

6    required.  To the extent that a further response to the allegations in paragraph 73 is required, Zoosk

7    denies the same.

8         74.    The allegations in paragraph 74 set forth legal conclusions, to which no response is

9    required.  To the extent that a further response to the allegations in paragraph 74 is required, Zoosk

10   denies the same.

11        75.    The allegations in paragraph 75 set forth legal conclusions, to which no response is

12   required.  To the extent that a further response to the allegations in paragraph 75 is required, Zoosk

13   denies the same.

14        76.    The allegations in paragraph 76 set forth legal conclusions, to which no response is

15   required.  To the extent that a further response to the allegations in paragraph 76 is required, Zoosk

16   denies the same.

17                              **FIRST CAUSE OF ACTION**

18                                    **NEGLIGENCE**

19              **(By Plaintiffs and the Classes Against All Defendants)**

20        77.    Zoosk repeats and incorporates by reference each and every response to paragraphs

21   1 to 76 above.

22        78.    The allegations in paragraph 78 set forth a legal conclusion, to which no response is

23   required.  To the extent that a further response to the allegations in paragraph 78 is required, Zoosk

24   denies the same.

25        79.    The allegations in paragraph 79 set forth a legal conclusion, to which no response is

26   required.  To the extent that a further response to the allegations in paragraph 79 is required, Zoosk

27   denies the same.

28                                              ZOOSK'S ANSWER AND AFFIRMATIVE
                                                DEFENSES TO PLAINTIFFS' FIRST
                                                AMENDED CLASS ACTION COMPLAINT
                                                3:20-cv-4929-WHA

80.     The allegations in paragraph 80 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 80 is required, Zoosk denies the same.

81.     The allegations in paragraph 81 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 81 is required, Zoosk denies the same.

82.     The allegations in paragraph 82 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 82 is required, Zoosk denies the same.

83.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 83 and, therefore, denies the same.

84.     The allegations in paragraph 84 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 84 is required, Zoosk denies the same.  To the extent the allegations in paragraph 84 merely purport to describe and quote Section 5 of the FTC Act, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 84.

85.     The allegations in paragraph 85 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 85 is required, Zoosk denies the same.

86.     The allegations in paragraph 86 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 86 is required, Zoosk denies the same.

87.     The allegations in paragraph 87 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 87 is required, Zoosk denies the same.

88.     The allegations in the first and second sentences of paragraph 88 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in the first and second sentences of paragraph 88 is required, Zoosk denies the same. Zoosk admits that the FTC has purported to bring enforcement actions against businesses alleging that data security practices violated Section 5 of the FTC Act and denies the remaining allegations in paragraph 88.

89.     The allegations in paragraph 89 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 89 is required, Zoosk denies the same.

90.     The allegations in paragraph 90 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 90 is required, Zoosk denies the same.

## CAUSE OF ACTION TWO

## DECLARATORY JUDGMENT

### (On Behalf of Plaintiffs and the Nationwide Class)

91.     Zoosk repeats and incorporates by reference each and every response to paragraphs 1 to 90 above.

92.     The allegation in paragraph 92 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 92 is required, Zoosk denies the same.

93.     Zoosk admits that it still possesses whatever information was provided to it by each Plaintiff and by any Zoosk user to whom Zoosk sent its notice entitled "Notice of Data Security Event" in connection with his or her registration as a Zoosk user and use of Zoosk's services.  Zoosk denies any remaining allegations in paragraph 93.

94.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 94 and, therefore, denies the same.

95.     To the extent the allegations in paragraph 95 merely purport to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in the second sentence of paragraph 95.

96.     The allegations in paragraph 96 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 96 is required, Zoosk denies the same.

97.     Zoosk denies the allegations in paragraph 97.

98.     Paragraph 98 consists of Plaintiffs' description of the relief they seek, to which no response is required.  To the extent that a further response to any allegations in paragraph 98 is required, Zoosk denies the allegations and additionally denies that Plaintiffs are entitled to any of the relief described in paragraph 98.

**CAUSE OF ACTION THREE**

**VIOLATION OF THE CALIFORNIA CONSUMER PRIVACY ACT § 1798.150**

**(By Plaintiffs and the members of the California Class Against Defendants)**

99.     On December 15, 2020, Plaintiffs voluntarily withdrew their Cause of Action 3.  *See* Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss (ECF No. 54) at 12.  As a result, Zoosk has no obligation to respond to this paragraph.

100.    On December 15, 2020, Plaintiffs voluntarily withdrew their Cause of Action 3.  *See* Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss (ECF No. 54) at 12.  As a result, Zoosk has no obligation to respond to this paragraph.

101.    On December 15, 2020, Plaintiffs voluntarily withdrew their Cause of Action 3.  *See* Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss (ECF No. 54) at 12.  As a result, Zoosk has no obligation to respond to this paragraph.

102.    On December 15, 2020, Plaintiffs voluntarily withdrew their Cause of Action 3.  *See* Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss (ECF No. 54) at 12.  As a

1    result, Zoosk has no obligation to respond to this paragraph.

2          103.    On December 15, 2020, Plaintiffs voluntarily withdrew their Cause of Action 3.  *See*

3    Plaintiffs' Response in Opposition to Defendants' Motion To Dismiss (ECF No. 54) at 12.  As a

4    result, Zoosk has no obligation to respond to this paragraph.

5                              **CAUSE OF ACTION FOUR**

6              **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

7          **CAL. BUS. & PROF. CODE § 17200 – UNLAWFUL BUSINESS PRACTICES**

8     **(On Behalf of Plaintiffs and the Nationwide Class, Or In The Alternative, On Behalf of the**

9                                    **California Class)**

10          104.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

11   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

12   obligation to respond to this paragraph.

13          105.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

14   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

15   obligation to respond to this paragraph.

16          106.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

17   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

18   obligation to respond to this paragraph.

19          107.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

20   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

21   obligation to respond to this paragraph.

22          108.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

23   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

24   obligation to respond to this paragraph.

25          109.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

26   re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

27   obligation to respond to this paragraph.

28

1    110.    On January 30, 2021, the Court dismissed Plaintiffs' Cause of Action 4.  *See* Order

2    re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  As a result, Zoosk has no

3    obligation to respond to this paragraph.

**PRAYER FOR RELIEF**

5    No response is required to Plaintiffs' Prayer for Relief.  To the extent a response to

6    Plaintiffs' Request for Relief is required, Zoosk denies that Plaintiffs are entitled to the relief they

7    seek.

**AFFIRMATIVE DEFENSES**

**First Defense**

12    Plaintiffs lack standing under Article III of the United States Constitution.

**Second Defense**

14    The damages suffered by Plaintiffs, if any, were caused by the acts of others for whose

15    conduct Zoosk was not responsible, including but potentially not limited to the criminals who

16    perpetrated the cyberattack, and for those actions Zoosk cannot be found liable.

**Third Defense**

18    Plaintiffs' negligence claim is barred because Zoosk's Terms of Use, of which Plaintiffs

19    received notice and to which Plaintiffs assented, contains a limitation of liability provision

20    excluding relief on a negligence claim for any and all of the damages and injuries claimed by

21    Plaintiffs in their negligence claim.

**Fourth Defense**

23    Plaintiffs' negligence claim is barred both by the merger clause in the Terms of Use, of

24    which Plaintiffs received notice and to which Plaintiffs assented, and by the warranty disclaimer in

25    the Terms of Use insofar as the negligence claim is based on any Zoosk representation, warranty,

26    or promise not expressly contained in the Terms of Use.

27    //

28

ZOOSK'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT
3:20-cv-4929-WHA

1

**Fifth Defense**

2   Plaintiffs' negligence claim is barred because Plaintiffs did not suffer any damages or

3   injuries that were caused by an act or omission of Zoosk.

4

**Sixth Defense**

5   Plaintiffs' negligence claim is barred, in whole or in part, by a lack of actual or proximate

6   cause.

7

**Seventh Defense**

8   Plaintiffs' negligence claim is barred because Zoosk does not owe a common-law or

9   statutory duty of care to Plaintiffs to protect against third-party criminal attack any information

10  Plaintiffs may have provided to Zoosk in connection with their becoming or being Zoosk users.

11

**Eighth Defense**

12  Plaintiffs' negligence claim is barred by the economic loss doctrine.

13

**Ninth Defense**

14  Plaintiffs' negligence claim is barred because Plaintiffs' alleged damages, if any, were not

15  reasonably foreseeable.

16

**Tenth Defense**

17  Plaintiffs have suffered no recoverable damages.

18

**Eleventh Defense**

19  To the extent Plaintiffs have suffered any recoverable damages, such damages are limited

20  to $50 per person by the limitation of liability provision in the Terms of Use, of which Plaintiffs

21  received notice and to which Plaintiffs assented.

22

**Twelfth Defense**

23  Plaintiffs' damages claims are barred to the extent they have failed to take steps to mitigate

24  their alleged damages.

25

**Thirteenth Defense**

26  Plaintiffs' damages claims are barred to the extent any steps they may have taken to mitigate

27  their alleged damages were unreasonable.

28

**Fourteenth Defense**

Plaintiffs' damages claims are barred to the extent Plaintiffs were contributorily negligent with respect to any damages they claim to have incurred.

**Fifteenth Defense**

Plaintiffs have suffered no legally cognizable injuries that are actionable in negligence under applicable law.

**Sixteenth Defense**

Plaintiffs' declaratory judgment claim fails because declaratory judgment is a form of relief, not a claim, and thus fails to the extent Plaintiffs' negligence claim fails.

**Seventeenth Defense**

Plaintiffs' declaratory judgment claim fails because Plaintiffs do not face a continued risk of harm.

**Eighteenth Defense**

Plaintiffs' declaratory judgment claim fails because Plaintiffs cannot establish the prerequisites to declaratory judgment relief set forth in Federal Rule of Civil Procedure 57, 28 USC § 2201, and the case law decided under those provisions.

**Nineteenth Defense**

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**Twentieth Defense**

Plaintiffs' claims may not properly be maintained as a class action because by means of the Zoosk Terms of Use, of which Plaintiffs had notice and to which Plaintiffs assented, each Plaintiff agreed that any and all claims brought by him or her against Zoosk must be brought in his or her individual capacity and not as a plaintiff in a class action.  By such agreement each Plaintiff waived any right he or she might otherwise have had to bring this action as a class action.

//

//

ZOOSK'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFFS' FIRST
AMENDED CLASS ACTION COMPLAINT
3:20-cv-4929-WHA

1

**Twenty-First Defense**

2         Plaintiffs' claims are barred for failure to comply with the pre-litigation dispute resolution

3 requirement of the Terms of Use, of which Plaintiffs had notice and to which Plaintiffs assented.

4

**Twenty-Second Defense**

5         Plaintiffs' claims may not properly be tried to a jury because the Terms of Use, of which

6 Plaintiffs had notice and to which Plaintiffs assented, waived trial by jury and because Plaintiff's

7 negligence claim is, in any event, not triable to a jury insofar as Plaintiffs seek only equitable and/or

8 declaratory relief.

9 //

10 //

11

**Reservation of Rights**

12         Zoosk reserve the right to amend this Answer or to assert other defenses as this action

13 proceeds.  In particular, but without limitation, in the event this action is certified as a class action,

14 Zoosk reserves the right to amend this Answer to assert defenses that may be available under the

15 law applicable to the claims of any class member.  Based on all of the foregoing as well as other

16 grounds, Zoosk denies that Plaintiffs are entitled to any relief whatsoever.

17

18

19

20

21

22

23

24

25

26

27

28

1  Dated:        February 16, 2021              Respectfully Submitted,

2                                                _/s/ Douglas H. Meal_____

3                                               Douglas H. Meal (*admitted pro hac vice*)
                                                MA Bar No. 340971
4                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                222 Berkeley St., Suite 2000
5                                               Boston, MA 02116
                                                dmeal@orrick.com
6

7                                               Rebecca Harlow
                                                CA Bar No. 281931
8                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                405 Howard Street
9                                               San Francisco, CA 94105
                                                rharlow@orrick.com
10

11                                              *Attorneys for Defendants*
                                                *Zoosk Inc. and Spark Networks SE*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                ZOOSK'S ANSWER AND AFFIRMATIVE
                                                DEFENSES TO PLAINTIFFS' FIRST
                                                AMENDED CLASS ACTION COMPLAINT
                                                3:20-cv-4929-WHA