UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual, and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals.<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation, and SPARK NETWORKS SE, a German corporation,<br><br>Defendants. | Case No.   3:20-cv-4929-WHA<br><br>STIPULATED PROTECTIVE ORDER |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

    2.1   Acknowledgment: the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

4129-2318-1608.3

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of Disclosure or Discovery Material as "CONFIDENTIAL" under this Order.

2.3 <u>"CONFIDENTIAL" Disclosure or Discovery Material</u>: Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c).

2.4 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Covered Employees</u>: employees of a Party or a Non-Party to whom disclosure of Protected Material is reasonably necessary for purposes of this litigation.

2.6 <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are sought by means of discovery requests, or are produced or generated in disclosures or responses to discovery requests, in this matter.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a Non-Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party or a Non-Party and are advising such Party or Non-Party in regard to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Designating Party</u>: as to any Protected Material, any Party or Non-Party other than the Designating Party with respect to such Protected Material.

2.11 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action, but that produces or receives Disclosure or Discovery Material (including in the case of Non-Parties that are not natural persons all their officers, directors, House Counsel, and Covered Employees).

2.12 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party or a Non-Party but are retained (or are affiliated with a law firm retained) to represent or advise a Party or a Non-Party regarding this action and have appeared in this action on behalf of that Party or Non-Party or are affiliated with a law firm which has appeared in this action on behalf of that Party or Non-Party (and their support staffs).

2.13 <u>Party</u>: any party to this action, including all of its officers, directors, House Counsel, and Covered Employees.

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

For purposes of this Stipulation and Order, the term "Protected Material" (as defined above) shall include not just the Protected Material in question, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not apply to: (a) any Protected Material that is in the public domain at the time of its being designated as "CONFIDENTIAL" or becomes part of the public domain after such designation as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any Non-Designating Party with respect to any Protected Material known to or that comes into possession of such Non-Designating Party independent of its becoming

3

Disclosure or Discovery Material, provided that such Non-Designating Party (i) did not obtain such knowledge or possession by means of a violation of this Order or some other unlawful action and (ii) is under no independent obligation of confidentiality to the Designating Party with respect to such Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect as to any Protected Material until the Designating Party as to such Protected Material agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING DISCLOSURE OR DISCOVERY MATERIAL AS "CONFIDENTIAL"

5.1     Exercise of Restraint and Care in Designating Material for Protection. Any Designating Party must take care to designate as "CONFIDENTIAL" only Disclosure or Discovery Material that qualifies for such designation under Section 2.3 above. A Designating Party must designate as "CONFIDENTIAL" only those parts of Disclosure or Discovery Material that qualify for such designation under Section 2.3, so that other portions of the Disclosure or Discovery Material in question are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited to the extent the Disclosure or Discovery Material covered by such designations does not qualify for designation as "CONFIDENTIAL" under Section 2.3. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for

4

4129-2318-1608.3

1  protection do not qualify for protection, that Designating Party must promptly notify all other Parties
2  that it is withdrawing the mistaken designation.

3         5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as
4  otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies as
5  "CONFIDENTIAL" under this Order must be clearly so designated in conformity with this Order in
6  order to become Protected Material.

7        Designation in conformity with this Order requires:

8       (a)  for Disclosure or Discovery Material in documentary form (e.g., paper or electronic
9  documents, but excluding transcripts of and exhibits to depositions or other pretrial or trial
10 proceedings) to be designated as "CONFIDENTIAL":

11         (i) If the Designating Party is the Producing Party, before producing the document
12 in question the Producing Party must affix the legend "CONFIDENTIAL" to each page that
13 qualifies as "CONFIDENTIAL."  If only a portion or portions of the material on a page of the
14 document in question qualifies as "CONFIDENTIAL," the Producing Party also must clearly
15 identify the portion(s) that so qualify (e.g., by making appropriate markings in the margins). A
16 Producing Party that makes Disclosure or Discovery Material in documentary form available
17 for inspection need not designate any such documents as "CONFIDENTIAL" to the extent
18 they so qualify until after the inspecting Party has indicated which of the documents in question
19 it would like copied and produced. During the inspection and before the designation, all of the
20 documents made available for inspection shall be deemed Protected Material. After the
21 inspecting Party has identified which of the documents in question it wants copied and
22 produced, the Producing Party must determine which of those documents, or portions thereof,
23 qualify as "CONFIDENTIAL" under this Order. Then, before producing the specified
24 documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that
25 so qualifies. If only a portion or portions of the material on a page of a document to be produced
26 so qualifies, the Producing Party also must clearly identify the portion(s) that so qualify (e.g.,
27 by making appropriate markings in the margins).

28

4129-2318-1608.3

(ii) if the Designating Party is a Receiving Party, the Designating Party shall, within fourteen (14) days of its receipt of the Disclosure or Discovery Material in question, request in writing that the Producing Party legend such Disclosure or Discovery Material as "CONFIDENTIAL" in the manner provided in clause (i) of this Section 5.2(a) and thereafter the Producing Party shall so legend such material and re-produce such material as so legended.

(b) for Disclosure or Discovery material in the form of transcripts of and exhibits to depositions or other pretrial or trial proceedings to be designated as "CONFIDENTIAL," the Designating Party shall, either (A) on the record at the time of the proceeding or (B) within fourteen (14) days after its receipt from the court reporter of the final transcript of the proceeding, request in writing to all Non-Designating Parties and to the court reporter that the Disclosure or Discovery Material in question be designated as "CONFIDENTIAL."  In making any such request, the Designating Party shall state what portions of the transcript and which exhibits the Designating Party designates as "CONFIDENTIAL."  During the transcription of, and the fourteen (14) day period following the delivery of, the final transcript by the court reporter, the transcript and exhibits must be treated as Protected Material.  Each Non-Designating Party and the court reporter must attach a copy of any timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated as Protected Material in accordance with this Order.  If no such designation is made at the proceeding or within the fourteen (14) day period following delivery of the final transcript, then the entire transcript will be considered devoid of "CONFIDENTIAL" Disclosure or Discovery Material.

(c) for any other Disclosure or Discovery Material to be designated as "CONFIDENTIAL," (i) if the Designating Party is the Producing Party, the Designating Party shall, before producing the Disclosure or Discovery Material in question, affix in a prominent place on the Disclosure or Discovery Material in question or on the exterior of the container or containers in which the Disclosure or Discovery Material in question is stored the legend "CONFIDENTIAL." If only a portion or portions of Disclosure or Discovery Material in question warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s); and (ii) if the Designating Party

4129-2318-1608.3

is a Receiving Party, the Designating Party shall, with fourteen (14) days of its receipt of the Disclosure or Discovery Material in question, request in writing that the Producing Party legend the Disclosure or Discovery Material in question as "CONFIDENTIAL" in the manner provided in clause (i) of this Section 5.2(c) and thereafter the Producing Party shall so legend such material and re-produce such material as so legended.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate as "CONFIDENTIAL" Disclosure or Discovery Material that qualifies as such under Section 2.3 above does not, standing alone, waive the Designating Party's right to so designate such material. Upon timely correction of any such failure, each Non-Designating Party in possession of the Disclosure or Discovery Material in question must make reasonable efforts to assure that such material is treated as Protected Material in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Non-Designating Party (a "Challenging Party") may challenge the propriety of a designation of Disclosure or Discovery Material as "CONFIDENTIAL" at any time (a "Challenge"). Unless a prompt challenge to such a designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Challenging Party does not waive its right to make a Challenge by electing not to mount the Challenge promptly after the designation in question was made.

6.2     Meet and Confer.  The Challenging Party shall initiate the Challenge by providing written notice to the Designating Party of the designation it is challenging and describing the basis for the Challenge. To avoid ambiguity as to whether a Challenge has been made, the written notice must recite that the Challenge is being made in accordance with this specific paragraph of this Order. The Challenging Party and the Designating Party (the "Challenge Parties") shall attempt to resolve the Challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice of the Challenge. In conferring, the Challenging Party must explain the basis for its belief that the designation in question was not proper and must give the Designating Party an opportunity to review the material

in question, to reconsider such designation, and, if no change in such designation is offered, to explain the basis for such designation. A Challenging Party may proceed to the next stage of the Challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3     <u>Judicial Intervention</u>. If the Challenge Parties cannot resolve a Challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portion thereof. Any such motion must be accompanied by a competent declaration affirming that the Challenging Party has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such Challenge proceeding shall be on the Designating Party to establish that the Protected Material that is the subject of the Challenge qualifies as "CONFIDENTIAL" under Section 2.3 above. Frivolous Challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The Protected Material that is the subject of the Challenge shall continue to be afforded the protections to which Protected Material is entitled under this Order until the Court rules on the Challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1     <u>Basic Principles</u>. A Non-Designating Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed by a Non-Designating Party only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, any Non-Designating Party must comply with the provisions of section 13 below (FINAL DISPOSITION) as to any Protected Material in its possession.

Any Non-Designating Party in possession of Protected Material must store and maintain such Protected Material at a location and in a secure manner that ensures that access to such Protected Material is limited to the persons authorized under this Order.

8

4129-2318-1608.3

1    To the extent Outside Counsel of Record for a Non-Designating Party receives Protected Information from or on behalf of such Non-Designating Party, such Outside Counsel of Record shall have the same obligations under this Order as such Non-Designating Party has with respect to such Protected Information. To the extent a person who has signed the Acknowledgment receives Protected Material, such person shall have the same obligations under this Order as a Non-Designating Party would have with respect to such Protected Information, unless otherwise ordered by the court or permitted in writing by the Designating Party.

7.2    <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Non-Designating Party may disclose Protected Material only to:

(a) the Non-Designating Party's Outside Counsel of Record in this action;

(b) officers, directors, and employees of the Non-Designating Party who fall within the definition of such Non-Designating Party;

(c) Experts (as defined in this Order) of the Non-Designating Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who either fall within the definition of a Party or a Non-Party or have signed the Acknowledgment, unless otherwise agreed in writing by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be so marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient or custodian of a document containing the Protected Material in question or other person who independently possessed or knew such material;

9

4129-2318-1608.3

(h) Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Disclosure or Discovery Material who have previously executed the Acknowledgment;

(i) The Parties' insurers and insurers' counsel participating in matters related to this litigation and their supporting personnel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services who have previously executed the Acknowledgment; and

(j) Any mediator or arbitrator engaged by the Parties to this litigation who has previously executed the Acknowledgment.

8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Non-Designating Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material in its possession, that Non-Designating Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Non-Designating Party served with the subpoena or court order shall not produce any of the Protected Material in question before a determination by the court from which the subpoena or order issued, unless such Non-Designating Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of the Protected Material in question – and nothing in this Order should be construed as authorizing or encouraging a Non-Designating Party to disobey a lawful directive from another court.

4129-2318-1608.3

9. <u>NON-PARTIES AND NON-PARTY PROTECTED MATERIAL; THIRD-PARTY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to any Non-Party and to any Protected Material produced or received by a Non-Party. Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party (the "Requested Party") receives a valid discovery request served in this action by another Party (the "Requesting Party") that requires the Requested Party to produce information or other material in its possession ("Requested Material") as to which the Requested Party is subject to a non-disclosure agreement with some other person or entity (a "Third Party"), then the Requested Party shall:

(1)  promptly notify in writing the Requesting Party and the Third Party that some or all of the Requested Material in question is subject to a non-disclosure agreement with the Third Party;

(2)  promptly provide the Third Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the Requested Material that is subject to the non-disclosure agreement in question; and

(3)  make such Requested Material available for inspection by the Third Party.

(c)  If the Third Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Requested Party may produce the Requested Material in question. If the Third Party timely seeks a protective order, the Requested Party shall not produce any of the Requested Material in question before a determination by the court. Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this court of the Requested Material in question.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Non-Designating Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Non-Designating Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) This Order is without prejudice to any person's right to assert that any Disclosure or Discovery Material such person is requested to produce in the Action is subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product protection, or is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's right to contest such a claim of privilege or protection.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Order.

12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party or Non-Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Party or Non-Party that made the request may file the Protected

Material in question in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material in its possession to the relevant Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether such Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the relevant Producing Party (and, if not the same person or entity, to the relevant Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material applicable to such Producing Party or Designating Party that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of such Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 3/15/2021  _____
                    Attorneys for Plaintiffs

DATED: 3/15/2021  _____Douglas Meal_____
                    Attorneys for Defendants

13

4129-2318-1608.3

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____   _____
                                     United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Flores-Mendez, et al. v. Zoosk, Inc., et al.*, No. 3:20-cv-4929-WHA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

15

4129-2318-1608.3