1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq.  (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com
         lking@bradleygrombacher.com

Attorneys for Plaintiff

(Additional counsel listed on following page)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>               Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>               Defendants. | **CASE NO: 4:20-cv-04929-SBA**<br>**[Assigned to Hon. William H. Alsup, CR 12]**<br><br>**STIPULATION PURSUANT**<br>**TO FEDERAL RULE OF EVIDENCE 502(d)**<br><br>Complaint filed July 22, 2020 |

1

1

2   **BRADLEY/GROMBACHER, LLP**
    Robert N. Fisher (SBN 302919)
3   477 Madison Avenue, Suite 6000
    New York, NY 10022
4   Telephone: (805) 270-7100
    E-Mail: rfisher@bradleygrombacher.com
5

6

7   **CROSNER LEGAL P.C.**
    Zachary M. Crosner (SBN 272295)
8   Michael R. Crosner (SBN 41299)
    433 N. Camden Dr., Suite 400
9   Beverly Hills, CA 90210
    Telephone: (310) 496-4818
10  Facsimile:  (310) 510-6429
    Email: zach@crosnerlegal.com
11         mike@crosnerlegal.com

12

13  **FOR THE PEOPLE**
    *(Admitted Pro hac Vice)*
14  John A. Yanchunis (FL Bar No. 234681)
    Ryan McGee (FL Bar No. 64957)
15  201 N Franklin St., 7th Floor
    Tampa, FL 33602
16  Telephone: (813) 223-5505
    Email:  jyanchunis@forthepeople.com
17         rmcgee@forthepeople.com

18

19

20

21

22

23

24

25

26

27

28
                                2
    ─────────────────────────────────────────
    STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE § 502(d)
                            CASE NO: 4:20-cv-04929-SBA

The Plaintiffs and Defendants to this litigation, by and through their respective counsel, have jointly stipulated to the terms of the Rule 502(d) Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**A. Applicability**

1.      This Order shall be applicable to any privileged or otherwise protected or exempted communication or information disclosed in connection with this proceeding (whether contained in deposition transcripts and/or videotapes, testimony adduced at trial or during any hearing, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, oral or written statements of counsel for or other representatives of a party to or third-party participant in this proceeding, or any other medium) (collectively "Disclosed Privileged Information").

**B. Production of Discovery Materials Containing Potentially Privileged Information**

2.      Pursuant to Federal Rule of Evidence 502(d), the disclosure of Disclosed Privileged Information shall not be deemed a waiver or impairment of any claim of privilege or protection (including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, and any other privileges and protections) as to such Disclosed Privileged Information, any other communication or information, or the subject matter thereof, either in this case or in any other federal or state proceeding.

3.      With respect to Disclosed Privileged Information contained in documents produced in response to requests for production of documents, Paragraph 2 of this Order shall apply only to those of such documents that

(i)      Were produced fewer than 30 days prior to receipt of a Clawback Notice as to such document(s) by the receiving party; or

(ii)      Total less than 50 or 5% (whichever is greater) of the total number of documents produced in the production that included the document(s) covered by the Clawback Notice, regardless of when such production was made.

For any Disclosed Privileged Information contained in documents produced in response to requests for production of documents that, by reason of Paragraph 3 of this Order, are not covered by Paragraph 2 of this Order, the determination as to whether disclosure of such Disclosed  Privileged Information operated as a waiver of any claim of privilege or protection as to such Disclosed Privileged Information or any other information or communication shall be governed by Federal Rule of Evidence 502(b) and any other applicable law.

4.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

5.      The producing party must notify the receiving party promptly, in writing, upon discovery that a document has been produced in response to a request for production of documents that the producing party believes to contain Disclosed Privileged Information. This "Clawback Notice" shall include (i) the bates range of the document(s) in question, (ii) a privilege log listing the document(s) in question, and (iii) a new copy of the document(s) in question (utilizing the same bates number as the original material) with the Disclosed Privileged Information redacted (if the producing party claims that only a portion of the document(s) in question contains Disclosed Privileged Information). If the producing party claims that the entirety of the document(s) contains or consists of Disclosed Privileged Information, then the producing party shall provide a slip sheet bearing the bates range of the document(s) in question, noting that the document(s) are subject to a Clawback Notice.

6.      Upon receipt of a Clawback Notice, the document(s) covered thereby, and all copies thereof, shall be sequestered and the receiving party shall not use such document(s) for any purpose, except as provided in paragraphs 7 and 8, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and sequester all copies of such document(s) in electronic format.

7.      The receiving party may challenge the producing party's assertion by means of a Clawback Notice of privilege or other protection as to Disclosed Privileged Information. In order

4

to do so, within seven (7) business days from receipt of the Clawback Notice in question, the receiving party shall give the producing party a written "Notice of Clawback Challenge" providing the reason for said challenge. The producing party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the challenged claim of privilege or other protection; or (ii) stating the reasons for such claim. If the producing party's response to the Notice of Clawback Challenge does not resolve the challenge, the parties shall meet and confer within five (5) business days of the response. If the conference does not resolve the challenge, within five (5) business days of the conference, the parties shall submit the challenge to the Court or an assigned Magistrate Judge for resolution. The producing party retains the burden of establishing the applicability of the claimed privilege or other protection as to any Disclosed Privileged Information, and the receiving party must not assert as a ground for upholding the challenge the fact or circumstances of the disclosure of the Disclosed Privileged Information in question. If the receiving party does not serve a Notice of Clawback Challenge as provided above with respect to a document covered by a Clawback Notice, then, upon expiration of the seven (7) business day period, all copies of the document in question shall be returned or destroyed.

8.      Nothing in this Order prevents a receiving party from submitting a document covered by a Clawback Notice to the Court for review or using such a document in briefing submitted to the Court in connection with any submission of a challenge to a Clawback Notice to the Court for resolution in accordance with Paragraph 7. Prior to submitting the document(s) in question to the Court for review and/or using the content of such document(s) in briefing submitted to the Court pursuant to the preceding sentence, the receiving party must (1) provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the challenge in question is valid and (2) obtain an order from the Court authorizing the submission of the document(s) in question to the Court and/or use of the document(s) in question in briefing submitted to the Court either in camera, under seal, or in some other manner that protects the confidentiality of such document(s). If any Disclosed Privileged Information is

found to be privileged or protected in accordance with the procedures described herein, all copies of the document(s) containing such information shall be returned or destroyed.

9.      Any portions of analyses, memoranda or notes that were internally generated by the receiving party and contain or were based upon the document(s) listed in a Clawback Notice shall immediately be sequestered by the receiving party and shall be destroyed in the event that (a) the receiving party does not challenge the Clawback Notice as to such document(s) pursuant to paragraph 7 above, or (b) the Court rules that the Disclosed Privileged Information in question is privileged or otherwise protected. Such portions of analyses, memoranda or notes may only be removed from sequestration and returned to their intended purpose in the event that (a) the producing party agrees in writing to accept the challenge in question, or (b) the Court rules that the Disclosed Privileged Information in question is not privileged or otherwise protected.

**C.  Quick Peek Provision**

10.     In the event that a producing party notifies a receiving party that it intends to produce documents in response to a request for production of documents without having reviewed such documents for privilege or work-product protection ("Quick Peek Production"), the parties may negotiate separate parameters for such productions and the privilege protections applicable to documents included in such productions.  The provisions of Paragraph 3 of this Order will not apply to Quick Peek Productions provided that the producing party has a reasonable basis for utilizing a Quick Peek Production as to the production in question.

**D.  Prohibition on Use of Disclosed Privileged Information**

11.     To the extent a party is aware (or it becomes reasonably apparent to such party) that it has received Disclosed Privileged Information, such information may not be submitted to the Court (except in connection with a challenge to a Clawback Notice pursuant to Paragraph 7) or presented for admission into evidence or sought in discovery in this proceeding or in any other proceeding or action, and such party must immediately notify the producing party of its receipt of such Disclosed Privileged Information and return, sequester, or destroy such information.

6

STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE § 502(d)
CASE NO: 4:20-cv-04929-SBA

**E. Clawback of Documents Used in Court Filings or Hearings**

12.     If a receiving party uses in a brief or at a hearing a document produced in response to a request for production of documents that the producing party believes contains Disclosed Privileged Information, and the producing party has not yet served a Clawback Notice in regard to such document, then, notwithstanding any otherwise applicable deadline for doing so in Paragraph 3 or Paragraph 5 hereof, if the producing party wishes to seek the protection of Paragraph 2 hereof as to such document or otherwise make a claim of privilege or other protection as to such document, the producing party shall serve a Clawback Notice as to such document within ten (10) business days of the filing of the brief or its receipt of the transcript of the hearing in question, and thereafter the procedures set forth in paragraphs 6 through 9 shall apply to such Clawback Notice. With respect to any such document that is not made the subject of a Clawback Notice as provided in the preceding sentence, the asserted privilege or protection will be deemed as waived absent extraordinary circumstances.

**F. Use of Documents During Deposition**

13.     If, during a deposition, a receiving party uses in the deposition (e.g., marks as an exhibit, shows to the witness, or makes the subject of examination) a document produced in response to a request for production of documents that the producing party believes contains Disclosed Privileged Information, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the court. If the producing party has not yet served a Clawback Notice in regard to such document, then, notwithstanding any otherwise applicable deadline for doing so in Paragraph 3 or Paragraph 5 hereof, and regardless of which course of action the producing party elected to follow in regard to such document pursuant to the first sentence of this Paragraph 13, if the producing party wishes to

1  seek the protection of Paragraph 2 hereof as to such document or otherwise make a claim of

2  privilege or other protection as to such document, the producing party shall serve a Clawback

3  Notice as to such document within ten (10) business days of its receipt of the transcript of the

4  deposition, and thereafter the procedures set forth in paragraphs 6 through 9 shall apply to such

5  Clawback Notice. With respect to any document that is not made the subject of a Clawback

6  Notice as provided in the preceding sentence, the asserted privilege or protection will be deemed

7  as waived absent extraordinary circumstances.

8      **G.  Voluntary Waiver Not Precluded**

9          14.      This Order does not preclude a party from voluntarily waiving any claims of

10  privilege or protection in circumstances where this Order, the provisions of Fed. R. Evid. 502,

11  and otherwise applicable law do not operate to prevent disclosure of Disclosed Privileged

12  Information from operating a waiver of such privilege or protection.

13

14  **IT IS SO STIPULATED, through Counsel of Record.**

15

16  Dated: March  12, 2021                    **BRADLEY/GROMBACHER, LLP**

17

18                                           BY: _____
                                                  KILEY L. GROMBACHER
19                                                ATTORNEYS FOR PLAINTIFFS
                                                  JUAN FLORES-MENDEZ AND AMBER
20                                                COLLINS

21

22  Dated: March 15 , 2021                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**

23

24                                           By: _____
                                                  DOUGLAS H. MEAL
25                                                Attorneys for Defendants
                                                  Zoosk, Inc. and Spark Networks SE
26

27

28                                           8

STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE § 502(d)
CASE NO: 4:20-cv-04929-SBA