**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (SBN 302919)
477 Madison Avenue, Suite 6000
New York, NY 10022
Telephone: (805) 270-7100
E-Mail: rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>    Defendants. | Case No. 3:20-cv-04929-WHA<br><br>**STIPULATION AND PROPOSED ORDER STAYING CASE FOR 90 DAYS DUE TO COVID-19 RELATED JURISDICTIONAL DISCOVERY DELAYS** |

**Additional Counsel for Plaintiffs and the Putative Class:**

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email: zach@crosnerlegal.com
         mike@crosnerlegal.com

**FOR THE PEOPLE**
(*Admitted Pro hac Vice*)
John A. Yanchunis (FL Bar No. 234681)
Ryan McGee (FL Bar No. 64957)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
         rmcgee@forthepeople.com

- 2 -  STIPULATION AND PROPOSED ORDER
3:20-CV-04929-WHA

WHEREAS on January 30, 2021, the Court held in abeyance Defendant Spark Networks SE's ("Spark") motion to dismiss for lack of personal jurisdiction pending jurisdictional discovery and ordered that Plaintiffs may take up to three depositions of seven hours each (ECF No. 61);

WHEREAS, the Court set a deadline of April 1, 2021 for supplemental briefing by Plaintiffs regarding jurisdiction over Spark (ECF No. 61);

WHEREAS, on February 17, 2021, Plaintiffs noticed the depositions of Gitte Bendzulla, Benjamin Hoskins, and Grant Kessler (the "Witnesses") for March 24, 25, and 26, 2021, respectively;

WHEREAS, the Witnesses were identified by Spark as having discoverable information in its Amended Initial Disclosures dated February 5, 2021;

WHEREAS, the deposition notices state that the depositions are to occur at the law office of Bradley/Grombacher LLP, 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361;

WHEREAS, when Plaintiffs served these deposition notices they stated that they "expect[ed] to meet and confer regarding the location and mechanism of the deposition, e.g. by Zoom or other videoconference medium[,]" although Plaintiffs maintain that the noticed location was proper and that the Court has the authority to order the Witnesses to appear in Los Angeles, while Spark disputes the propriety of the Witnesses' being noticed or ordered to appear in Los Angeles for deposition;

WHEREAS, the Witnesses are all residents of Germany and all of the individuals identified by Spark in its Amended Initial Disclosures as having discoverable information are residents of Germany.

WHEREAS, due to travel restrictions and the increased health risk associated with travel during the COVID-19 pandemic, it would be either impossible or unduly burdensome for the Witnesses to travel outside Germany or for counsel for the parties to travel to Germany for purposes of depositions of the Witnesses being taken;

WHEREAS, the parties conferred and Spark agreed to make the Witnesses available for remote deposition in Germany via Zoom on the noticed dates;

WHEREAS, on March 16, 2021, counsel for Spark advised Plaintiffs that it had learned

- 3 -     STIPULATION AND PROPOSED ORDER
3:20-cv-04929-WHA

1   German law prohibits the taking of depositions in Germany for purposes of a US litigation except
2   at the U.S. Consulate General in Frankfurt, Germany, under threat of criminal penalties against the
3   participants in unauthorized depositions. *See, e.g.*, *MACOM Tech. Sols. Holdings, Inc. v. Infineon*
4   *Techs. AG*, No. CV162859CASPLAX, 2017 WL 2999036, at *3–4 (C.D. Cal. May 25, 2017) ("the
5   United States State Department has indicated that taking a deposition in Germany without the prior
6   approval of the German Ministry of Justice and/or without the involvement of the United States
7   Mission may lead to criminal penalties against the participants");
8       WHEREAS, the U.S. Consulate General in Frankfurt, Germany is not currently permitting
9   parties to conduct or schedule depositions in Germany;
10      WHEREAS, under Fed. R. Civ. P 30(b)(4) a deposition taken by remote means is deemed
11  to take place where the deponent answers the questions;
12      WHEREAS, Plaintiffs and Spark therefore cannot both comply with German law and
13  complete the depositions noticed by Plaintiffs pursuant to the Court's January 30 Order prior to the
14  April 1 supplemental briefing deadline set forth in that Order;
15      WHEREAS, the parties have accordingly concluded that given the current circumstances it
16  is not possible for the Witnesses to give deposition testimony prior to April 1, 2021;
17      WHEREAS, the parties have worked and will continue to work cooperatively in a good
18  faith effort to agree upon either (a) a mechanism for taking depositions of the Witnesses in
19  Germany in a manner that is safe, not unduly burdensome to the parties or the Witnesses, and not
20  in violation of German law or (b) a workaround solution whereby Plaintiffs could obtain sworn
21  testimony from the Witnesses by some means that is safe and not unduly burdensome to the
22  parties or the Witnesses, other than by taking depositions of the Witnesses in Germany or (c)
23  some other workaround solution whereby Plaintiffs could obtain equivalent discovery by some
24  means, other than by taking depositions of the Witnesses, that is safe and not unduly burdensome
25  to the parties or the Witnesses;
26      WHEREAS, by agreeing to work cooperatively in the manner described above, no party is
27  thereby agreeing that any of the approaches specified above is or will be an appropriate approach
28  for addressing the current inability of the Witnesses to give deposition testimony, and all parties

1 reserve their rights to object to any of the approaches specified above and any other approach
2 should an agreement of the sort contemplated above not be reached by the parties and should the
3 Court need to resolve the matter of how to address the current inability of the Witnesses to give
4 deposition testimony;

5       WHEREAS, the European Union has recently proposed loosening travel restrictions in the
6 near future (https://www.npr.org/2021/03/17/978188017/eu-officials-propose-digital-travel-
7 certificates-vaccination-not-required);

8       WHEREAS, the parties believe that a stay of 90 days will likely allow the parties to reach
9 an agreement whereby depositions of the Witnesses can be taken in Germany or a workaround
10 solution can be implemented during the period of the stay;

11       WHEREAS, the parties agree to a commensurate 90-day extension of all other case
12 deadlines;

13       WHEREAS, Plaintiffs have agreed, subject to the Court's approval of this Stipulation, to
14 postpone the depositions of the Witnesses *sine die*, subject to the parties further conferring during
15 the course of the stay as described above, and without prejudice to any right Spark or the Witnesses
16 might have to object to such depositions as noticed by Plaintiffs; and

17       WHEREAS, this is the parties' first request for any such extensions;

18       THE PARTIES THEREFORE STIPULATE AS FOLLOWS:

19       1. Subject to further Order of the Court, the case is stayed for 90 days as to all matters
20 except the jurisdictional discovery permitted by the Court in its January 30, 2021 Order.

21       2. Subject to further Order of the Court, all case deadlines are extended by 90 days (or
22 to the next soonest date on which such event can be held) as follows:

|  | Current Deadline | New Deadline |
| --- | --- | --- |
| Plaintiffs' Supplemental Brief on Personal Jurisdiction | April 1, 2021 at noon | June 30, 2021 at noon |
| Defendants' Response Brief | April 8, 2021 at noon | July 7, 2021 at noon |
| Leave to Add New Parties or to Amend Pleadings | April 29, 2021 | July 28, 2021 |

| | | |
|---|---|---|
| Motion for Class Certification | September 9, 2021 | December 8, 2021 |
| Non-Expert Discovery Cut-Off | March 4, 2022 | June 2, 2022 |
| Opening Expert Reports | March 4, 2022 | June 2, 2022 |
| Opposition Expert Reports | March 18, 2022 | June 16, 2022 |
| Reply Expert Reports | March 25, 2022 | June 23, 2022 |
| Expert Discovery Cut-Off | April 8, 2022 | July 7, 2022 |
| Dispositive Motion Deadline | April 7, 2022 | July 6, 2022 |
| Final Pre-Trial Conference | June 8, 2022 | September 7, 2022 (91 days) |
| Jury Trial Commences | June 13, 2022 | September 12, 2022 (91 days) |

Dated: March 21, 2021

DOUGLAS H. MEAL
Orrick, Herrington & Sutcliffe LLP

By: /s/ Douglas H. Meal
DOUGLAS H. MEAL
Attorneys for Defendants
ZOOSK INC. and SPARK NETWORKS SE

Dated: March 21, 2021

KILEY L. GROMBACHER
Bradley/Grombacher LLP

By: /s/ Kiley L. Grombacher
KILEY L. GROMBACHER
Attorneys for Plaintiffs
and the Putative Class

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:

By: _____
UNITED STATES DISTRICT JUDGE