**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq.  (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com
         lking@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (SBN 302919)
477 Madison Avenue, Suite 6000
New York, NY 10022
Telephone: (805) 270-7100
E-Mail: rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>                    Plaintiffs,<br>v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>                    Defendants. | Case No. 3:20-cv-04929-WHA<br><br>**DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF STIPULATION AND PROPOSED ORDER STAYING CASE FOR 90 DAYS DUE TO COVID-19 RELATED JURISDICTIONAL DISCOVERY DELAYS** |

**Additional Counsel for Plaintiffs and the Putative Class:**

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email: zach@crosnerlegal.com
   mike@crosnerlegal.com

**FOR THE PEOPLE**
(*Admitted Pro hac Vice*)
John A. Yanchunis (FL Bar No. 234681)
Ryan McGee (FL Bar No. 64957)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
      rmcgee@forthepeople.com

I, Kiley L. Grombacher, declare:

1. I am an attorney licensed to practice before all courts of the State of California. I am a member in good standing of the State Bar of California and admitted to practice before this Court. I am counsel for Plaintiffs Juan Flores-Mendez and Amber Collins ("Plaintiffs") in this proposed class action.

2. This Declaration is filed in support of the parties' Stipulation and Proposed Order Staying Case for 90 Days Due to COVID-19 Related Jurisdictional Discovery Delays.

3. On January 30, 2021, the Court held in abeyance Defendant Spark Networks SE's ("Spark") motion to dismiss for lack of personal jurisdiction pending jurisdictional discovery and ordered that Plaintiffs may take up to three depositions of seven hours each (ECF No. 61).

4. The Court set a deadline of April 1, 2021 for supplemental briefing by Plaintiffs regarding jurisdiction over Spark (ECF No. 61).

5. On February 17, 2021, Plaintiffs noticed the depositions of Gitte Bendzulla, Benjamin Hoskins, and Grant Kessler (the "Witnesses") for March 24, 25, and 26, 2021, respectively.

6. The Witnesses were identified by Spark as having discoverable information in its Amended Initial Disclosures dated February 5, 2021.

7. The deposition notices state that the depositions are to occur at the law office of Bradley/Grombacher LLP, 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361.

8. When Plaintiffs served these deposition notices they stated that they "expect[ed] to meet and confer regarding the location and mechanism of the deposition, e.g. by Zoom or other videoconference medium[,]" although Plaintiffs maintain that the noticed location was proper and that the Court has the authority to order the Witnesses to appear in Los Angeles, while Spark disputes the propriety of the Witnesses' being noticed or ordered to appear in Los Angeles for deposition.

9. The Witnesses are all residents of Germany and all of the individuals identified by Spark in its Amended Initial Disclosures as having discoverable information are residents of Germany.

10. Due to travel restrictions and the increased health risk associated with travel during the COVID-19 pandemic, it would be either impossible or unduly burdensome for the Witnesses to travel outside Germany or for counsel for the parties to travel to Germany for purposes of depositions of the Witnesses being taken.

11. The parties conferred and Spark agreed to make the Witnesses available for remote deposition in Germany via Zoom on the noticed dates.

12. On March 16, 2021, counsel for Spark advised Plaintiffs that it had learned German law prohibits the taking of depositions in Germany for purposes of a US litigation except at the U.S. Consulate General in Frankfurt, Germany, under threat of criminal penalties against the participants in unauthorized depositions. *See, e.g.*, MACOM Tech. Sols. Holdings, Inc. v. Infineon Techs. AG, No. CV162859CASPLAX, 2017 WL 2999036, at *3–4 (C.D. Cal. May 25, 2017) ("the United States State Department has indicated that taking a deposition in Germany without the prior approval of the German Ministry of Justice and/or without the involvement of the United States Mission may lead to criminal penalties against the participants").

13. The U.S. Consulate General in Frankfurt, Germany is not currently permitting parties to conduct or schedule depositions in Germany.

14. Under Fed. R. Civ. P 30(b)(4) a deposition taken by remote means is deemed to take place where the deponent answers the questions.

15. Plaintiffs and Spark therefore cannot both comply with German law and complete the depositions noticed by Plaintiffs pursuant to the Court's January 30 Order prior to the April 1 supplemental briefing deadline set forth in that Order.

16. The parties have accordingly concluded that given the current circumstances it is not possible for the Witnesses to give deposition testimony prior to April 1, 2021.

17. The parties have worked and will continue to work cooperatively in a good faith effort to agree upon either (a) a mechanism for taking depositions of the Witnesses in Germany in a manner that is safe, not unduly burdensome to the parties or the Witnesses, and not in violation of German law or (b) a workaround solution whereby Plaintiffs could obtain sworn

testimony from the Witnesses by some means that is safe and not unduly burdensome to the parties or the Witnesses, other than by taking depositions of the Witnesses in Germany or (c) some other workaround solution whereby Plaintiffs could obtain equivalent discovery by some means, other than by taking depositions of the Witnesses, that is safe and not unduly burdensome to the parties or the Witnesses.

18.     By agreeing to work cooperatively in the manner described above, no party is thereby agreeing that any of the approaches specified above is or will be an appropriate approach for addressing the current inability of the Witnesses to give deposition testimony, and all parties reserve their rights to object to any of the approaches specified above and any other approach should an agreement of the sort contemplated above not be reached by the parties and should the Court need to resolve the matter of how to address the current inability of the Witnesses to give deposition testimony.

19.     The European Union has recently proposed loosening travel restrictions in the near future. (https://www.npr.org/2021/03/17/978188017/eu-officials-propose-digital-travel-certificates-vaccination-not-required)

20.     The parties believe that a stay of 90 days will likely allow the parties to reach an agreement whereby depositions of the Witnesses can be taken in Germany or a workaround solution can be implemented during the period of the stay.

21.     The parties agree to a commensurate 90-day extension of all other case deadlines.

22.     Plaintiffs have agreed, subject to the Court's approval of the accompanying Stipulation, to postpone the depositions of the Witnesses *sine die*, subject to the parties further conferring during the course of the stay as described above, and without prejudice to any right Spark or the Witnesses might have to object to such depositions as noticed by Plaintiffs.

23.     This is the parties' first request for any such extensions.

-5-

DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF
STIPULATION AND PROPOSED ORDER STAYING CASE FOR 90 DAYS
DUE TO COVID-19 RELATED JURISDICTIONAL DISCOVERY DELAYS

Executed under penalty of perjury under the laws of the United States of America, this 21st day of March, 2021.

                                         /s/ Kiley L. Grombacher
                                         Kiley L. Grombacher

-6-
DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF
STIPULATION AND PROPOSED ORDER STAYING CASE FOR 90 DAYS
DUE TO COVID-19 RELATED JURISDICTIONAL DISCOVERY DELAYS