DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
ZOOSK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:     September 8, 2021<br>Time:     8:00 a.m.<br>Location: Courtroom 12, 19th Floor<br>              450 Golden Gate Ave.<br>              San Francisco, California<br><br>Judge:    The Honorable William Alsup |

**TABLE OF CONTENTS**

Page

I. PROCEDURAL HISTORY ................................................................................................ 1
II. LEGAL STANDARD ....................................................................................................... 2
III. ARGUMENT ..................................................................................................................... 2
IV. CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*,
　744 F.3d 595 (9th Cir. 2014) .................................................................................................. 2

*Bowler v. Home Depot USA Inc*,
　No. C-09-05523 JCS, 2010 WL 3619850 (N.D. Cal. Sept. 13, 2010) ................................. 2, 3

*Thieme v. Cobb*,
　No. 13-CV-03827-MEJ, 2016 WL 3648531 (N.D. Cal. July 8, 2016) ................................... 2

**Rules**

Federal Rule of Civil Procedure 15 ............................................................................................. 2

Plaintiffs' Motion for Leave to Amend Complaint ("Motion") should be denied as futile insofar as it relates to their claim under California's Unfair Competition Law ("UCL"). As explained in detail in Defendant Zoosk, Inc.'s ("Zoosk") Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTD") filed concurrently herewith, Plaintiffs' proposed Second Amended Class Action Complaint ("SAC") does not cure the failings in their UCL claim that last January led the Court to dismiss that claim as insufficiently pled. Specifically, Plaintiffs' allegations still fail to establish standing for their UCL claim, which was the basis for the Court's dismissal of the UCL claim asserted in the First Amended Class Action Complaint ("FAC"). Moreover, even if the SAC had adequately pled UCL standing, the SAC's UCL claim nonetheless fails because Plaintiffs have not pled facts sufficient to demonstrate either that Zoosk's acts were "unlawful" or "unfair" within the meaning of the UCL or that they are entitled to the relief they seek pursuant to this claim.

## I.     PROCEDURAL HISTORY

The Class Action Complaint originally filed by Plaintiffs Juan Flores-Mendez and Amber Collins ("Plaintiffs") was brought after Zoosk confirmed a data security incident that it had suffered. Zoosk timely moved to dismiss Plaintiffs' complaint under Rule 12(b)(6). (ECF No. 29). Rather than opposing Zoosk's motion to dismiss, Plaintiffs filed the FAC, making a handful of small changes to their original complaint. (ECF No. 46). In turn, Zoosk moved to dismiss the FAC, on largely the same bases as in its first motion, because Plaintiffs still failed to state a claim for relief. (ECF No. 51). Following briefing and argument on Zoosk's motion to dismiss the FAC, the Court dismissed the FAC's UCL claim, among others, but granted Plaintiffs leave to amend. (ECF No. 61). Nearly six months later, on July 28, 2021 – the last day to seek leave to do so per the Stipulation and Order Staying Case For 90 Days Due to COVID-19 Related Jurisdictional Discovery Delays (ECF No. 61)[1] – Plaintiffs filed the SAC (ECF No. 77) and the Motion (ECF No. 78). Among other changes, the SAC proposes to amend the FAC's dismissed UCL claim in the

---

[1] Plaintiffs contend that the Court's January 30, 2021 Order (ECF No. 61) granted leave for Plaintiffs to file a Second Amended Complaint, but "out of an abundance of caution," filed this motion seeking leave to amend. Motion at 3–4. For purposes of this Opposition, Zoosk will treat the Motion as necessary.

hope of reviving that claim.[2]

## II.  LEGAL STANDARD

Pursuant to Rule 15(a)(2), a party seeking to amend its pleading after the 21-day period in which amendment by right is permissible may so amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also notes that "[t]he court should freely give leave when justice so requires." *Id.* "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Thieme v. Cobb*, No. 13-CV-03827-MEJ, 2016 WL 3648531, at *3 (N.D. Cal. July 8, 2016) (James, Mag. J.) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Courts consider the following five factors to determine whether leave to amend is appropriate: "1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend." *Bowler v. Home Depot USA Inc*, No. C-09-05523 JCS, 2010 WL 3619850, at *2 (N.D. Cal. Sept. 13, 2010) (Spero, Mag. J.) (internal citations omitted). While not all factors hold equal weight, "futility of amendment alone can justify the denial of a motion." *Id.* (internal quotation and citations omitted). Amendment would be "futile," and therefore unwarranted, if "it would not survive a motion to dismiss for failure to state a claim." *Id.* (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)); *Thieme*, 2016 WL 3648531, at *6 ("The standard to be applied is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). Moreover, "[a] party cannot amend pleadings to directly contradic[t] an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

## III.  ARGUMENT

As explained in detail in Zoosk's MTD filed contemporaneously herewith, the SAC's UCL claim fails to cure the foundational issue upon which the Court dismissed the FAC's UCL claim – Plaintiffs still fail to allege facts sufficient to establish UCL standing. *See* MTD Part IV.A; Jan. 30, 2021 Order re Motions to Dismiss and Request for Discovery at 7 ("plaintiffs must show that

---

[2] Zoosk does not oppose any of the SAC's amendments to the FAC other than those amendments by which Plaintiffs seek to revive the FAC's dismissed UCL claim.

they personally lost money or property" and did not do so). Plaintiffs suggest that the SAC sufficiently pleads UCL standing because "Plaintiffs plainly allege that they lost money as a consequence of their data being accessed in the Zoosk data breach." Motion at 8. However, the SAC's new "lost money" allegations are merely that at some point prior to the ShinyHunters attack Plaintiff Flores-Mendez paid Zoosk for a particular Zoosk subscription service. SAC ¶ 3. Neither this new allegation nor any of the SAC's other allegations establishes, however, that Plaintiff Flores-Mendez suffered a "loss" by reason of his alleged payment to Zoosk or that any such loss occurred "as a result of" Zoosk's supposed UCL violation. See MTD Part IV.A. As a result, the SAC's new payment allegation is insufficient to support UCL standing as to Plaintiff Flores-Mendez. *Id.* And as this new allegation has nothing whatever to do with Plaintiff Collins, the SAC remains just as deficient as the FAC in pleading UCL standing as to her. *Id.* Because the SAC's UCL claim does not adequately plead UCL standing as to either Plaintiff, Plaintiffs' proposed amendments to the FAC are futile insofar as they seek to revive the FAC's dismissed UCL claim.

Setting aside the standing issue, Plaintiffs' proposed amendments to the FAC's dismissed UCL claim are also futile because the SAC fails to allege sufficient facts to demonstrate Zoosk's acts were "unlawful" (MTD Part IV.B.1.) or "unfair" (MTD Part IV.B.2.) within the meaning of the UCL, and also because the SAC does not plead facts sufficient to establish that Plaintiffs are entitled to the relief they seek pursuant to this claim. MTD Part IV.C.

Because Plaintiffs' proposed amendments to the FAC are futile insofar as they seek to revive the FAC's dismissed UCL claim, the Court should deny the Motion insofar as it relates to that claim.[3] *See Bowler*, 2010 WL 3619850, at *4 (denying motion seeking leave to amend complaint because plaintiff does not have UCL standing, rendering amendments to the UCL claim futile).

//

---

[3] Though Plaintiffs suggest that the Court could "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed," Motion at 7, such deferral is not necessary given Plaintiffs have already filed the SAC (ECF No. 77). The Court therefore has the requisite information at this juncture to make specific findings as to the futility of the SAC's effort to revive their dismissed UCL claim.

//

//

//

## IV.     CONCLUSION

Zoosk respectfully requests that the Court deny the Motion insofar as Plaintiffs' proposed amendments to the FAC seek to revive the FAC's dismissed UCL claim.

Dated: August 11, 2021                                    Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　  /s/Douglas H. Meal
　　　　　　　　　　　　　　　　　　　　　　　　Douglas H. Meal (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　　　MA Bar No. 340971
　　　　　　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　　　　　　　　　　　　　　　　　　　　　　　222 Berkeley St., Suite 2000
　　　　　　　　　　　　　　　　　　　　　　　　Boston, MA 02116
　　　　　　　　　　　　　　　　　　　　　　　　dmeal@orrick.com

　　　　　　　　　　　　　　　　　　　　　　　　Rebecca Harlow
　　　　　　　　　　　　　　　　　　　　　　　　CA Bar No. 281931
　　　　　　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP
　　　　　　　　　　　　　　　　　　　　　　　　405 Howard Street
　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　　　　　　　rharlow@orrick.com

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　*Zoosk Inc.*

**CERTIFICATE OF SERVICE**

I, Rebecca Harlow, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT to be electronically filed with the Clerk of this Court using the CM/ECF system, which generated a Notification of Electronic Filing to all persons currently registered with the Court to receive such notice in the above-captioned case.

      /s/ Rebecca Harlow
Rebecca Harlow
CA Bar No. 281931
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
rharlow@orrick.com

*Attorneys for Defendant Zoosk Inc.*