**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com
         lking@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (SBN 302919)
477 Madison Avenue, Suite 6000
New York, NY 10022
Telephone: (805) 270-7100
E-Mail: rfisher@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>            Plaintiffs,<br><br>     v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>            Defendants. | Case No. 3:20-cv-04929-WHA<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** |

1  **Additional Counsel for Plaintiffs and the Putative Class:**

2  **CROSNER LEGAL P.C.**
3  Zachary M. Crosner (SBN 272295)
   Michael R. Crosner (SBN 41299)
4  433 N. Camden Dr., Suite 400
   Beverly Hills, CA 90210
5  Telephone: (310) 496-4818
   Facsimile: (310) 510-6429
6  Email: zach@crosnerlegal.com
7           mike@crosnerlegal.com

8  **MORGAN & MORGAN**
   **COMPLEX LITIGATION GROUP**
9  (*Admitted Pro hac Vice*)
   John A. Yanchunis (FL Bar No. 234681)
10 Ryan McGee (FL Bar No. 64957)
   201 N Franklin St., 7th Floor
11 Tampa, FL 33602
12 Telephone: (813) 223-5505
   Email: jyanchunis@forthepeople.com
13         rmcgee@forthepeople.com

- 2 -

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT
3:20-cv-04929-WHA

Plaintiffs respectfully submit this reply in further support of their Motion for Leave to Amend Complaint.

Plaintiffs' motion to amend, which was filed out of an abundance of caution, has arguably been rendered moot and Plaintiffs' Second Amended Complaint (Doc. No. 77) is already or should be considered the operative complaint in this action. The sufficiency of the reasserted UCL claim, which is the only aspect of the amendment that Zoosk challenges, should be evaluated on Zoosk's motion to dismiss that claim. (Doc. No. 79).

First, the motion to amend may not have been necessary and was filed out of an abundance of caution. As explained in Plaintiffs' opening brief, in ruling on Zoosk's motion to dismiss, the Court indicated that Plaintiffs may have an opportunity to amend the Complaint to reassert dismissed claims, including the UCL claim which Plaintiffs reassert in the Second Amended Complaint. Therefore, Plaintiffs' Second Amended Complaint was properly filed with leave of the Court, consistent with Fed. R. Civ. P. 15(a)(2). Plaintiffs filed the instant motion out of an abundance of caution in the event that they misinterpreted the Court's Order on Zoosk's motion to dismiss and were being granted an opportunity to seek leave to amend, rather than being granted leave to amend. They respectfully request that the Court clarify that the Second Amended Complaint was properly filed as authorized by the Court's Order on Zoosk's motion to dismiss.

Second, the motion to amend is effectively moot. Zoosk does not argue bad faith undue delay, or prejudice. It argues only futility of the amendment and it only challenges the amendment to the extent of the reasserted UCL claim. Contemporaneously with its opposition to Plaintiffs' motion, Zoosk filed a motion to dismiss the UCL claim. As Plaintiffs noted in their opening brief, "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Zoosk halfheartedly argues in a footnote (Opp. at 3 n.3) that the Court should not defer consideration of the futility argument to the motion to dismiss stage, but its point lacks internal consistency and is undercut by its own arguments and actions. Zoosk notes that consideration of

- 3 -

REPLY IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT
3:20-CV-04929-WHA

1  the futility argument is appropriate because "deferral is not necessary given Plaintiffs have already
2  filed the SAC" and "[t]he Court therefore has the requisite information at this juncture to make
3  specific findings as the futility of the SAC's efforts to revive the[] dismissed UCL claim." *Id*.

   This argument, however, is a tacit acknowledgment that the Second Amended Complaint is operative and that the true challenge to it is the question of whether it states a UCL claim as a matter of law.  Moreover, Zoosk has filed its motion to dismiss the UCL claim and cites to it repeatedly in the abridged futility argument that it makes in opposition to the motion to amend.  It is clear from its conduct that Zoosk truly seeks dismissal based on the arguments in its motion to dismiss.  Indeed, there is no cogent reason for the Court to find futility on the motion to amend when the Court will have a fully briefed motion to dismiss before it in short order and Zoosk relies on its arguments in the motion to dismiss in support of its futility argument in the motion to amend.  *See, e.g., Steward v. CMRE Fin. Servs., Inc.*, No. 215CV00408JADNJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015) ("Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss.") (citing *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135–36 (N.D. Cal. 2008)).

   Moreover, as explained in Plaintiffs' opening brief and as will be more fully explained in Plaintiffs' opposition to Zoosk's motion to dismiss, Plaintiffs have stated a claim for violation of the UCL.  Plaintiffs have alleged that Zoosk's conduct was unlawful because Zoosk violated the FTC Act.  Second Amended Complaint ¶ 90.  Plaintiffs have alleged that the conduct was unfair because, *inter alia*, Zoosk "failed to disclose the inadequate nature of the security of its computer systems and networks that stored Plaintiffs' and Class members' sensitive PII[,]" "collected money from the Subscription Subclass but failed to commit appropriate portions of that money to enact security measures to protect Plaintiffs' and Class Members' PII[,]" and "it failed to use reasonable security measures to protect Plaintiffs' and Class Members' PII." *Id*. at ¶¶ 92–94.  Finally, Plaintiffs allege that they had losses on account of the breach because, *inter alia*, Plaintiff Flores-Mendez paid for Zoosk's service, which failed to provide the level of service expected because it did not protect his data, because Plaintiffs have a property interest in their data, because Plaintiffs have

been required to spend time monitoring their financial accounts, because their data is valuable and they experienced a loss when it is accessed by those with malicious intent, and because Zoosk did not provide them with appropriate data monitoring services to protect themselves from future harm. *Id.* at ¶¶ 3, 18, 24–29, 47–57, 97–98.

## CONCLUSION

For the reasons stated above, the Court should clarify that Plaintiffs' Second Amended Complaint is the operative Complaint and filed with leave of the Court pursuant to its Order on Zoosk's motion to dismiss, or the Court should grant Plaintiffs' motion together with such other and further relief as the Court deems just and proper.

Dated: August 18, 2021     By:     /s/ Kiley L. Grombacher
                                   Kiley L. Grombacher

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

**BRADLEY/GROMBACHER, LLP**
Robert N. Fisher (SBN 302919)
477 Madison Avenue, Suite 6000
New York, NY 10022
Telephone: (805) 270-7100
E-Mail: rfisher@bradleygrombacher.com

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email:      zach@crosnerlegal.com
            mike@crosnerlegal.com

Attorneys for Plaintiffs
[Additional counsel on following page]

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis (*admitted pro hac vice*)
Ryan McGee (*admitted pro hac vice*)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email:   jyanchunis@forthepeople.com
         rmcgee@forthepeople.com