DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant
ZOOSK INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> ZOOSK, INC., a Delaware corporation, <br><br> Defendant. | Case No. 3:20-cv-4929-WHA <br><br> **DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date:      January 13, 2022 <br> Time:      8:00 a.m. <br> Location:  Courtroom 12, 19th Floor <br>                450 Golden Gate Ave. <br>                San Francisco, California <br><br> Judge:     The Honorable William Alsup |

# TABLE OF CONTENTS

Page

I. PROCEDURAL HISTORY .................................................................................................... 1

II. LEGAL STANDARD ......................................................................................................... 2

III. ARGUMENT ..................................................................................................................... 3

    A. The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because The TAC Fails To Allege Facts Establishing that Plaintiff Flores-Mendez Has UCL Standing ..................................................................................... 3

    B. The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because the TAC Fails To Allege Facts Establishing the Elements of a UCL Violation ............................................................................................................ 9

        1. *Reliance Not Pled* ..................................................................................... 9

        2. *Unlawfulness Not Pled* ............................................................................ 10

        3. *Unfairness Not Pled* ................................................................................ 11

    C. The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because the TAC Fails To Allege Facts Sufficient To Establish Plaintiff Flores-Mendez's Entitlement to the Relief Sought Pursuant to This Claim ........ 14

IV. CONCLUSION ................................................................................................................ 15

**TABLE OF AUTHORITIES**

Page

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*,

  744 F.3d 595 (9th Cir. 2014) ......................................................................... 3

*Asencio v. Miller Brewing Co.*,

  283 F. App'x 559 (9th Cir. 2008) ................................................................ 11

*Baba v. Hewlett-Packard Co.*,

  No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010) .......... 11

*Backhaut v. Apple, Inc.*,

  74 F. Supp. 3d 1033 (N.D. Cal. 2014) ........................................................ 10

*Bardin v. Daimlerchrysler Corp.*,

  136 Cal. App. 4th 1255 (2006) .................................................................... 13

*Bowler v. Home Depot USA Inc*,

  No. C-09-05523 JCS, 2010 WL 3619850 (N.D. Cal. Sept. 13, 2010) ..... 2, 3

*Doe v. SuccessfulMatch.com*,

  70 F. Supp. 3d 1066 (N.D. Cal. 2014) .................................................. 6, 8, 9

*Durell v. Sharp Healthcare*,

  183 Cal. App. 4th 1350 (2010) .................................................................... 10

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*,

  771 F.3d 1119 (9th Cir. 2014) ..................................................................... 14

*Grace v. Apple Inc.*,

  No. 17-CV-00551, 2017 WL 3232464 (N.D. Cal. July 28, 2017) ............. 12

*Graham v. VCA Antech, Inc.*,

  No. 2:14-CV-08614-CAS-JC, 2016 WL 5958252, at *5 (C.D. Cal. Sept. 12, 2016) ................ 6

*Hodsdon v. Mars, Inc.*,

  891 F.3d 857 (9th Cir. 2018) ....................................................................... 13

*In re Adobe Systems, Inc. Privacy Litigation*,

  66 F. Supp. 3d 1197 (N.D. Cal. 2014) .................................................. 12, 14

*In re Anthem, Inc. Data Breach Litigation*,

No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016)................................... 5

*In re iPhone Application Litigation*,

6 F. Supp. 3d 1004 (N.D. Cal. 2013) ............................................................. 3, 4, 6, 7

*In re Marriott International, Inc., Customer Data Security Breach Litigation*,

440 F. Supp. 3d 447 (D. Md. 2020) ............................................................. 5

*In re Yahoo! Inc. Customer Data Security Breach Litigation*,

No. 16-MD-02572-LHK, 2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ..................... 11, 13, 14

*Klein v. Chevron U.S.A., Inc.*,

202 Cal. App. 4th 1342 (2012)................................................................. 10

*Kwikset Corp. v. Superior Ct.*,

51 Cal. 4th 310, 319 (2011) ................................................................. 6

*Letizia v. Facebook Inc.*,

267 F. Supp. 3d 1235, 1243 (N.D. Cal. 2017) ............................................... 6

*McCoy v. Alphabet, Inc.*,

No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ......................... 5

*Perkins v. LinkedIn Corp.*,

53 F. Supp. 3d 1190 (N.D. Cal. 2014) ...................................................... 4, 6, 7

*Sun Microsystems, Inc. v. Microsoft Corp.*,

188 F.3d 1115 (9th Cir. 1999)................................................................. 14

*Thieme v. Cobb*,

No. 13-CV-03827-MEJ, 2016 WL 3648531 (N.D. Cal. July 8, 2016).................................. 2, 3

*Weeks v. Google LLC*,

No. 18-CV-00801 NC, 2018 WL 3933398 (N.D. Cal. Aug. 16, 2018) .................................... 12

*Williams v. Apple, Inc.*,

449 F. Supp. 3d 892 (N.D. Cal. 2020) .......................................................... 4, 6, 8

**Statutes**

California Business & Professions Code § 17203 ........................................................ 14

California Business & Professions Code § 17204 ........................................................ 3, 10

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-cv-4929-WHA

4156-4566-1490.8

**TABLE OF AUTHORITIES**

Page

**Rules**

Federal Rule of Civil Procedure 15 ........................................................................................... 2

Federal Rule of Civil Procedure 8 ....................................................................................... 8, 10

Federal Rule of Civil Procedure 9 .................................................................................... 4, 8, 10

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

Plaintiffs' Motion for Leave to Amend Complaint ("Motion") should be denied as futile, this time with prejudice.  The proposed Third Amended Class Action Complaint ("TAC") represents Plaintiffs' *fourth* attempt to plead an Unfair Competition Law ("UCL") claim against Zoosk.  This Opposition thus represents the *fourth* time Zoosk has been forced to brief the legal insufficiency of that claim.  Plaintiffs' first complaint had significant enough issues that Plaintiffs abandoned it and amended their complaint as of right, thereby extinguishing Zoosk's pending motion to dismiss the UCL claim.  Plaintiffs' *second* and *third* attempts to plead a UCL claim each came before the Court for review, and both times the Court dismissed the claim as insufficiently pled.  In short, Plaintiffs' UCL claim struck out: three pitches; three swings; three misses.

Plaintiffs' now ask the Court for a fourth swing.  The Court should refuse that request because the TAC does not cure the failings in the UCL claim advanced in their prior complaints. Specifically, Plaintiff Flores-Mendez's allegations fail to establish standing as to his UCL claim, thus repeating the very same pleading deficiency that led the Court to dismiss the UCL claim asserted in the First Amended Class Action Complaint ("FAC") and the Second Amended Class Action Complaint ("SAC").  Moreover, even if the TAC did adequately plead UCL standing, the TAC's UCL claim nonetheless fails because Plaintiff Flores-Mendez has not pled facts sufficient to establish the elements of a UCL violation or that he is entitled to the relief he seeks pursuant to his UCL claim.

## I.    PROCEDURAL HISTORY

The Class Action Complaint ("CAC") originally filed by Plaintiffs Juan Flores-Mendez and Amber Collins ("Plaintiffs") was brought after Zoosk confirmed a data security incident that it had suffered.  Zoosk timely moved to dismiss the CAC, including its UCL claim, under Rule 12(b)(6). ECF No. 29.  Rather than opposing Zoosk's motion to dismiss, Plaintiffs filed the FAC (ECF No. 46), exercising the amendment as of right afforded by Rule 15(A)(1)(B).  In turn, Zoosk moved to dismiss the FAC, including its UCL claim, under Rule 12(b)(6).  ECF No. 51.  Following briefing and argument on Zoosk's motion to dismiss the FAC, the Court dismissed the FAC's UCL claim, among others, but granted Plaintiffs leave to amend.  ECF No. 61.  Nearly six months later, on July 28, 2021 – the last day to seek leave to do so per the scheduling order previously entered by the

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

1   Court (ECF No. 73) – Plaintiffs filed the SAC (ECF No. 77) and a motion for leave to file it (ECF

2   No. 78).  Among other changes, the SAC amended the FAC's dismissed UCL claim in the hope of

3   reviving that claim.  In response, Zoosk moved to dismiss the SAC's UCL claim for failure to

4   adequately allege facts sufficient to demonstrate (i) that Plaintiff Flores-Mendez had standing under

5   the UCL; (ii) that Zoosk's acts were "unlawful" or "unfair" within the meaning of the UCL; or (iii)

6   that Plaintiff Flores-Mendez is entitled to the relief he seeks pursuant to the UCL claim.  ECF No.

7   79.

8          On October 5, 2021, following briefing and argument on Zoosk's motion to dismiss the

9   SAC, the Court entered an order ("October 5 Order") again dismissing the UCL claim for failure

10   to allege UCL standing.  ECF No. 93.  In the October 5 Order, the Court "invited" Plaintiffs to seek

11   leave to amend the UCL claim but cautioned that "[i]f plaintiffs move for leave to file another

12   amended complaint, they should be sure to plead their best case and account for all criticisms,

13   including those not reached by this order." *Id.* at 8.  In turn, Plaintiffs filed the instant motion for

14   leave to amend seeking, once again, to revive Plaintiff Flores-Mendez's UCL claim.  ECF No. 95.

15   **II.     LEGAL STANDARD**

16          Pursuant to Rule 15(a)(2), a party seeking to amend its pleading after the 21-day period in

17   which amendment by right is permissible may so amend "only with the opposing party's written

18   consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) also notes that "[t]he court

19   should freely give leave when justice so requires."  *Id.*  However, "[a]lthough the rule should be

20   interpreted with 'extreme liberality,' leave to amend is not to be granted automatically."  *Thieme v.*

21   *Cobb*, No. 13-CV-03827-MEJ, 2016 WL 3648531, at *3 (N.D. Cal. July 8, 2016) (James, Mag. J.)

22   (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)).  Courts consider the

23   following five factors to determine whether leave to amend is appropriate: "1) bad faith, 2) undue

24   delay, 3) prejudice to the opposing party, 4) futility, and 5) any previous opportunities to amend."

25   *Bowler v. Home Depot USA Inc*, No. C-09-05523 JCS, 2010 WL 3619850, at *2 (N.D. Cal. Sept.

26   13, 2010) (Spero, Mag. J.) (internal citations omitted).  While not all factors hold equal weight,

27   "futility of amendment alone can justify the denial of a motion."  *Id.* (internal quotation and

28   citations omitted).  Amendment would be "futile," and therefore unwarranted, if an amended

1    complaint "would not survive a motion to dismiss for failure to state a claim." *Id.* (citing *Miller v.*

2    *Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988)); *Thieme*, 2016 WL 3648531, at *6 ("The

3    standard to be applied is identical to that on a motion to dismiss for failure to state a claim under

4    Rule 12(b)(6).").

5    ## III.    ARGUMENT

6    ### A.    The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because
         The TAC Fails To Allege Facts Establishing that Plaintiff Flores-Mendez Has
7         UCL Standing

8        The TAC's UCL claim fails to cure the foundational issue upon which the Court has twice

9    before dismissed the UCL claim – Plaintiff Flores-Mendez still fails to allege facts sufficient to

10   establish that he has UCL standing.  The FAC's UCL claim failed because "plaintiffs must show

11   that they personally lost money or property" to have UCL standing – but did not do so.  Jan. 30,

12   2021 Order re Motions to Dismiss and Request for Discovery (ECF No. 61) at 7.  The SAC's UCL

13   claim failed because, having posited that they "lost money or property" as a result of a

14   misrepresentation by Zoosk, "plaintiffs must have alleged that they 'saw and relied on' Zoosk's

15   alleged misrepresentation about its data-security practices, and . . . they considered this 'in

16   purchasing' Zoosk's services" but Plaintiffs "have not alleged enough awareness or consideration."

17   October 5 Order at 5.  Plaintiffs suggest that "[t]he deficiencies noted in the [October 5] Order have

18   been remedied in the proposed pleading as Plaintiff Flores-Mendez now plainly alleges each of the

19   elements necessary to establish Section 17200 standing."  Motion at 7.  Not so.

20       As all parties agree, the UCL limits who may bring legal claims thereunder to "a person

21   who has suffered injury in fact and has lost money or property *as a result of* the [alleged UCL

22   violation]."  Cal. Bus. & Prof. Code § 17204 (emphasis added).  The requirement that a plaintiff

23   suffer injury "as a result of" defendant's conduct "requires a causal link between defendant's

24   conduct and plaintiff's harm." *In re iPhone Application Litig.*, 6 F. Supp. 3d 1004, 1015 (N.D. Cal.

25   2013) (Koh, J.) (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 324–26 (2009)).  Thus, where a

26   plaintiff predicates his UCL claim on alleged misrepresentations, as is the case here, "this Court

27   has consistently required allegations of actual reliance and injury at the pleading stage for claims

28   under all three prongs of the UCL." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1219–20

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

1    (N.D. Cal. 2014) (Koh, J.); *see Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020)

2    (Koh, J.) ("Plaintiffs alleging claims under the FAL and UCL are required to plead and prove actual

3    reliance on the misrepresentations or omissions at issue.") (citing *Great P. Sec. v. Barclays Capital,*

4    *Inc.*, 743 Fed. App'x 780, 783 (9th Cir. 2018); *In re iPhone Application Litig.*, 6 F. Supp. 3d at

5    1015 ("[F]or purposes of standing under the CLRA and UCL, a showing of causation requires a

6    showing that Plaintiffs actually relied on Apple's alleged misrepresentations regarding data

7    collection and privacy to their detriment.").  Moreover, "to adequately plead reliance for alleged

8    misrepresentations, Plaintiffs must satisfy Rule 9(b)'s heightened pleading standard and allege facts

9    with particularity."  *Williams*, 449 F. Supp. 3d at 913 (citing *Haskins v. Symantec Corp.*, 654 Fed.

10   App'x 338, 339 (9th Cir. 2016)).  Here, then, to establish UCL standing based on the loss Plaintiff

11   Flores-Mendez claims to have incurred as a result of Zoosk's alleged misrepresentations, the TAC

12   must allege that Plaintiff Flores-Mendez (1) actually read or otherwise became aware of those

13   alleged misrepresentations prior to purchasing Zoosk's services and (2) considered those purported

14   misrepresentations in purchasing Zoosk's services.  October 5 Order at 5.  The TAC does neither,

15   and, even if it did, it fails to do so with the specificity required by Rule 9(b).

16         First, nowhere does Plaintiff Flores-Mendez allege that he actually read or otherwise

17   became aware of, prior to purchasing a Zoosk subscription, the portions of the 2015 Zoosk Privacy

18   Policy excerpted in paragraphs 35–41 of the TAC.  In an attempt to circumvent this glaring

19   deficiency, which was the very basis for the Court's dismissal of the SAC's UCL claim, the TAC

20   alleges that "Zoosk bound all parties, including Plaintiffs and Class Members alike, to the Privacy

21   Policy, stating that 'By registering, using or subscribing to the Services, you confirm that you have

22   *read and consent to*' the portions of the Privacy Policy described, *supra* ¶¶ 36–41 (emphasis

23   added)." TAC ¶ 42.  In other words, since Plaintiff Flores-Mendez apparently cannot truthfully

24   allege that prior to purchasing his Zoosk subscription he in fact actually read or otherwise became

25   aware of the portions of the Zoosk privacy policy on which his UCL claim is based, he instead asks

26   to be relieved from having to make that allegation based on his having claimed (evidently falsely)

27   to have read that privacy policy in its entirety upon becoming a Zoosk member.  This argument is

28   utterly nonsensical, as in essence it posits that Plaintiff Flores-Mendez, having falsely claimed upon

becoming a Zoosk member to have read the misrepresentations underlying his UCL claim, should now be excused, **based on that false claim**, from having to prove like every other plaintiff who makes a misrepresentation-based UCL claim that he did **in fact** read the supposed misrepresentations on which the claim is based.

In advancing this facially absurd argument, Plaintiff Flores-Mendez appears to be trying to align himself with the cases the Court referenced in the October 5 Order where the plaintiff successfully pled standing based on allegedly misleading statements that were (1) incorporated into binding terms and conditions, *see In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 440 F. Supp. 3d 447 (D. Md. 2020) and *McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816 (N.D. Cal. Feb. 2, 2021) (van Keulen, Mag. J), or (2) "[i]n an even closer call," October 5 Order at 6, made public in documents, websites, and advertisements, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783 (N.D. Cal. May 27, 2016) (Koh, J.). October 5 Order at 6.  However, none of these cases supports the proposition that, where the plaintiff has agreed to terms of use in which he falsely confirmed that he had read the statement in question, UCL standing can be founded on a loss resulting from a purportedly misleading statement that the plaintiff in fact never even actually saw.  Certainly no holding to this effect can be found in either *Marriott*, *Anthem*, or *McCoy*.  To the contrary, in *Marriott* and *Anthem*, the court's UCL standing analysis considered only whether the plaintiff had lost money or property within the meaning of the UCL and never addressed whether, as separately required, the plaintiff had actually read the purportedly misleading statement that supposedly caused that loss.  *See Marriott*, 440 F. Supp. 3d at 491–92; *Anthem*, 2016 WL 3029783 at *30–32.  And in *McCoy*, far from pointing to the plaintiff's agreement to the relevant terms of use as excusing the plaintiff from pleading his actual reliance on the purportedly misleading statement that supposedly caused his loss, the court affirmatively found that the plaintiff *had alleged* that "he relied on Defendant's misrepresentations in purchasing and using an Android smartphone."  2021 WL 405816, at *9; *see id.* at *10 ("Plaintiff has alleged that he reasonably relied upon these representations").

In addition to being unsustainable under the language of those rulings and leading to a facially absurd legal principle, an interpretation of *Marriott*, *Anthem*, and *McCoy* as allowing  UCL

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

4156-4566-1490.8

standing to be established based on an unseen misrepresentation would place those rulings at odds with the myriad cases holding the plaintiff must have actually read the purportedly misleading statements in order to predicate UCL standing on a loss of money or property that supposedly resulted from those statements.  *See, e.g.*, *Letizia v. Facebook Inc.*, 267 F. Supp. 3d 1235, 1243 (N.D. Cal. 2017) (Henderson, J.) ("In order for a UCL claim to survive a motion to dismiss, a plaintiff must sufficiently satisfy the actual-reliance requirement, which means the plaintiff must allege that he or she saw the specific misrepresentation at issue and actually relied on it."); *Perkins*, 53 F. Supp. 3d at 1220 ("To make the reliance showing, this Court has consistently held that plaintiffs in misrepresentation cases must allege that they actually read the challenged representations."); *In re iPhone Application Litig.*, 6 F. Supp. 3d at 1015 ("Plaintiffs must have seen the misrepresentations and taken some action based on what they saw – that is, Plaintiffs must have actually relied on the misrepresentations to have been harmed by them."); *Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1081–82 (N.D. Cal. 2014) (Koh, J.) (holding that "when the 'unfair competition' consists of defendant's misrepresentation, a [UCL] plaintiff must have actually relied on the misrepresentation" and that "if Plaintiffs did not see the specified representations before they purchased Defendant's services, then Plaintiffs did not rely on these representations and suffered no injury"); *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 319 (2011) (finding plaintiffs had sufficiently alleged UCL standing because they pled they "saw and read Defendants' misrepresentations . . . and relied on such misrepresentations in deciding to purchase" Defendants' product); *Graham v. VCA Antech, Inc.*, No. 2:14-CV-08614-CAS-JC, 2016 WL 5958252, at *5 (C.D. Cal. Sept. 12, 2016), aff'd sub nom. *Graham v. VCA Animal Hosps., Inc.*, 729 F. App'x 537 (9th Cir. 2018) ("[I]t is not enough to 'receive' a misrepresentation in a document; a plaintiff must see, read, or hear the alleged misrepresentation and rely on it" to establish UCL standing).  Consistent with this bedrock principle, other plaintiffs' attempts to base UCL standing on purported misrepresentations contained in terms of use that they did not actually read but were required to accept in order to use defendants' services have been roundly rejected.  *See Williams*, 449 F. Supp. 3d at 913–14 (rejecting Plaintiffs' assertion "that they adequately plead reliance because they 'affirmatively clicked the 'AGREE' [button] signifying their review and assent to the

1    contract terms,' including Apple's alleged misrepresentations regarding iCloud storage" and

2    dismissing UCL claim for lack of standing on that basis); *In re iPhone Application Litig.*, 6 F. Supp.

3    3d at 1025 ("[T]he mere fact that Plaintiffs had to scroll through a screen and click on a box stating

4    that they agreed with the Apple Privacy Policy in July 2010 does not establish, standing alone, that

5    Plaintiffs actually read the alleged misrepresentations contained in that Privacy Policy, let alone

6    that these misrepresentations subsequently formed the basis for Plaintiffs' 'understanding'

7    regarding Apple's privacy practices."); *Perkins*, 53 F. Supp. 3d at 1220 ("[T]he fact that some of

8    the alleged misrepresentations appeared on screens that all users had to click through to register do

9    not by themselves establish that any of the Plaintiffs actually read or relied on the

10   misrepresentations in the absence of allegations that Plaintiffs read these statements.").  The

11   October 5 Order therefore correctly found that Plaintiff Flores-Mendez failed to allege UCL

12   standing in the SAC because he did not allege that he *actually knew* of Zoosk's privacy

13   misrepresentations at the time of purchase, "either by reading the statement or because it appeared

14   in any of the materials he saw (binding terms of service, advertisements, etc.)."  October 5 Order

15   at 7 (finding this case analogous to *Hall v. Time Inc.*, 158 Cal.App. 4th 847 (2008)).  The TAC, just

16   like the SAC, contains no allegation of any such actual knowledge on Plaintiff Flores-Mendez's

17   part, so it fails to plead UCL standing as to Plaintiff Flores-Mendez for the exact same reason that,

18   as per the October 5 Order, the SAC failed to do so.

19        Second, even if it alleged that Plaintiff Flores-Mendez had actual knowledge of Zoosk's

20   supposed misrepresentations prior to purchasing his Zoosk subscription (which it nowhere does),

21   the TAC would still fail to allege UCL standing as to Plaintiff Flores-Mendez because it nowhere

22   alleges as it must that he "considered" any alleged misrepresentations "at the time of purchase."

23   October 5 Order at 5.  Though the purported privacy misrepresentations need not be "the sole or

24   even the predominant or decisive factor influencing his conduct," Plaintiff Flores-Mendez must

25   plead that the alleged misrepresentations "played a substantial part in [his] decision making."

26   *Perkins*, 53 F. Supp. 3d at 1220 (quoting *Tobacco II*, 46 Cal.4th at 326).  Simply alleging in the

27   SAC that "[h]ad Plaintiff Flores-Mendez known that his PII would not be adequately secured and

28   protected, he would not have used [Zoosk's] services," SAC ¶ 97, was insufficient to allege his

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

1   requisite consideration of Zoosk's supposed misrepresentations, *see* October 5 Order at 7, so merely

2   repeating that identical allegation in the TAC, *see* TAC ¶ 109, is identically insufficient to allege

3   such consideration on Plaintiff Flores-Mendez's part.  Nor could the TAC have alleged the requisite

4   consideration by Plaintiff Flores-Mendez of Zoosk's supposed misrepresentations: having not

5   alleged he ever even saw or was aware of Zoosk's supposed misrepresentations, the TAC quite

6   plainly could not have alleged those misrepresentations were a substantial factor in Plaintiff Flores-

7   Mendez's decision to purchase a Zoosk subscription.

8          Third, even if Plaintiff Flores-Mendez's allegations were sufficient for Rule 8 purposes to

9   establish Plaintiff Flores-Mendez's reliance on Zoosk's purported misrepresentations, which they

10  are not, they are certainly not sufficient to plead such reliance under the heightened pleading

11  standard imposed by Rule 9(b).  *See Williams*, 449 F. Supp. 3d at 913 (noting that "to adequately

12  plead reliance for alleged misrepresentations, Plaintiffs must satisfy Rule 9(b)'s heightened

13  pleading standard and allege facts with particularity") (citing *Haskins v. Symantec Corp.*, 654 Fed.

14  App'x 338, 339 (9th Cir. 2016)).  Rule 9(b) demands "an account of the 'time, place, and specific

15  content of the false representations as well as the identities of the parties to the misrepresentations.'"

16  *SuccessfulMatch.com*, 70 F. Supp. 3d at 1074 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764

17  (9th Cir.2007) (per curiam)).     Thus, in *SuccessfulMatch.com*, Judge Koh dismissed a

18  misrepresentation-based UCL claim for lack of standing where the plaintiff stated he had seen the

19  misleading statements at issue but did not provide specifics regarding that alleged sighting

20  sufficient to satisfy Rule 9(b)'s heightened pleading standard.  There (as here), "without any

21  allegation as to when Plaintiff[] saw Defendant's representations, when Plaintiff[] purchased

22  Defendant's services, and when Plaintiff[] discovered Defendant's allegedly fraudulent conduct,

23  Defendant is unable to actually 'defend against the charge and not just deny that [it has] done

24  anything wrong.'"  *Id.* at 1082 (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).

25  Here, then, having likewise failed to plead the "who, what, when, and how" of his reliance on

26  Zoosk's supposed misrepresentations, Plaintiff Flores-Mendez likewise failed to satisfy Rule 9(b)

27  in alleging such reliance, even assuming the TAC alleges that he actually saw those

28  misrepresentations prior to making, and actually considered them in making, his Zoosk subscription

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

4156-4566-1490.8

1    purchase decision – which it manifestly does not.

2          For each of the above reasons, the TAC fails to remedy the legal deficiencies noted in the

3    October 5 Order's analysis of the SAC's allegation of UCL standing as to Plaintiff Flores-Mendez.

4    This failing renders the TAC's proposed amendment of the SAC's UCL claim futile, which in turn

5    mandates denial of Plaintiffs' motion for leave to file the TAC.

6    **B.    The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because the TAC Fails To Allege Facts Establishing the Elements of a UCL Violation**

7

8          Setting aside the standing issue, Plaintiff Flores-Mendez's proposed amendments to the

9    SAC's dismissed UCL claim are also futile because the TAC fails to allege sufficient facts to

10   establish the requisite elements of a UCL violation.  The TAC purports to assert claims under the

11   UCL's "unlawful" and "unfair" prongs, but it fails to allege facts sufficient to show either

12   "unlawful" or "unfair" conduct on Zoosk's part.  Nor does it allege, as it must, Plaintiff Flores-

13   Mendez's actual reliance on the purported Zoosk misrepresentation that is a necessary component

14   of both his unlawfulness-based and his unfairness-based theory of UCL liability.

15                    *1.    Reliance Not Pled*

16         Separate and apart from the requirement of doing so in order to plead UCL standing, a UCL

17   plaintiff must allege actual reliance to plead a UCL violation whenever that alleged violation is

18   founded on an alleged misrepresentation and regardless of which specific prong of the UCL the

19   claim relies upon.  *SuccessfulMatch.com*, 70 F. Supp. 3d at 1076 ("[T]he Court has consistently

20   required allegations of actual reliance and injury at the pleading stage for claims under all three

21   prongs of the UCL where such claims are predicated on misrepresentations.").  Here, Plaintiff

22   Flores-Mendez bases his unlawfulness- and unfairness-based UCL claims, at least in part, on

23   Zoosk's alleged misrepresentation regarding its data security measures in regard to the information

24   he provided to Zoosk.  *See* TAC ¶100 (incorporating TAC ¶¶ 35–47 into the TAC's UCL claim),

25   ¶¶ 102 & 104 (Zoosk violated UCL's unlawfulness and unfairness prongs by "fail[ing] to disclose

26   the inadequate nature of the security of its computer systems and networks that stored Plaintiff's

27

28

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

and the Subscription Subclass members' sensitive PII").[1]   Plaintiff Flores-Mendez's tactical decision of eschewing a fraud-based UCL claim, and instead carefully limiting the TAC's UCL claim to unfairness- and unlawfulness-based theories of UCL liability, thus does not excuse him from alleging actual reliance in order to sustain those theories.  *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (holding actual reliance must be pled under the unlawful prong "where the predicate unlawfulness is misrepresentation and deception" because "[a] consumer's burden of pleading causation in a UCL action should hinge on the nature of the alleged wrongdoing rather than the specific prong of the UCL the consumer invokes."); *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1048 (N.D. Cal. 2014) (Koh, J.) ("[T]he actual reliance requirement also applies to claims under the UCL's unfair prong to the extent such claims are based on fraudulent conduct.").   Here, as explained in detail in Part III.A, *supra*, Plaintiff Flores-Mendez failed to satisfy either Rule 8 or Rule 9(b) in regard to the requirement that he plead actual reliance on the supposed Zoosk misrepresentations alleged in the TAC.  That being the case, the TAC fails to plead either an unlawfulness- or an unfairness-based UCL violation, regardless of whether it sufficiently pleads UCL standing as to those theories and regardless of the TAC's not having invoked the UCL's fraud prong in support of its UCL claim.[2]

## 2.    Unlawfulness Not Pled

Where, as here, a complaint asserts a claim under the UCL's "unlawful" prong, the law "borrows violations of other laws" and "makes those unlawful practices actionable under the UCL."

---

[1] Indeed, having used alleged misrepresentations by Zoosk to try to plead the "loss of money or property" required for him to have UCL standing, Plaintiff Flores-Mendez had no choice but to predicate his unlawfulness- and unfairness-based UCL claims on those very same alleged Zoosk misrepresentations, because otherwise the requisite causal nexus would not exist between the alleged conduct in violation of the UCL and the alleged loss of money or property necessary for UCL standing. *See* Cal. Bus. & Prof. Code § 17204  (requiring a UCL claimant to have "suffered injury in fact and [have] lost money or property *as a result of* the [alleged UCL violation]") (emphasis added).

[2] Notably, in both *Anthem* and *McCoy* the court expressly required the plaintiff to allege actual reliance on the misrepresentation in question in order to plead a UCL violation based on that misrepresentation (*see Anthem*, 2016 WL 3029783 at *30–32; *McCoy*, 2021 WL 405816 at *10) – which further belies the idea that these rulings somehow excused the plaintiff, by reason of his agreement to the relevant terms of use, from pleading actual reliance on the misrepresentation in question.  In *Marriott*, the defendant evidently made no reliance-based argument, *see* 440 F. Supp. 3d at 493, so that decision likewise cannot be read to have made any such holding.

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

1    *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012) (internal citation and quotation

2    omitted); *Durell*, 183 Cal. App. 4th at 1361 ("An unlawful business practice under Business and

3    Professions Code section 17200 is an act or practice, committed pursuant to business activity, that

4    is at the same time forbidden by law.").  Such a claim is therefore "predicated on a violation of a

5    separate statute or common law regime" and if such "violations are insufficiently pled, it follows

6    that Plaintiffs have failed to sufficiently plead a violation of the UCL." *Jones v. Micron Tech. Inc.*,

7    400 F. Supp. 3d 897, 923 (N.D. Cal. 2019) (White, J.); *see also Baba v. Hewlett-Packard Co.*, No.

8    C 09-05946 RS, 2010 WL 2486353, at *6 (N.D. Cal. June 16, 2010) (Seeborg, J.) (requiring that

9    complaint "plead with particularity how the facts . . . pertain to" allegedly violated statute

10   underlying UCL unlawfulness claim).  But here, the TAC premises Plaintiff Flores-Mendez's UCL

11   unlawfulness claim solely on the supposed Zoosk misrepresentations alleged at TAC ¶¶ 35–47 and

12   incorporated into the TAC's UCL claim (see TAC ¶ 100) and Zoosk's alleged "fail[ure] to disclose

13   the inadequate nature of the security of its computer systems and networks that stored Plaintiff's

14   and the Subscription Subclass members' sensitive PII" (see  TAC ¶ 102).  There are no additional

15   allegations sufficient to state a claim that such alleged misrepresentations and non-disclosure

16   constituted a violation of some independent common-law principle or statutory provision[3] that

17   might serve as the predicate for the unlawfulness claim.  As it fails to plead any independent

18   common-law or statutory violation on Zoosk's part, the TAC's claim under the UCL's unlawfulness

19   prong fails as a matter of law.  *See Asencio v. Miller Brewing Co.*, 283 F. App'x 559, 562 (9th Cir.

20   2008) (affirming grant of judgment on the pleadings of UCL unlawfulness claim where "there was

21   no statutory violation to provide the 'unlawful' business practice for [Plaintiff's] UCL claim.").

### 3.    Unfairness Not Pled

23        The TAC likewise fails to allege sufficient facts to demonstrate that Zoosk's conduct was

24   unfair.  "The UCL does not define the term 'unfair' . . . [and] the proper definition of 'unfair'

---

[3] Notably, the allegations of statutory violations that appear in the TAC's negligence claim, *see* TAC ¶¶ 91–97, ***are not*** incorporated by reference into the TAC's UCL claim.  *See* TAC ¶ 100 (incorporating only TAC ¶¶ 1–84 into UCL claim).  However, even if those allegations had been incorporated into the UCL claim, Plaintiff's unlawfulness claim would still have failed as those allegations do not plead violations of the referenced statutes, as shown in Zoosk's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 51).  *See id.* at n.5.

11

conduct against consumers 'is currently in flux' among California courts." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02572-LHK, 2017 WL 3727318, at *23 (N.D. Cal. Aug. 30, 2017) (Koh, J.) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003)) (alterations in original).  Courts recognize three possible tests under the unfairness prong, and plaintiffs allege that "[Zoosk's] conduct is unfair under all three of these tests."  TAC ¶ 103.  The first "tethering test" is satisfied if the "public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL [is] tethered to specific constitutional, statutory, or regulatory provisions."  *Grace v. Apple Inc.*, No. 17-CV-00551, 2017 WL 3232464, at *14 (N.D. Cal. July 28, 2017) (Koh, J.) (quoting *In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1115 (N.D. Cal. 2015)).  Second, the "balancing test" requires a determination of "whether the alleged business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers" and then a balancing of "the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *Id.*  Finally, the third test modeled after Section 5 of the FTC Act involves three requirements: "(1) that the consumer injury be substantial; (2) that the injury not be outweighed by any countervailing benefits to consumers or competition; and (3) the injury is one that consumers could not have reasonably avoided."  *Id.*   However, this last test is targeted at "harm to competition, not to consumers specifically," and is thus "inappropriate in the consumer context."  *Weeks v. Google LLC*, No. 18-CV-00801 NC, 2018 WL 3933398, at *14 (N.D. Cal. Aug. 16, 2018) (Cousins, Mag. J.).  Focusing then on the first two tests, neither supports finding that Zoosk acted unfairly here.

          a.       The tethering test counsels against finding Zoosk acted unfairly

Plaintiffs fail to allege any public policy "tethered" to a "specific constitutional, statutory, or regulatory provision[]," *In re Adobe Sys., Inc. Priv. Litig.*, 66 F. Supp. 3d 1197, 1227 (N.D. Cal. 2014) (Koh, J.), and thus have not pled an unfair UCL violation under the tethering test.  While Plaintiff Flores-Mendez relies generally on "the public policy in favor of protecting consumer data," TAC ¶ 107, he fails to connect that public policy to any specific constitutional, statutory, or regulatory provision.  Instead, he vaguely asserts Zoosk's conduct "violates the policies of the statutes referenced above," when in fact no other statutes are cited in the UCL claim, *see* TAC

ZOOSK'S OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO AMEND
3:20-CV-4929-WHA

¶¶ 100–110, save for the UCL itself, which is not specifically targeted at protecting consumer data.[4] Though the unfairness prong of the UCL does not require that Plaintiff Flores-Mendez plead a direct statutory violation, unlike the unlawful prong, he still must at least "show that the effects of [Zoosk's] conduct are comparable to or the same as a violation of the law, or otherwise significantly threaten or harm competition" in order to satisfy the tethering test. *Adobe Sys.*, 66 F. Supp. 3d at 1227. Plaintiff Flores-Mendez has not made any such connection here and thus cannot satisfy the tethering test.

> b. Plaintiff Flores-Mendez has not adequately alleged Zoosk acted unfairly under the balancing test.

Plaintiff Flores-Mendez alleges in conclusory fashion that Zoosk's conduct "was contrary to public policy, immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers," TAC ¶ 107, parroting the language of the balancing test standard. But more than merely reciting a legal conclusion is required to plead a UCL unfairness claim in reliance on the balancing test. *See Yahoo!*, 2017 WL 3727318, at *24 (holding that plaintiffs satisfied balancing test by alleging (1) defendants "knowingly failed to employ adequate safeguards to protect their consumers' data, in violation of Defendants' Privacy Policy" and such conduct violated various California statutes, including the Online Privacy Protection Act, "which were intended to reflect California's public policy of protecting consumer data"). Here, Plaintiff Flores-Mendez alleges the following purported Zoosk conduct was unfair in light of the supposed Zoosk misrepresentations alleged at TAC ¶¶ 35–47 and incorporated into the TAC's UCL claim: (1) Zoosk "failed to disclose the inadequate nature of the security of its computer systems and networks that stored Plaintiff's and the Subscription Subclass members' sensitive PII," TAC ¶ 104; (2) Zoosk "collected money from the Subscription Subclass but failed to commit appropriate portions of that money to enact security measures to protect Plaintiffs' and Class members' PII," TAC ¶ 105; and (3) Zoosk "failed to use reasonable security measures to protect Plaintiffs' and Class Members' PII," TAC ¶ 106. But Plaintiff Flores-Mendez has pled no facts to establish that Zoosk acted contrary to some

---

[4] Again, the statutory violations asserted in the TAC's negligence claim are not incorporated into its UCL claim and would not rescue that claim even if they had been so incorporated. See note 3 *supra*.

1  specified public policy or in an "immoral, unethical, oppressive, unscrupulous and/or substantially

2  injurious" manner in performing this alleged conduct.  *Bardin v. Daimlerchrysler Corp.*, 136 Cal.

3  App. 4th 1255, 1239 (2006) (holding that use of less expensive tubular steel exhaust manifolds did

4  not violate public policy because defendant made no representation about composition of manifolds

5  and plaintiffs did not allege safety concern or violation of warranty) (internal citations omitted);

6  *see Hodsdon v. Mars, Inc.*, 891 F.3d 857, 867 (9th Cir. 2018) (holding "failure to disclose

7  information [the defendant] had no duty to disclose in the first place is not substantially injurious,

8  immoral, or unethical" and therefore does not satisfy balancing test).

9        Even if Plaintiff Flores-Mendez had pled facts sufficient to satisfy this first part of the

10  balancing test, which he did not, the Court must still "weigh the utility of the defendant's conduct

11  against the gravity of the harm to the alleged victim."  *Adobe Sys.*, 66 F. Supp. 3d at 1227.  Again,

12  Plaintiff Flores-Mendez merely recites the words of the test, alleging "[t]he gravity of the harm of

13  [Zoosk's] failure to secure and protect Plaintiffs' and Class Members' sensitive PII is significant

14  and there is no corresponding benefit resulting from such conduct."  TAC ¶ 108.  But nowhere does

15  Plaintiff Flores-Mendez quantify either the tangible harm he claims to have suffered or the costs

16  Zoosk would have had to incur in order to avoid that harm, as he must in order to satisfy this part

17  of the balancing test.

18  **C.      The TAC's Proposed Amendment of the SAC's UCL Claim Is Futile Because
          the TAC Fails To Allege Facts Sufficient To Establish Plaintiff Flores-
19        Mendez's Entitlement to the Relief Sought Pursuant to This Claim**

20        A plaintiff bringing an action under the UCL is permitted to obtain as a remedy only

21  injunctive and restitutionary relief.  *See* Cal. Bus. & Prof. Code § 17203; *Fresno Motors, LLC v.

22  Mercedes Benz USA, LLC,* 771 F.3d 1119, 1135 (9th Cir. 2014).  Here, Plaintiff Flores-Mendez

23  seeks both forms of relief.  As to the claim for restitution, "[u]nder the UCL, an individual may

24  recover profits unfairly obtained to the extent that these profits represent monies given to the

25  defendant or benefits in which the plaintiff has an ownership interest."  *Yahoo!*, 2017 WL 3727318,

26  at *31.  Thus, even assuming Plaintiff Flores-Mendez had sufficiently alleged that he incurred a

27  loss by having paid subscription fees to Zoosk, which he has not, he nonetheless would be entitled

28

1   to restitution of some portion of those fees only if and only to the extent Zoosk profited from those

2   fees (i.e., only if and to the extent Zoosk's costs of providing the services were less than the

3   payments Plaintiff Flores-Mendez made for the services).  No allegation of any such Zoosk profits

4   appears in the TAC, however.

5          Neither is Plaintiff Flores-Mendez entitled to an injunction under the UCL.  All the Zoosk

6   activity he alleges to have been unlawful occurred in the past.  Under the UCL, "a plaintiff cannot

7   receive an injunction for past conduct unless he shows that the conduct will probably recur."  *Sun*

8   *Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999).  Plaintiff Flores-

9   Mendez's UCL cause of action contains no allegation that Zoosk currently is, or in the future will

10  be, engaging in unlawful activity.  *See* TAC ¶¶ 100–110.  Indeed, Plaintiff Flores-Mendez makes

11  no allegation whatsoever as to the current or future state of Zoosk's security.  There is thus no basis

12  for an injunction.

13  **IV.    CONCLUSION**

14         Zoosk respectfully requests that the Court deny the Motion.

15

16  Dated: November 16, 2021                    Respectfully Submitted,

17                                               /s/Douglas H. Meal
                                                Douglas H. Meal (*admitted pro hac vice*)
18                                              MA Bar No. 340971
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
19                                              222 Berkeley St., Suite 2000
                                                Boston, MA 02116
20                                              dmeal@orrick.com

21                                              Rebecca Harlow
22                                              CA Bar No. 281931
                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
23                                              405 Howard Street
                                                San Francisco, CA 94105
24                                              rharlow@orrick.com

25                                              *Attorneys for Defendant*
26                                              *Zoosk Inc.*

27

28

**CERTIFICATE OF SERVICE**

I, Rebecca Harlow, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT to be electronically filed with the Clerk of this Court using the CM/ECF system, which generated a Notification of Electronic Filing to all persons currently registered with the Court to receive such notice in the above-captioned case.

_/s/ Rebecca Harlow_____
Rebecca Harlow
CA Bar No. 281931
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
rharlow@orrick.com

*Attorneys for Defendant*
*Zoosk Inc.*

4156-4566-1490.8