

January 7, 2022

*Via E-filing and Courier*

The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Ave.
San Francisco, CA  94102

**Orrick, Herrington & Sutcliffe LLP**
222 Berkeley Street, Suite 2000
Boston, MA 02116-3740
+1 617 880 1800

**orrick.com**

**Douglas H. Meal**
E  dmeal@orrick.com
D  +1 617 880 1880
F  +1 617 880 1801

**Re:** *Flores-Mendez et al., v. Zoosk, Inc., et al.*, Case No. 3:20-cv-04929-WHA
Defendant Zoosk's Request for Discovery Relief

To the Honorable Judge Alsup:

    Defendant Zoosk, Inc. ("Zoosk") requests the discovery relief set forth below pursuant to this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup (paragraph 34) ("Supplemental Order").[1]

    Pursuant to the Supplemental Order, Zoosk respectfully requests this Court to compel Plaintiffs' Juan Flores-Mendez and Amber Collins to (1) each provide a substantive response to Defendant's Interrogatory 13 (served June 21, 2021); and (2) complete production of documents responsive to Defendant's June 21, 2021 Requests for Production (the "RFPs").  Each Plaintiff represented in response to Interrogatory 13 and in response to 14 of the RFPs that he or she would provide fully responsive information and/or documents; yet as of today, more than six months after Zoosk's service of these discovery requests and with just days remaining before Plaintiffs' depositions and the start of Zoosk's time to prepare its class certification opposition, Plaintiffs have failed to do so.  Zoosk's counsel has sent the five attached letters to Plaintiffs' counsel (dated November 8, November 23, December 3, December 30, and January 5) and specifically requested to meet and confer regarding these issues in three of those letters (December 3, December 30, and January 5).  Counsel met and conferred telephonically on December 9, during which call Plaintiffs' counsel represented that by December 24 Plaintiffs would answer Interrogatory 13 in full and complete their production in response to the RFPs.  Plaintiffs failed to do either of these things.  Moreover, since December 24, Plaintiffs have failed to respond to Defendant's follow-up letters, have ignored Defendant's latest two requests to meet and confer, and have continued their failure to provide the promised amended responses to Interrogatory 13 and the promised additional documents responsive to the RFPs.  As explained herein, Plaintiffs' continued failure to provide this discovery has prejudiced and, until cured, will continue to prejudice Zoosk's ability to defend this case, in particular its ability to oppose Plaintiffs' forthcoming motion for class certification.

    ***Interrogatory 13.***  Zoosk served identical sets of 13 interrogatories on each Plaintiff on

---

[1] Pursuant to the Supplemental Order, attached to this letter are (i) a 10-page attachment containing Zoosk's five letters to Plaintiffs concerning the requested discovery and (ii) the "discovery-dispute requests and responses," which include Plaintiff Collins' and Plaintiff Flores-Mendez's first and supplemental responses to Zoosk's Interrogatories and responses to Zoosk's RFPs.

June 21, 2021. Interrogatory 13 directed each Plaintiff to *"[p]rovide a computation of each category of damages claimed by you in the Action and state the basis for each such computation."* Even though Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires Plaintiffs to provide this information in their initial disclosures (which Plaintiffs served in November 2020), Plaintiffs failed to do so, thus necessitating Zoosk to propound Interrogatory 13. Two months later, on August 23, 2021, each Plaintiff provided an initial response to Interrogatory 13 that referred Zoosk to responses to other interrogatories and stated that *"Plaintiff intends to amend this response to provide an estimated value of [his or her] time lost and other losses caused by the breach."*

No such amendment was ever served. Accordingly, by letter dated November 23, Zoosk requested the promised amended answers to Interrogatory 13. When Plaintiffs ignored this request, Zoosk followed up by letter dated December 3 and requested a meet and confer. Counsel met and conferred on December 9, 2021, at which time Plaintiffs' counsel promised to provide amended answers to Interrogatory 13 by December 24, 2021, which delivery date Plaintiffs later asked and Zoosk later agreed to extend to December 27, 2021. On December 27, 2021, however, each Plaintiff failed to amend his or her response to Interrogatory 13. Zoosk could have at that point come straight to the Court for relief. Instead, Zoosk asked Plaintiffs for a fourth time, via a letter dated December 30, 2021, for amended responses to Interrogatory 13, this time asking Plaintiffs to provide their amended responses (or, alternatively, meet and confer) by January 4, 2022. Plaintiffs failed to respond. Zoosk reiterated its request a fifth time on January 5, 2022, this time extending the requested date for Plaintiffs' response to January 7, and noting Zoosk would have to seek judicial intervention if Plaintiffs failed to respond. Again, Plaintiffs did not respond.

**RFPs.** The RFPs were served on June 21, 2021 and are identical as to each Plaintiff, each containing 23 separate document requests. On August 23, 2021, both Plaintiffs provided identical responses to the RFPs: Each refused to produce documents in response to two RFPs, claimed no responsive, non-privileged documents existed in response to seven RFPs, and in response to the remaining 14 RFPs agreed to *"produce all responsive… documents that are within [his or her] possession, custody, and control, and discoverable through a reasonable search."*

The 14 RFPs in response to which the Plaintiffs agreed to produce all responsive documents seek documents that are undeniably relevant, including, *inter alia*, documents concerning (a) the intrusion generally; (b) Plaintiffs' allegations that Zoosk failed to maintain reasonable security; (c) credit monitoring services Plaintiffs purchased or were offered; (d) Plaintiffs' Zoosk membership, terms of service, communications regarding consumer privacy, and monies paid to Zoosk; (e) Plaintiffs' claims of damages and time spent mitigating such damages; (f) Plaintiffs' actions to mitigate any damages; and (g) prior theft or loss of personal information.

Despite stating they would produce documents in response to those 14 RFPs, to date Plaintiff Collins has produced zero documents and Plaintiff Flores-Mendez has produced 12 pages of documents, which include two pages that are merely cover sheets and five pages of Zoosk's own filing with the California Attorney General. As noted in Zoosk's December 30 letter, this 12-page production omits such clearly responsive documents as the email Plaintiff Flores-Mendez would have received from Zoosk if, as he claims, the incident affected his information, and the records substantiating Plaintiff Flores-Mendez's claim that he paid for a Zoosk subscription.

Zoosk has five times requested via letter that Plaintiffs complete their productions in

response to the 14 RFPs as to which they undertook to produce all the documents Zoosk had requested. On December 9, 2021, after the third of those letters, the parties conducted a meet and confer regarding Plaintiffs' deficient productions, during which Plaintiffs' counsel acknowledged that Plaintiffs' production in response to those RFPs was incomplete and promised to complete that production by December 24, 2021, which delivery date Plaintiffs later asked and Zoosk later agreed to extend to December 27, 2021. On December 27, 2021, however, neither Plaintiff produced any documents. Thereafter, Plaintiffs simply ignored Zoosk's subsequent letters offering to extend the deadline for Plaintiffs' promised document production first to January 4 and then to January 7, 2022 (or, in the alternative, to meet and confer).

***Plaintiffs' Refusal to Produce the Discovery at Issue Substantially Prejudices Zoosk.*** There can be no question that Zoosk is entitled to the discovery sought by the requests at issue here. Indeed, Plaintiffs have conceded as much, having raised no objection when they served their responses to Zoosk's discovery requests either to Interrogatory 13 or to the 14 RFPs as to which they undertook to produce all the documents Zoosk had requested. Nor can there be any doubt that Plaintiffs have had ample time to respond to the discovery requests at issue here: Interrogatory 13 merely seeks damages calculations of the sort that Plaintiffs should have provided in November 2020 – *fourteen months ago* – as part of their Rule 26(a) initial disclosures; and the 14 RFPs at issue seek documents in Plaintiffs' personal possession, custody, or control and thus readily accessible by them. At the December 9 meet and confer, in recognition of the propriety of these discovery requests and their delinquency in responding to those requests, Plaintiffs promised to do so by December 24, 2021, which production deadline Plaintiffs later asked and Zoosk later agreed to extend to December 27, 2021, and then again to January 4, 2022, and then to January 7, 2022.

Plaintiffs' failure to live up to their December 9 promise, even after Zoosk unilaterally twice extended the agreed deadline for doing so by means of overtures that Plaintiffs simply ignored, warrants intervention by this Court to order immediate and complete responses to the discovery requests at issue. Without the basic damages claims and calculations called for by Interrogatory 13, and without the liability- and damages-related documents called for by the 14 RFPs at issue, Zoosk will be prevented from adequately preparing for and taking depositions of the Plaintiffs. Those depositions have been noticed for the week of January 17, and they need to occur that week as scheduled in order for Zoosk to have Plaintiffs' testimony in hand on January 24, 2022, when Plaintiffs file their class certification motion and Zoosk begins preparation of its opposition to that motion. As this Court has made clear, central to the determination of whether a class can be certified are the nature of the putative named plaintiffs' purported injury, whether that injury is actionable under applicable law, and whether damages from that injury can be calculated on a classwide basis. *Adkins v. Facebook, Inc.*, Case No. C 18-05982-WHA, ECF 260 at 9-10 (N.D. Cal. Nov. 11, 2019). The discovery requests at issue here go directly to those issues.

Zoosk thus respectfully requests this Court compel Zoosk to produce immediate and complete responses to Interrogatory 13 and the 14 RFPs at issue.

Very truly yours,

 /s/ Douglas H. Meal

Douglas H. Meal, *Counsel for Defendant Zoosk, Inc.*

## Enclosures

**Attachment 1**

- November 8, 2021, Letter from Defendant counsel Douglas H. Meal to Plaintiff counsel
- November 23, 2021, Letter from Defendant counsel Douglas H. Meal to Plaintiff counsel
- December 3, 2021, Letter from Defendant counsel Douglas H. Meal to Plaintiff counsel
- December 30, 2021, Letter from Defendant counsel Douglas H. Meal to Plaintiff counsel
- January 5, 2022, Letter from Defendant counsel Douglas H. Meal to Plaintiff counsel

**Exhibit 1** – Excerpt of Plaintiff Amber Collins' Responses to Interrogatories, Set One

**Exhibit 2** – Excerpt of Plaintiff Juan Flores-Mendez's Responses to Interrogatories, Set One

**Exhibit 3** – Excerpt of Plaintiff Amber Collins' Responses Requests for Production, Set One

**Exhibit 4** – Excerpt of Plaintiff Juan Flores-Mendez's Responses Requests for Production, Set One

# **CERTIFICATE OF SERVICE**

I, Rebecca Harlow, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT ZOOSK, INC.'S JANUARY 7, 2022, LETTER TO JUDGE ALSUP REGARDING DEFENDANT ZOOSK'S REQUEST FOR DISCOVERY RELIEF to be electronically filed with the Clerk of this Court using the CM/ECF system, which generated a Notification of Electronic Filing to all persons currently registered with the Court to receive such notice in the above-captioned case.

Dated: January 7, 2022

*/s/ Rebecca Harlow*
Rebecca Harlow
CA Bar No. 281931
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
rharlow@orrick.com

*Attorneys for Defendant Zoosk, Inc.*

4158-4403-7684.2

ZOOSK INC.'S JANUARY 7, 2022, LETTER TO JUDGE ALSUP REGARDING DEFENDANT ZOOSK'S REQUEST FOR DISCOVERY RELIEF
3:20-cv-04929-WHA