DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:   +1 415 773 5759

Attorneys for Defendant
ZOOSK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DEFENDANT ZOOSK, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Judge:    The Honorable William Alsup |

**TABLE OF CONTENTS**

Page

I.  ARGUMENT ................................................................................................................... 1

    A.  Plaintiffs' Purported Breach-of-Contract Theory Is Absent from the TAC ........... 1

    B.  Even If the TAC Alleged a Zoosk Breach of Contract, It Still Would Be Insufficient to Allege an Unfairness- or Unlawfulness-Based UCL Violation.................................................................................................................. 2

    C.  Even If Reliance Need Not Be Pled Here, a Standing-Creating UCL Injury Still Has Not Been Pled ........................................................................................... 5

II. CONCLUSION ................................................................................................................ 5

**TABLE OF AUTHORITIES**

Page

**Cases**

*Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*,
 No. 2:17-CV-01515-KJM-AC, 2020 WL 3893395 (E.D. Cal. 2020) ....................... 2

*Capello v. Walmart, Inc.*,
 394 F. Supp. 3d 1015 (N.D. Cal. 2019) .................................................................. 3, 4

*Gardiner v. Walmart, Inc.*,
 No. 20-CV-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) .................... 5

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ............................................................................................ 2

*Oasis W. Realty, LLC v. Goldman*,
 51 Cal.4th 811, 124 Cal.Rptr.3d 256, 250 P.3d 1115 (2011) ................................... 1

*Parino v. BidRack, Inc.*,
 838 F. Supp. 2d 900 (N.D. Cal. 2011) ...................................................................... 1

*Puentes v. Wells Fargo Home Mortg., Inc.*,
 160 Cal. App. 4th 638 (2008) ................................................................................... 2

*Shelton v. Ocwen Loan Servicing, LLC.*,
 No. 18-CV-02467-AJB-WVG, 2019 WL 4747669 (S.D. Cal. 2019) ....................... 3

*Shroyer v. New Cingular Wireless Servs., Inc.*,
 622 F.3d 1035 (9th Cir. 2010) .................................................................................. 2

*Williams v. Apple, Inc.*,
 449 F. Supp. 3d 892 (N.D. Cal. 2020) .................................................................. 1, 3

**Statutes**

CCP § 22576 ................................................................................................................. 3, 4

FTC Act § 5 ....................................................................................................................... 4

UCL ................................................................................................................... 1, 2, 3, 4, 5

After oral argument on Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 95, the "Motion"), the Court granted Zoosk leave to file a supplemental brief "limited to new issues/points raised in [Plaintiffs'] reply brief." (ECF No. 119). As shown below, those new arguments create no basis for granting the Motion, so the Motion should be denied.

## I. ARGUMENT

### A. Plaintiffs' Purported Breach-of-Contract Theory Is Absent from the TAC

For the first time on reply, and then throughout oral argument, Plaintiffs characterized their proposed UCL claim as being predicated on a breach-of-contract theory, specifically breach of Zoosk's Privacy Policy (*see* ECF No. 102 ("Reply") at 2–4; Jan. 13, 2022 Motion Hearing Trans. ("Motion Trans." at 15:6-22), in an effort to escape the reliance requirement for UCL claims predicated on misrepresentations or omissions. *See, e.g.*, *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 912 (N.D. Cal. 2020) (Koh, J.) ("California courts have held that when the 'unfair competition' underlying a plaintiff's UCL claim consists of a defendant's misrepresentation or omission, a plaintiff must have actually relied on the misrepresentation or omission, and suffered economic injury as a result of that reliance, to have standing to sue.") (internal citation omitted). However, Plaintiffs' proposed Third Amended Class Action Complaint ("TAC") nowhere alleges any such Zoosk breach of contract. Indeed, not once do the terms "contract" or "agreement" appear in the TAC, nor is any "breach of contract" or "breach of agreement" alleged anywhere therein. *See* TAC (ECF No. 95.01).

Instead, in citing to Zoosk's Privacy Policy's provisions regarding what types of data Zoosk collects from users (TAC, ¶¶ 33–36), how that data is shared with third parties (TAC ¶¶ 37–39), and measures Zoosk takes to help protect information that is transferred or stored (TAC ¶ 41), the TAC plainly, expressly, and repeatedly refers to these provisions as being Zoosk "representations" – not contractual obligations. *See* TAC ¶¶ 43–44. Thus, rather than alleging that Zoosk's conduct somehow breached a contract and thereby caused Plaintiffs damages, as is necessary to allege breach of contract[1], the TAC instead claims that Zoosk's conduct misled Plaintiff Flores-Mendez,

---

[1] To plead breach of contract under California law, a plaintiff must allege "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting

to his detriment, as to Zoosk's compliance with the Privacy Policy's representations. *See* TAC ¶ 47 ("Had Zoosk properly notified consumers . . . that it was not complying with its Privacy Policy, Plaintiff Flores-Mendez would have ceased use of the Zoosk Services, ceased providing Zoosk with his sensitive and confidential PII, and ceased paying for the Zoosk services."). Quite plainly, this is a misrepresentations-and-omissions-based theory, not a breach-of-contract-based theory.[2] Thus, the underlying premise of the new argument that Plaintiffs first advanced in their reply brief and then reiterated at oral argument – namely, that the TAC's UCL claim is based on an alleged Zoosk contract breach – is simply inaccurate and should be rejected by the Court for that reason alone. *See* Reply at 2-4; Motion Trans. at 15:6-22.

### B. Even If the TAC Alleged a Zoosk Breach of Contract, It Still Would Be Insufficient to Allege an Unfairness- or Unlawfulness-Based UCL Violation

Merely pleading a breach of contract is not sufficient to plead an unfairness- or unlawfulness-based UCL violation. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1043 (9th Cir. 2010) (consumer sufficiently alleged cellular service provider breached his contract where his service was degraded following merger, but that conduct alone, or in conjunction with conclusory allegations of misrepresentations, was insufficient to support an unlawful nor unfairness UCL claim). Courts have consistently reaffirmed that the UCL is not an "all-purpose substitute for a tort or contract action." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003). Consequently, for a plaintiff to base a UCL claim on a contract breach, "the breaching conduct must also constitute conduct that is unlawful, unfair, or fraudulent." *Id.* (holding that breach of contract alone did not amount to violation under unlawful prong).[3] Here, then, even

---

damages to the plaintiff." *Parino v. BidRack, Inc.*, 838 F. Supp. 2d 900, 907–08 (N.D. Cal. 2011) (Alsup, J.) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011)).

[2] Indeed, Plaintiffs' counsel *admitted* as much just two days prior to the oral argument of the Motion, when she appeared before the Court and repeatedly characterized the TAC's proposed UCL claim as being based on Zoosk *representations* – not Zoosk *contract breaches*. *See* Jan. 11, 2022 Discovery Hearing Trans. at 9:21–10:2 ("In the complaint, we've, you know, cited to certain representations that Zoosk has made. And that hearing [on the Motion] will be before Your Honor, whether we're able to amend to add the UCL claims back in a net claim for damages. But the theory is there were certain representations made and an understanding that at least some portion of that money would include this kind of premium security.").

[3] *See also Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 645 (2008) (reiterating that although breach of contract can be predicate for UCL claim, it must also constitute unlawful, unfair, or fraudulent conduct); *Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, No. 2:17-CV-01515-KJM-AC,

if the TAC alleged a Zoosk breach of contract, which it does not, to be viable the TAC's UCL claim would need to plead "something more" than that contract breach.

In tacit recognition of this point, the TAC's UCL claim seeks to plead the necessary "something more" by alleging that, by reason of Zoosk's alleged misrepresentations and omissions, Zoosk's conduct was deceptive. *See* TAC ¶¶ 102 & 104 (alleging Zoosk's conduct was unlawful and unfair because Zoosk "failed to disclose the inadequate nature of the security of its computer systems and networks"). But in so doing, the TAC brings its UCL claim squarely within the rule that, regardless of the theory being advanced, "when the 'unfair competition' underlying a plaintiff's UCL claim consists of a defendant's misrepresentation or omission, a plaintiff must have actually relied on the misrepresentation or omission . . . to have standing to sue." *Williams*, 449 F. Supp. 3d at 912; *see also* Zoosk's Opposition to the Motion ("Opposition") (ECF No. 99), at 9–10. Here, the TAC's UCL claim pleads no such reliance and thus fatally runs afoul of this rule.[4]

Plaintiffs rely on *Capello v. Walmart, Inc.*, 394 F. Supp. 3d 1015, 1020 (N.D. Cal. 2019) (Seeborg, J.), for the proposition that pleading reliance is not necessary "where a defendant breaches contractual privacy protection governing the relationship it has with its users." Reply at 2. However, *Cappello* does not so hold. Judge Seeborg merely concluded that plaintiffs had sufficiently alleged standing and causation for their UCL claim because they alleged "breach of the contractual privacy protections governing the sales in violation of [CCP] Section 22576." *Id.* at 1020 (emphasis added). Thus the "something more" that converted a potential breach of contract

---

2020 WL 3893395, at *8 (E.D. Cal. July 10, 2020) ("breach of contract claim may possibly state a claim under the UCL's 'unlawfulness' prong when it is flanked by allegations the conduct is also unlawful, unfair or fraudulent"); *Shelton v. Ocwen Loan Servicing, LLC.*, No. 18-CV-02467-AJB-WVG, 2019 WL 4747669, at *11 (S.D. Cal. Sept. 30, 2019) ("Plaintiffs fail to articulate what about the breach was also unlawful, unfair, or fraudulent; therefore the breach cannot be the basis of a UCL violation.").

[4] In the Reply, and again at oral argument of the Motion, Plaintiffs argued they should be excused from pleading reliance on Zoosk's supposedly deceptive representations and omissions based on their having (evidently falsely) confirmed to Zoosk upon becoming a Zoosk member that they had read the terms of the Zoosk Privacy Policy. *See* Reply at 2; Motion Trans. 5:7-16. But it would be nonsensical to permit a plaintiff who falsely claims that he or she has read the defendant's statements at issue to be relieved, *based on that false claim*, from pleading and proving like any other UCL plaintiff that he or she *in fact did read* those statements. *See* Opposition at 4–5. And in any event, by means of the Privacy Policy provision at issue Plaintiffs merely confirmed that they had *read* the Privacy Policy – not that they had *relied* on any particular Privacy Policy provision(s) in signing up for their Zoosk memberships (*see* TAC ¶ 42) – so even by its terms that confirmation could not establish the reliance that must be pled here.

claim into a viable UCL claim was the *Cappello* plaintiffs' allegations of a CCP Section 22576 violation. But in so holding, Judge Seeborg made crystal clear that in "benefit of the bargain" UCL cases where the alleged wrongful conduct "is premised on a misrepresentation," the requirement of pleading reliance on the misrepresentation applies with full force. *Id.* at 1020–21. Thus, that requirement can be avoided in such a case only where a UCL plaintiff pleads "a breach of contract *rather than* a misrepresentation" or omission, *id.* at 1021 (emphasis added) – not where he or she pleads a breach of contract *based upon* a misrepresentation or omission.

Here, as noted above, the TAC's UCL claim is expressly based on alleged Zoosk misrepresentations and omissions. *See* TAC ¶¶ 102 & 104. Thus, even if that claim pled a Zoosk breach of contract (again, it does not), it still would have to plead reliance on the misrepresentations and omissions that supposedly constituted that breach – which it manifestly does not. At oral argument, Plaintiffs' counsel sought to avoid this inevitable conclusion by claiming that the TAC's UCL claim is based not on alleged Zoosk misrepresentations and omissions (which it in fact expressly is), but rather on an alleged Zoosk violation of Section 5 of the FTC Act. *See* Motion Trans. at 20:25-21:13. This "Hail Mary" effort to save the TAC's UCL claim fails for three reasons. First, no allegation of a Zoosk Section 5 violation is anywhere to be found in the UCL claim,[5] which means the UCL claim pleads neither any "unlawful" Zoosk conduct, nor any Zoosk "public policy" violation sufficient to satisfy either the "tethering" or the "balancing" test for "unfairness." *See* Opposition at 12–14.[6] Second, as explained in Zoosk's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint (ECF No. 51) at n.5, even if the TAC's UCL claim included an assertion that Zoosk violated Section 5, it fails to plead the necessary elements of such a violation and thus comes nowhere near pleading a viable Section 5 claim against Zoosk. Third, even if the TAC's UCL claim both asserted and validly pled the elements of a Zoosk Section

---

[5] *See* Opposition at 11, n.3. Indeed, the TAC actually proposes *to delete* the supposed Zoosk Section 5 violation alleged in the Second Amended Complaint's ("SAC") now-dismissed UCL claim and replace that allegation with the TAC's misrepresentation-and-omissions-based theory of UCL liability. *Compare* SAC ¶ 92 (asserting Zoosk Section 5 violation) *with* TAC ¶ 102 (deleting and replacing such assertion).

[6] The Reply's argument that a mere violation of a company's own Privacy Policy can satisfy the "balancing test," *see* Reply at 5–6, fails because Plaintiffs' cited cases such as *Yahoo!* all involved either an alleged *statutory* violation or an alleged *knowing* Privacy Policy violation (or both) – neither of which is alleged here. *See* Opposition at 12–14.

5 violation, it still would also plead misrepresentations and omissions by Zoosk, *see* TAC ¶¶ 102 & 104, and thus still would require supporting allegations of reliance on those misrepresentations and omissions.

### C. Even If Reliance Need Not Be Pled Here, a Standing-Creating UCL Injury Still Has Not Been Pled

For a plaintiff to proceed on a "benefit of the bargain" theory of UCL injury – the theory here according to Plaintiffs' counsel's argument of the Motion – he or she must plead facts establishing the so-called benefit that allegedly was promised but not delivered. Where the purported benefit is data security, then, the plaintiff's allegations "must establish that the cost of the goods he purchased . . . included some amount attributable to data security." *Gardiner v. Walmart, Inc.*, No. 20-CV-04618-JSW, 2021 WL 2520103, at * 6 (N.D. Cal. Mar. 5, 2021) (White, J.). As a result, in *Gardiner*, Judge White rejected the plaintiff's "benefit of the bargain" theory of UCL injury because "Plaintiff [did] not allege facts that his Walmart purchases included a sum understood by the parties to be allocated toward customer data protection." *Id.* Likewise here, Plaintiffs' UCL claim nowhere alleges that Mr. Flores-Mendez's Zoosk subscription payment included a sum understood by the parties to be allocated to data protection. *See* TAC ¶¶ 1–84, 100–110. Thus, the TAC's UCL claim fails to include the necessary allegations establishing that the cost of the services Mr. Flores-Mendez purchased included some amount attributable to data security. Accordingly, Plaintiffs have not pled a standing-creating UCL injury whether or not, to sustain the UCL claim, they must plead reliance on Zoosk's alleged representations and omissions.

## II. CONCLUSION

In granting Plaintiffs' leave to seek to file what would be their *fourth* complaint seeking to assert a UCL claim against Zoosk in this case, the Court admonished Plaintiffs to "be sure to plead their best case and account for all criticisms, including those not reached by this order." ECF 93 at 8. As shown above, Plaintiffs' "best" UCL case, as reflected in the TAC, is still a losing UCL case. Zoosk therefore respectfully requests that the Court deny the Motion.

| | | |
|---|---|---|
| 1 | Dated: January 18, 2022 | Respectfully Submitted, |
| 2 | | __/s/Douglas H. Meal_____ |
| 3 | | Douglas H. Meal (*admitted pro hac vice*)<br>MA Bar No. 340971 |
| 4 | | ORRICK, HERRINGTON & SUTCLIFFE LLP<br>222 Berkeley St., Suite 2000 |
| 5 | | Boston, MA 02116<br>dmeal@orrick.com |
| 6 | | *Attorneys for Defendant Zoosk Inc.* |

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I, Rebecca Harlow, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT ZOOSK, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT to be electronically filed with the Clerk of this Court using the CM/ECF system, which generated a Notification of Electronic Filing to all persons currently registered with the Court to receive such notice in the above-captioned case.

                                                             */s/ Rebecca Harlow*
                                            Rebecca Harlow
                                            CA Bar No. 281931
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            405 Howard Street
                                            San Francisco, CA 94105
                                            rharlow@orrick.com

                                            *Attorneys for Defendant Zoosk Inc.*