

January 26, 2022

Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116-3740
+1 617 880 1800

orrick.com

Douglas H. Meal
E  dmeal@orrick.com
D  +1 617 880 1880
F  +1 617 880 1801

*Via E-filing and Courier*

The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Ave.
San Francisco, CA  94102

Re:   *Flores-Mendez et al., v. Zoosk, Inc., et al.*, Case No. 3:20-cv-04929-WHA
      Defendant Zoosk's Request for Discovery Relief

To the Honorable Judge Alsup:

Defendant Zoosk, Inc. ("Zoosk") requests the discovery relief set forth below pursuant to this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup (paragraph 34) ("Supplemental Order").[1]

Pursuant to Federal Rule of Civil Procedure 26(c)(1)(A), Zoosk respectfully requests this Court for good cause detailed herein to issue a protective order forbidding the discovery sought by Plaintiffs' Second Set of Interrogatories (Exhibit 1) and Third Set of Requests for Production (Exhibit 2) (both served January 21, 2022) (jointly, the "New Discovery").  As discussed below, Plaintiffs themselves concede that the New Discovery is appropriate if, and only if, the Court grants Plaintiffs' pending motion to amend their complaint.  However, as also discussed below, in support of their pending motion to amend their complaint, Plaintiffs expressly represented to the Court that granting that motion *would not* result in any need for additional discovery such as the New Discovery.  In other words, Plaintiffs themselves have acknowledged that they have no basis for propounding the New Discovery, no matter how the Court rules on their pending motion to amend their complaint.  That being the case, entry of a protective order forbidding the New Discovery is warranted under Rule 26(c)(1)(A) so as to relieve Zoosk of the unwarranted burden of responding and/or otherwise objecting to the New Discovery on the merits.

The specific grounds for the protective order being requested by Zoosk are as follows.

---

[1] Pursuant to the Supplemental Order, attached to this letter are (i) a 2-page attachment containing Zoosk's letter to Plaintiffs concerning the Interrogatories and Responses, (ii) a 1-page certification executed by Zoosk's counsel Douglas H. Meal pursuant to FRCP 26(C)(1) that Zoosk has in good faith attempted to confer with Plaintiffs; and (iii) the "discovery-dispute requests and responses," which include Plaintiffs' Second Set of Interrogatories to Defendants *[sic]* Zoosk, Inc. and Plaintiffs' Third Set of Document Requests to Defendant Zoosk, Inc., both served on Zoosk January 21, 2022.

Plaintiffs assert in their January 21, 2022 Motion for Relief from Case Management Schedule ("Scheduling Motion") that the New Discovery is necessitated by the UCL claim they have sought to add to their complaint by means of their pending October 28, 2021 Motion for Leave to Amend Complaint ("Amendment Motion"). *See* Scheduling Motion (ECF 124) at 6:2-7 ("Because no permitted, pending claim relates to such discovery, it has yet to occur."); 8:20-9:2. Yet in the Amendment Motion, Plaintiffs supported their argument in favor of the Court's allowing their proposed amendment by representing to the Court that their "proposed amendment will also not materially change the scope of discovery in this matter." Amendment Motion (ECF 95) at 7:11-12. The New Discovery is directly at odds with that representation by Plaintiffs. *First*, as Plaintiffs admit in the Scheduling Motion, the New Discovery seeks discovery Plaintiffs have not heretofore sought in this action (ostensibly because the New Discovery pertains *only* to, and is necessitated *only* by, the UCL claim Plaintiffs seek to add to their complaint via the Amendment Motion). *See* Scheduling Motion (ECF 124) at 6:2-7; 8:20-9:2. Thus, by definition and by Plaintiffs' own admission, the New Discovery seeks discovery materially beyond the scope of discovery previously propounded by Plaintiffs in this matter. *Second*, according to Plaintiffs, completing the New Discovery will necessitate a *three-month* extension of the fact discovery deadline, from June 2, 2022 to September 1, 2022. *See id.* at 9. In short, in direct contradiction of the representation they made to the Court in the Amendment Motion in trying to persuade the Court to allow them to add a UCL claim to their complaint, Plaintiffs are now saying that their proposed amendment, by necessitating the New Discovery, in fact *will* – not *will not* – "materially change the scope of discovery in this matter." Motion to Amend (ECF 95) at 7:11-12.

      The Court need not and should not countenance such behavior. Plaintiffs cannot be permitted to tell the Court one thing in seeking leave to amend and then proceed to do precisely the opposite if the amendment is permitted. Plaintiffs previously represented to the Court that granting the Amendment Motion and allowing Plaintiffs to add a UCL claim to their complaint would not materially change the scope of discovery in this matter. Now, however, if the Court allows their requested amendment Plaintiffs propose to flout that representation by immediately propounding substantial additional discovery that supposedly is necessitated by the amendment. That additional discovery, by Plaintiffs' own estimate, will require extending the fact discovery period by 90 days and will, as reflected in Exhibits 1 and 2 hereto, cover matters entirely beyond the scope of their prior discovery requests. The Court should not allow this to happen. Instead, if the Court grants the Amendment Motion (and Zoosk continues to believe strongly that it should not), the Court should hold Plaintiffs to the representation they made in seeking their proposed amendment by prohibiting Plaintiffs from seeking any discovery based on the amendment that would go beyond the scope of their previously filed discovery requests or that would otherwise necessitate extending the current fact discovery deadline.

      Such a prohibition, as applied to the New Discovery, would justify immediate entry of the protective order Zoosk is seeking as to the New Discovery. Plaintiffs agree the New Discovery should not go forward if the Amendment Motion is denied. And if the Amendment Motion is granted, the New Discovery would be at odds with the representation Plaintiffs made to the Court in pursuing the Amendment Motion and, as such, should not be allowed to proceed in that event either. Because the New Discovery should not be allowed regardless of how the Court rules on the Amendment Motion, the Court should forbid the New Discovery now, pursuant to Rule 26(c)(1)(A), so as to protect Zoosk against the unwarranted burden of responding and/or otherwise objecting to the New Discovery on the merits.

Zoosk thus respectfully requests this Court issue a protective order forbidding the New Discovery.[2]

Very truly yours,

 /s/ Douglas H. Meal

Douglas H. Meal, *Counsel for Defendant Zoosk, Inc.*

## Enclosures

**Attachment 1** – January 24, 2022 Letter from Defendant counsel Matthew D. LaBrie to Plaintiffs' counsel

**Attachment 2** – Zoosk certification of good faith attempt to meet and confer with Plaintiffs

**Exhibit 1** – Plaintiffs' Second set of Interrogatories to Defendants *[sic]* Zoosk, Inc. served January 21, 2022

**Exhibit 2** – Plaintiffs' Third set of Document Requests to Defendant Zoosk, Inc., served January 21, 2022

---

[2] In an effort to resolve this discovery dispute, on Monday, January 24, counsel for Zoosk via email to counsel for Plaintiffs requested a meet and confer by the end of business on Tuesday, January 25 and set forth its concerns with the New Discovery as expressed in this letter to the Court. *See* Attachment 1. Although counsel for Plaintiffs communicated with counsel for Zoosk regarding other issues related to the above-captioned matter on Monday, January 24 and Tuesday, January 25, Plaintiffs—reminiscent of their failure to respond to Zoosk's repeated attempts at a meet and confer concerning Plaintiffs' deficient discovery responses—failed to respond in any way to Zoosk's request to meet and confer, even after counsel for Zoosk sent a follow-up email on January 26. *See* Attachment 2.