DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA  02116-3740
Telephone:   +1 617 880 1800
Facsimile:    +1 617 880 1801

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Zoosk, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLOREZ-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**MOTION FOR DISMISSAL OF PLAINTIFF AMBER COLLINS' CLAIMS PURSUANT TO FED. R. CIV. PRO. 41(b)**<br><br>DATE:     March 24, 2022<br>TIME:     8:00 a.m.<br>CTRM.:   12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>JUDGE:   The Honorable William Alsup |

Defendant Zoosk, Inc. ("Zoosk") respectfully moves the Court to dismiss Plaintiff Amber Collins' ("Plaintiff Collins") claims against Zoosk pursuant to Federal Rule of Civil Procedure 41(b) for (i) failure to prosecute the above-captioned action; (ii) failure to comply with Federal Rules of Civil Procedure 30 (Depositions by Oral Examination), 33 (Interrogatories to Parties), and 34 (Producing Documents); and (iii) failure to comply with the Court's discovery orders issued during the January 11, 2022 discovery hearing.  This Motion and factual statements contained herein are supported by the attached Declaration of Douglas H. Meal ("Decl.").

Plaintiff Collins initiated the above-captioned action against Zoosk in July of 2020 on behalf of herself and—as one of two putative class representatives—on behalf of those similarly situated. The Court has not, however, certified any class in the above-captioned action.

Zoosk served Plaintiff Collins its First Set of Interrogatories ("Interrogatories") on June 21, 2021. Plaintiff Collins provided her First Response to Zoosk's Interrogatories on August 23, 2021. Notably, however, Plaintiff Collins' First Response did not contain an attestation signed by Plaintiff Collins in which she affirmed under the penalties of perjury that her answers were true and correct. Plaintiff Collins's First Response also failed to meet her Rule 33 obligations in numerous other respects. By letter dated November 23, 2021, Zoosk pointed out those deficiencies and asked that Plaintiff Collins correct them. During a meet-and-confer call that occurred on December 9, 2021, Plaintiff Collins agreed that by December 24, 2021 (which deadline Zoosk later extended to December 27, 2021) she would correct those deficiencies and also provide, as previously promised in her First Response, an amended response to Zoosk's Interrogatory 13. However, when Plaintiff Collins provided her Supplemental Response to Zoosk's Interrogatories on December 27, 2021, Plaintiff Collins did not provide any further response to Interrogatory 13 and, again, did not provide a signed attestation stating her Supplemental Response was true and correct under the penalties of perjury.

Zoosk served Plaintiff Collins its First Set of Requests for Production of Documents ("Requests") on June 21, 2021. Plaintiff Collins provided her Responses to the Requests on August 23, 2021 and, in those Responses, she agreed to produce documents in response to Requests 1 through 14. She did not, however, produce any documents in response to the Requests either at the time she served her Responses or at any time thereafter in the months of August, September, October, and November of 2021. By letter dated November 8, 2021, Zoosk pointed out that failing and asked that Plaintiff Collins correct it. During a meet-and-confer call that occurred on December 9, 2021, Plaintiff Collins agreed that by December 24, 2021 (which deadline Zoosk later extended to December 27, 2021) she would correct that failing by producing all the documents that, nearly four months earlier, she had promised to produce. However, as of the end of the day on December

27, and in violation of Rule 34, Plaintiff Collins still had failed to produce a single document in response to the Requests.

As set forth at length in Zoosk's January 7, 2021 Discovery Dispute Letter-Brief (ECF 106), during the period immediately after December 27, 2021, counsel for Zoosk repeatedly requested Plaintiff Collins fully answer Interrogatory 13, as she had promised to do, and produce the documents she had promised to produce in response to the Requests.  Zoosk explained that this discovery was needed in advance of Plaintiff Collins' deposition, which was noticed for January 19, 2022, and in order to complete class certification briefing, which was scheduled to begin on January 24, 2021.  On January 7, 2022, after Plaintiff Collins failed to provide any further discovery and failed to respond to Zoosk's request for a meet-and-confer call to discuss her continuing discovery failings, Zoosk sought this Court's intervention.  *See* ECF 106.

On January 11, 2022, after reviewing Zoosk's and Plaintiffs' filings concerning Plaintiffs' failure to timely produce the discovery requested by Zoosk and after hearing oral argument from the parties, the Court issued three orders directed to Plaintiff Collins and her co-plaintiff, Mr. Flores-Mendez.  *See* ECF 116.1.  First, the Court ordered that both Plaintiffs' "depositions [we]re to go forward [the] week [of January 17, 2022] as planned."  *Id*.  Second, the Court ordered, "[r]egarding interrogatory 13, [both] plaintiffs [we]re to provide responses under oath no later than Thursday 1/13/2022, at 12:00pm noon."  *Id*.  Third, the Court ordered, "[r]egarding all other requests [*i.e*., Zoosk's Requests for Production 1-14], [both] plaintiffs [we]re to provide responses no later than Friday 1/14/2022, at 12:00pm noon[.]"  *Id*.

Plaintiff Collins failed to comply with all three of the Court's orders of January 11, 2022. As of the date of this motion, Plaintiff Collins has not provided any additional response to Interrogatory 13 nor has she provided an attestation to either her First Response or her Supplemental Response.  Plaintiff Collins also has not produced a single document in response to the Requests.  These failings violated the second and third of the Court's January 11 orders and, for good measure, continued Plaintiff Collins' ongoing violations of Rules 33 and 34.  Further, on January 17, 2022, counsel for Plaintiff Collins informed Zoosk that Plaintiff Collins would not

1  appear for her deposition noticed for January 19, 2022, in violation of both the first of the Court's
2  January 11 orders and Rule 30.

3  In light of Plaintiff Collins' failure to comply with the Federal Rules and the Court's January
4  11, 2022 orders, and in an effort to avoid Zoosk's having to file its present motion, counsel for
5  Zoosk and for Plaintiff Collins met and conferred on January 14, 2022 and again on January 18,
6  2022. In those meetings, counsel for Plaintiff Collins informed counsel for Zoosk that, despite
7  multiple attempts to contact her, Plaintiff Collins' counsel had not been in communication with
8  Plaintiff Collins for multiple weeks. During the January 18 meet and confer, counsel for Zoosk
9  and counsel for Plaintiff Collins discussed a stipulation counsel for Zoosk had prepared by which
10 Plaintiff Collins and her claims would be dismissed by agreement pursuant to Rule 41(b). A copy
11 of that proposed stipulation is attached hereto. *See* Decl. Ex. A. Counsel for Plaintiff Collins said
12 that she agreed with the facts recited in the proposed stipulation but, as she had not been successful
13 in communicating with Plaintiff Collins, she did not have authority to enter into the proposed
14 stipulation on behalf of Plaintiff Collins and, accordingly, would not do so. Counsel for Zoosk said
15 that Zoosk would therefore proceed by filing a motion for dismissal of Plaintiff Collins pursuant to
16 Rule 41(b).

17 Zoosk respectfully submits that the facts as set forth above establish failures "to prosecute,"
18 "to comply with the[] rules," and "to comply . . . with a court order" on the part of Plaintiff Collins,
19 as those terms are used in Fed. R. Civ. P. 41(b). Based on the foregoing, then, Zoosk moves this
20 Court to dismiss from this action Plaintiff Collins and all her claims against Zoosk pursuant to Rule
21 41(b) for failure to prosecute the above-captioned action, for failure to comply with Federal Rules
22 30, 33, and 34, and for failure to comply with the Court's three January 11, 2022 orders.

23

24 Dated: January 28, 2022                                ORRICK, HERRINGTON & SUTCLIFFE LLP

25

26                                                      By:      */s/ Douglas H. Meal*
                                                                 DOUGLAS H. MEAL
27                                                           Attorneys for Defendant Zoosk, Inc.

28

- 4 -                    MOTION FOR DISMISSAL OF PLAINTIFF
                         COLLINS PURSUANT TO FRCP 41(B)
                         3:20-CV-4929-WHA