# BRADLEY/GROMBACHER LLP
CLASS ACTIONS, MASS TORTS & CATASTROPHIC INJURIES

Marcus J. Bradley
Kiley L. Grombacher
Lirit A. King
Leslie H. Joyner

January 31, 2022

*Via E-filing and Courier*
The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Flores-Mendez v. Zoosk, Inc.*, Case No. 3:20-cv-4929-WHA (N.D. Cal.)
            Response to Defendant Zoosk's Request for Discovery Relief

To The Honorable Judge Alsup:

    Plaintiffs Juan Flores-Mendez and Amber Collins ("Plaintiffs") write in response to Defendant's, Zoosk, Inc. ("Zoosk") January 26, 2022 discovery filing requesting a protective order forbidding Plaintiffs from pursuing their Second Set of Interrogatories and Third Set of Requests for Production (the "Discovery Letter"). (ECF No. 127).

    The scope of this discovery is not new. In their Second Set of Interrogatories, Plaintiffs seek information about: 1) identification of those subclass members; 2) the number of consumers in each year who paid for a subscription; 3) the total amounts paid; and 4) how Zoosk used that money. (ECF No. 127-3, at 7). In their Third Set of Requests for Production, Plaintiffs seek documents and communications focused on this same information. (ECF No. 127-4, at 7–9).

    Plaintiffs have sought this information through prior discovery requests, and Defendant's Discovery Letter basis its relief chiefly on the premise that Plaintiffs' pending Amendment Motion represents that granting the motion would not "materially change the scope of discovery in this matter." Plaintiffs' representation remains true—the scope of discovery would not materially change. Therefore, there is no need to issue a protective order prohibiting this relevant and proportional discovery, and the Court should deny the requested relief based on the following.

    *First*, Plaintiffs sought discovery on paid subscribers through requested deposition testimony under Rule 30(b)(6), taken on October 12, 2021. Topic 3 of the Rule 30(b)(6) notice requested testimony including "the number of users or consumers affected by the Breach [and] the

www.bradleygrombacher.com

**Bradley/Grombacher LLP**
31365 Oak Crest Drive
Suite 240
Westlake Village CA  91361
Tel: (805) 270-7100
Fax: (805) 270-7589

Hon. William H. Alsup
January 31, 2022
Page 2

investigations and analyses that led to those determinations." Zoosk's woefully unprepared Rule 30(b)(6) witness, when questioned on Topic 3 could answer with only, "I do not know that" to the question, "Of the consumers whose information was taken in the breach, how many of those individuals were paid subscribers?" Brandon Munoz Tr. At 106:23–107:2.

*Second*, Plaintiffs sought discovery on Zoosk's budget and expenditures on the security of its users' PII from 2014 to the present with Request for Production No. 46, served on October 29, 2021. On November 30, 2021, Zoosk responded to Request for Production No. 46, stating improper "General Objections,"[1] but specifically objecting on the basis that "it is not limited to seeking documents and communications related to Zoosk's budget and expenditures on information security for PII located in the portion(s) of Zoosk's computer system accessed in the Intrusion, on the ground that, insofar as it is not so limited, the Request is overboard, is unduly burdensome, and seeks discovery not proportional to the needs of the case." However, Zoosk stated that subject to those objections, it would produce all documents responsive to that request. To date, Zoosk has not produced any documents related to its budget and expenditures on the security of its users' PII—whether for those portions of the computer systems accessed or otherwise.

Likewise, in their Interrogatory No. 17, served on May 18, 2021, Plaintiffs requested that Zoosk "Describe in detail how much You budgeted and how much You actually spent on data security for each year during the Relevant Period. If You spent more or less than was budgeted in any given year, please explain in detail the reasons for the reduced or increased spending on data security." Thus, Plaintiffs long ago propounded discovery encompassing much of what their Second Set of Interrogatories and Third Set of Requests for Production seek. The newly-issued discovery requests do not expand the scope of discovery—they narrow and focus what had already been requested.

*Third*, it is clear that both the parties and the Court itself anticipated additional discovery concerning the UCL claim should it be permitted. Specifically, on November 17, 2021, the Parties filed a stipulation, agreeing to further extend the class certification deadline, but not impacting other deadlines such as trial. (ECF No. 100). The stipulation—to which Zoosk's counsel is a signatory—also expressly recognized that "*the scope of discovery may change depending on the Court's ruling on the Motion to Amend*," and "the Parties agree to negotiate in good faith whether and to what extent another extension of the class certification briefing schedule, in addition to the extension agreed to by means of this Stipulation, may be needed after the Court has issued an order on the Motion to Amend." (ECF No. 100, at 3). This Court agreed in part to the stipulation, and,

---

[1] General objections that are boilerplate, non-specific, and unsupported are improper and are routinely stricken as a matter of law. *See Springer v. Gen. Atomics Aeronautical Sys., Inc.*, No. 16-cv-2331-BTM (KSC), 2018 WL 490745, at *5 (S.D. Cal. Jan. 18, 2018).

Hon. William H. Alsup
January 31, 2022
Page 3

notably, the Court also recognized that: "*If the scope of discovery changes significantly following an order on the motion to amend, parties may move for an extended briefing schedule with a more informed explanation.*" (ECF No. 101, at 5).

      Zoosk's insinuation of surprise or some untoward conduct by Plaintiffs in serving their Second Set of Interrogatories and Third Set of Requests for Production is utterly undermined by the record. The scope of this discovery is not new, focuses on relevant and proportional discovery, and is permissible. Accordingly, the Court should deny Zoosk's request for a protective order.

      Very truly yours,

      **BRADLEY/GROMBACHER, LLP**

      By: /s/ *Kiley L. Grombacher*
           Kiley L. Grombacher, Esq.
           *Counsel for Plaintiffs*

cc:    All counsel of record.