**.BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | CASE NO: 3:20-cv-04929-WHA<br><br>**PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL OF PLAINTIFF AMBER COLLINS' CLAIMS PURSUANT TO FED.R.CIV.PRO. 21(b)**<br><br>Date: March 24, 2022<br>Time: 8:00 a.m.<br>Court: Courtroom 12, 19th Floor<br>Hon. William Alsup |

1 | **Additional Counsel for Plaintiffs and the Putative Class:**

2 | **CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
3 | Michael R. Crosner (SBN 41299)
4 | 433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
5 | Telephone: (310) 496-4818
Facsimile: (310) 510-6429
6 | Email: zach@crosnerlegal.com
7 |        mike@crosnerlegal.com

8 | **MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
9 | (*Admitted Pro hac Vice*)
John A. Yanchunis (FL Bar No. 234681)
10 | Ryan McGee (FL Bar No. 64957)
11 | 201 N Franklin St., 7th Floor
Tampa, FL 33602
12 | Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
13 |        rmcgee@forthepeople.com

---

PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANT'S MOTION FOR DISMISSAL OF PLAINTIFF
AMBER COLLINS' CLAIMS PURSUANT TO FED.R.CIV.PRO. 21(b)
Case No. 3:20-cv-04929-WHA

# INTRODUCTION

This action arises out of a massive data breach which affected the personally protected information of tens of millions of consumers. The action was filed by two victims of the breach, Amber Collins ("Plaintiff Collins") and Juan Flores-Mendez ("Plaintiff Flores Mendez")(collectively "Plaintiffs"). Although Plaintiff Collins filed this action with the intention to represent the members of the putative class fully and adequately, and in fact did actively participate in the litigation for some time, intervening factors have rendered it impossible for her to meet her duties and obligations as a putative class representative. Specifically, Plaintiff Collins is presently in the custody of the Ventura County Sheriff's department and has pled guilty to Health and Safety Code Section 11379a and Health and Safety Code Section 11378[1]. (Declaration of Kiley Lynn Grombacher ("Grombacher Decl.") at ¶7; Exhibit A.) As such, Plaintiff Collin's ability to participate in the action has been rendered an impossibility.

Before dismissing a case or claim, a district court must consider the adequacy of less drastic sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). Plaintiffs do not oppose dismissal of Plaintiff Collins from the action[2]. Plaintiffs submit, however, that dismissal with prejudice is too Draconian a sanction and request that dismissal be granted without prejudice as it is a least drastic remedy.

# ARGUMENT

Having received notification that her personal information had been the subject of a massive data breach, Plaintiff Collins filed this action on July 22, 2020, as one of two putative class representatives on behalf of herself and other victims of the breach. (Doc. No. 1)

In prosecution of the action and in furtherance of her duties to the class, Plaintiff provided

---

[1] There are additional charges also presently pending against her.
[2] Plaintiffs intend to file a motion for leave to substitute Plaintiff Collins with a replacement plaintiff/putative class representative. The parties have met and conferred on this issue and Defendant has advised that it presently intends to oppose the motion.

1
PLAINTIFFS' LIMITED OPPOSITION TO DEFENDANT'S MOTION DISMISSAL OF PLAINTIFF AMBER COLLINS' CLAIMS PURSUANT TO FED.R.CIV.PRO. 21(b)
Case No.: 2:20-cv-04929-WHA

responses to Defendant's written discovery on August 23, 2021[3]. After such time there was no further communication with her counsel until February 4, 2022[4].

In the intervening time, Plaintiff Collins was arrested and booked on November 20, 2021. Grombacher Decl. at 6. She is presently in the custody of the Ventura County Sherriff's department. (Id.) Plaintiff Collins pled guilty to and was convicted on a number of charges and has an additional case that remains pending. Grombacher Decl. ¶ 7; Exhibit A.

Plaintiff Collins does not oppose the dismissal of her action, but requests that such dismissal be without prejudice. Amongst the factors a district court should weigh in determining whether to dismiss a case or claim for failure to prosecute is "the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). Plaintiff submits that dismissal without prejudice would constitute a "less drastic measure" than dismissal with prejudice and is appropriate in this litigation where Plaintiff's failure to prosecute is largely outside of her control.

Such dismissal conforms with those issued by District Courts in factually analogous litigation. For example, in *Roy v. Cty. of Los Angeles*, the Court determined dismissal was warranted in a class action where the plaintiff had failed to participate in discovery for more than five months and his counsel had not been able to locate or communicate with him since he became eligible for release from the Los Angeles County Jail and was transferred to ICE's custody. The Court held, "… given that the likely reason for Mr. Varela's absence remains outside his control, the Court finds dismissal without prejudice to be most appropriate in this case." *Roy v. Cty. of Los Angeles*, No. CV 12-9012 BRO (FFM), 2015 WL 12752555, at *4 (C.D. Cal. Apr. 27, 2015) citing *Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA, 2012 WL 3877668, at *2 (N.D. Cal. Sept. 6, 2012)(wherein this Court determined "dismissal with prejudice would be too harsh of a sanction" even where plaintiff was repeatedly warned by the Court to initiate arbitration of her

---

[3] While Defendant contends that such responses were not verified, this is not correct. See Grombacher Decl. at Ex. B.

[4] Upon learning of Plaintiff Collins' incarceration on January 27, 2022, Plaintiffs' counsel sought and was permitted a non-contact visit with Plaintiff Collins on this date.

claims, but failed to do so.)  In accordance with such authority, Plaintiffs requests that dismissal be without prejudice.

### CONCLUSION

Based thereon, Plaintiffs respectfully request that the Court issue an order dismissing Plaintiff Collins from the action without prejudice.

Dated: February 11, 2022	**BRADLEY/GROMBACHER, LLP**
**CROSNER LEGAL P.C.**
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

By: /s/ *Kiley L. Grombacher*
Kiley L. Grombacher
Marcus J. Bradley, Esq.
Robert N. Fisher
Zachary M. Crosner
Michael R. Crosner
John A. Yanchunis
Ryan McGee