**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | CASE NO: 3:20-cv-04929-WHA<br><br>Assigned to Hon. William Alsup<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SUBSTITUTE CLASS REPRESENTATIVE**<br><br>Date:     March 24, 2022<br>Time:     8:00 a.m.<br>Court:    Courtroom 12, 19th Floor<br>Judge:    Hon. William Alsup |

**Additional Counsel for Plaintiffs and the Putative Class:**

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email: zach@crosnerlegal.com
         mike@crosnerlegal.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
(*Admitted Pro hac Vice*)
John A. Yanchunis (FL Bar No. 234681)
Ryan McGee (FL Bar No. 64957)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
         rmcgee@forthepeople.com

**INTRODUCTION**

Plaintiffs Juan Flores-Mendez ("Plaintiff Flores-Mendez") and Amber Collins ("Plaintiff Collins")(collectively "Plaintiffs") seek to amend their complaint to add an additional representative to this action, Tracy Greenamyer ("Greenamyer"). Scant on legal authority but teeming with hyperbole, Defendant Zoosk Inc, ("Zoosk" or "Defendant") opposes such relief on two grounds: (1) that Plaintiffs are untimely in seeking relief; and (2) that it will suffer prejudice if such relief is granted. Neither proposition is correct.

As detailed in Plaintiffs' moving papers, Plaintiffs have been diligent in seeking amendment. While it is true that the date to amend and add parties has lapsed, short of enlisting Pythia, the need for an additional representative was not, and could not, have been know at the time of such deadline and identification of an adequate substitute representative necessarily took some time. Zoosk suggests, without supporting authority, that Plaintiff should have, prior to the amendment deadline, identified and added plaintiffs to the litigation even where the inadequacy was not yet known. (Motion at 3.) The dearth of authority to support such a burden is not surprising given that such a rule would create unwieldy litigations with multiple class representative and constant interruptions to proceedings. Indeed, similar arguments have been rejected by other District Courts. *Garcia v. Tapestry, Inc.*, No. EDCV181537DMGSHKX, 2019 WL 12105505, at *2 (C.D. Cal. May 10, 2019).

Here, the amendment was sought less than two weeks after the scope of the pleadings were settled, shortly after Plaintiffs' counsel learned of Plaintiff Collin's incarceration and only a few weeks after Plaintiff Flores-Mendez's deposition. These events triggered their notice that such amendment was necessary. Accordingly, Plaintiffs acted with diligence and the motion is timely.

Defendant's alterative basis for denial—prejudice—fairs no better. Despite Plaintiffs' assurance that any discovery propounded upon Greenamyer will be promptly responded to including the production of relevant and responsive documents, Zoosk argues that it will not be able to conduct discovery as to Plaintiff Greenamyer and prepare its opposition to Plaintiffs' motion for class certification. Defendant has been on notice regarding the potential inclusion of

1

Plaintiff Greenamyer for weeks.  Indeed, Zoosk possesses many of the critical documents in this case such as Grenamyer's records, payment history and notice of breach.  Additionally, Defendant will have weeks to conduct discovery of Greenamyer in advance of certification and the close of fact discovery.  Courts in the Ninth Circuit have granted amendment to include additional representatives even where such amendment was sought concurrently with the class certification motion.

Moreover, the alternative to amendment, the filing of an alternative action, would most certainly prove more prejudicial to all parties and judicially inefficient.  If Ms. Greenamyer is forced to file an alternative litigation, all parties face the expense of a new suit with wholly overlapping claims and the duplication of discovery such as oversea depositions which have already been completed in this action.  See e.g. *Almeida v. Google, Inc.,* No. C-08-02088, 2009 U.S. Dist. LEXIS 110780, at *10-*11 (N.D. Cal. Nov. 13, 2009) ("there is no evidence that Google would be prejudiced by allowing a substitution of plaintiffs as opposed to requiring Largo Cargo Co. to file a new suit alleging no additional claims and requiring the same discovery with respect to Google's practices").

Playing mentalist, Zoosk casts aspersions on Plaintiffs' motives for seeking the inclusion of Ms. Greenamyer as a named plaintiff speculating that inclusion is sought simply because they want a "do-over" of the litigation such that the "class certification process would be reset and restarted from square one." (Opposition at 2.) If in fact that was the motive, Ms. Greenamyer could simply file her own case and start with a blank slate.  On the contrary, judicial economy compels Plaintiffs to seek such amendment rather than file an alternative action.

While Zoosk attempts to mold the facts of this litigation to make Plaintiffs' request for substitute seem extraordinary, as detailed in Plaintiffs' moving papers, such request is, indeed, routine.  Here, Plaintiff Collins, a representative who, while adequate at the time of filing, can no longer represent the class.  Zoosk has never challenged the standing of Plaintiff Collins to bring the negligence claim asserted in the action – nor can it.  While Plaintiff Flores Mendez' shall remain in this action, it is anticipated that Zoosk will mount challenges to his adequacy which were

not foreseen at the time of the deadline to amend. As detailed in the moving papers and explained below, amendment should be permitted to add Greenamyer to the litigation.

## ARGUMENT

**A.  Plaintiffs' Motion Is Not Untimely.**

Zoosk argues that Plaintiffs' motion is untimely and, on that basis, that Greenamyer should not be added to the litigation. Such argument is predicated upon the flawed contention that Plaintiffs acted in a dilatory manner. Specifically, Zoosk appears to identify Plaintiffs' failure to anticipate the issues related to the adequacy of Plaintiff Flores-Mendez and the incarceration of Plaintiff Collins as basis for denial of Plaintiffs 'motion. Zoosk fails to offer authority to support this proposition, perhaps because other courts have squarely rejected similar arguments. See e.g. *Garcia v. Tapestry, Inc.*, No. EDCV181537DMGSHKX, 2019 WL 12105505, at *2 (C.D. Cal. May 10, 2019)(rejecting defendant's argument that the "failure to anticipate that the bankruptcy issue (or other unforeseen issues related to the adequacy of Plaintiff's representation) would create a need to add another class representative in time to file an appropriate motion before the amendment cut-off" justified denial of the motion to amend to add a plaintiff.) Indeed, some courts have determined that seeking amendment even after certification was denied was still proper finding, there is no rule requiring a named plaintiff to seek a substitution "as soon as a substantial challenge to certification." As the Seventh Circuit explained

> It would go too far to suggest that unless substitution for the original named plaintiffs is sought as soon as a substantial challenge to certification is made, the district judge is justified in denying it. Such a rule might involve constant interruptions of the proceeding—procedural hiccups—as nervous class action counsel tried to add new class representatives every time the defendants raised an objection to certification

*Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011). In this case, there were several factors that necessitated the addition of Greenamyer- none of which were known at the time that the deadline to amend expired. Plaintiff Collins' subsequent incarceration was not known

3

and could not have been foreseen at deadline for amendment. The scope of the litigation, and more specifically, whether the UCL claim would be part of the litigation, was not known until February 7, 2021. Finally, while Plaintiff Flores Mendez has actively participated in the litigation, has produced more than 500 pages of documents, some of which he was required to acquire from third parties, and sat for a full day of deposition, he is subject to attacks that may impair class members' ability to utilize the class action device to seek redress for the harms the suffered because of Zoosks' massive data breach. The scope of such defenses and the potential credibility attacks that are anticipated to be levied against Plaintiff Flores-Mendez were not know until his deposition on January 20, 2022. A mere six (6) days later counsel reached out to confer regarding the addition of Greenamyer. Plaintiffs submit that they have acted diligently and move this Court timely for relief.

Defendant's authority does not compel a contrary finding. In *Feske v. MHC Thousand Trails Ltd. P'ship, No. 11-4124 PSG, 2013 WL 1120816, at *4 (N.D. Cal. Mar. 18, 2013),* the deficiencies necessitating the need for amendment were noted by defendant in briefing on motion to compel in February of 2021 and subsequently in deposition June of 2012. Nevertheless, Plaintiff failed to take any action to seek amendment for months. *Feske* provides a foil for this litigation underscoring the propriety of granting amendment in this case. In *Feske,* unlike here, the plaintiffs did, in fact, make a tactical calculation to delay in seeking amendment—using such time to abuse the discovery process by compelling and then improperly mining the class list to identify a substitute plaintiff[1]. Here, despite Defendant's accusations, Plaintiffs did not make a tactical or calculated decision to forgo complying with the Court's amendment deadline or to seek relief timely. Instead, as the record makes clear, relief was sought promptly upon determining that the present representatives may be inadequate and upon securing an adequate representative.

---

[1] *In re Rocket Fuel Inc. Sec. Litig.*, No. 14-CV-03998-PJH, 2017 WL 344983, at *2 (N.D. Cal. Jan. 24, 2017) is inapposite as it did not deal with the issue before the Court but instead addressed a motion to amend, to add a new defendant, as well as reinstating some claims against the defendants.

**B.  Defendant Will Suffer Minimal Prejudice, If Any, But Plaintiffs Will Suffer Significant Prejudice If Amendment Is Not Granted**

Zoosk argues for denial of Plaintiffs' motion on the grounds that it will suffer prejudice because it will have to conduct discovery as to the substitute plaintiff . Based upon the discovery propounded by Zoosk upon Plaintiffs thus far, Plaintiffs anticipate that such discovery will include requests for production (thus far each plaintiff was served with one set containing 23 requests), Special Interrogatories, (thus far, each plaintiff was served with one set containing 13 interrogatories.) and a deposition. Given that the scope of the litigation has not been expanded, and the discovery was already prepared and served upon the current plaintiffs, even if additional requests were sought it is difficult to imagine how such discovery would take more than a few days to propound. Moreover, based upon the discovery requests previously propounded upon current Plaintiffs, it is difficult to imagine how review of such responses and documents would take weeks to review. (Opposition at 14 n. 2.)

Ms. Greenamyer was identified to Defendant and her email address was provided on February 3, 2022- five weeks ago. Most relevant records, such as payment history, notifications regarding the breach, correspondence with Zoosk, are all already within Zoosk's custody. Presumably Zoosk could have been compiling such data and information in the weeks in which this motion has been pending. Moreover, other information that Zoosk has compiled against the present named plaintiffs, such as screen shots and information derived from public social media accounts to the extent that they exist, are presently available, and have been available to Zoosk for weeks. Zoosks' failure to utilize this time to conduct its investigation would amount to its own dilatory conduct. If, the motion is denied, Zoosk will nevertheless have to engage in such discovery as Ms. Greenamyer is likely to file her own action, if she is precluded from joining the present one. Thus, although the timeframes are tight, any prejudice is minimal and any purported prejudice would derives in part from Zoosks' own inaction.

Should amendment be denied, however, allowing a new class representative plaintiff will further the policy of preserving the interests of unnamed class members and allowing them to test

5

their claims on the merits. Moreover, judicial economy dictates that amendment be granted. Plaintiffs have conducted significant discovery in this litigation, the case has been subject to substantial motion practice and this Court is well versed on the claims of the case. Requiring Greenamyer to file a new suit alleging the same claims and duplicate the discovery conducted in this litigation would prejudice Plaintiffs, Greenamyer and the Class and unnecessarily burden the Court. See e.g. *Robichaud v. Speedy PC Software,* No. C 12 04730 LB, 2013 WL 818503, at *9 (N.D. Cal. Mar. 5, 2013)* ("the court sees no need to require Robichaud to file a new suit alleging the same claims now before the court"); *Almeida v. Google, Inc.,* No. C-08-02088, 2009 U.S. Dist. LEXIS 110780, at *10-*11 (N.D. Cal. Nov. 13, 2009) ("there is no evidence that Google would be prejudiced by allowing a substitution of plaintiffs as opposed to requiring Largo Cargo Co. to file a new suit alleging no additional claims and requiring the same discovery with respect to Google's practices"); *Vision Constr. Ent Inc v. Argos Ready Mix LLC,* No. 3:15CV534-MCR-HTC, 2020 WL 6749040, at *3 (N.D. Fla. May 20, 2020)*("Because the claims of the proposed Amended Complaint are identical to those in the pending suit, much of the work is already completed, and the undersigned is already familiar with the record, allowing amendment [to add new plaintiff after the denial of certification] is actually more economical for all parties than requiring the filing of a new class action suit.")

Thus, while Zoosk argues against intervention or amendment on the grounds that Greenamyer should simply file her own action, the interest of the class and judicial economy militate against such action.

## CONCLUSION

Plaintiffs respectfully request that the Court permit Plaintiffs leave to amend the complaint so that Greenamyer may be added as a plaintiff and putative class representative.

/ / /

/ / /

/ / /

/ / /

6

Dated: March 11, 2022          **BRADLEY/GROMBACHER, LLP**

By: /s/ *Kiley L. Grombacher*
Kiley L. Grombacher
Marcus J. Bradley, Esq.
Lirit A. King, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email: zach@crosnerlegal.com
        mike@crosnerlegal.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis (*admitted pro hac vice*)
Ryan McGee (*admitted pro hac vice*)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
        rmcgee@forthepeople.com

*Attorneys for Plaintiffs*