**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:  (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
        kgrombacher@bradleygrombacher.com
        lking@bradleygrombacher.com

*Attorneys for Plaintiffs and the Putative Class*

(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | **CASE NO: 3:20-cv-04929-WHA**<br><br>**Assigned to Hon. William Alsup**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ZOOSK INC.'S ADMINISTRATION MOTION FOR LEAVE TO FILE A SURREPLY**<br><br>Date:   March 24, 2022<br>Time:   2:00 p.m.<br>Court:  Courtroom 12, 19th Floor<br>         Hon. William Alsup |

1  **Additional Counsel for Plaintiffs and the Putative Class:**

2  **CROSNER LEGAL P.C.**
3  Zachary M. Crosner (SBN 272295)
   Michael R. Crosner (SBN 41299)
4  433 N. Camden Dr., Suite 400
   Beverly Hills, CA 90210
5  Telephone: (310) 496-4818
   Facsimile: (310) 510-6429
6  Email: zach@crosnerlegal.com
7         mike@crosnerlegal.com

8  **MORGAN & MORGAN**
   **COMPLEX LITIGATION GROUP**
9  (*Admitted Pro hac Vice*)
   John A. Yanchunis (FL Bar No. 234681)
10 Ryan McGee (FL Bar No. 64957)
11 201 N Franklin St., 7th Floor
   Tampa, FL 33602
12 Telephone: (813) 223-5505
   Email: jyanchunis@forthepeople.com
13        rmcgee@forthepeople.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendant Zoosk Inc. ("Defendant" or "Zoosk") seeks leave of the Court pursuant to Local Rule 7-11 to file a surreply in opposition to Plaintiffs' Motion to Substitute Class Representative. Plaintiffs Juan Flores-Mendez ("Plaintiff Flores-Mendez") and Amber Collins ("Plaintiff Collins")(collectively "Plaintiffs") oppose such request.

Surreplies are disfavored in this District. See, N.D. Cal. Civ. L.R. 7-3(d). The party seeking to submit a surreply has the burden of demonstrating that "good cause" exists for permitting the additional filing. *In Toys "R" Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *1 n.1 (N.D. Cal. Oct. 9, 2001). Courts routinely disallow surreplies where the parties seeking to file the surreply fail to demonstrate how it would assist the Court in deciding the motion; there has been no new development in the law since briefing closed; the reply memorandum does not raise any new legal arguments; or, simply, where the surreply is not otherwise "justified" under the circumstances. See, e.g., *Heil Co. v. Curotto Can Co.*, No. 04-1590, 2004 WL 2600134, at *1 n.1(N.D. Cal. Nov. 16, 2004) (denying request to file surreply where reply memorandum merely responded to legal arguments in opposition), appeal docketed, No. 05-1321 (Fed. Ct. Apr. 13, 2005); *Schilz v. A.P. Green Ind, Inc.*, No. C01-4299, 2002 WL 102608 at *1 n.1(N.D. Cal. Jan. 15, 2002) (denying request for leave to file surreply where party "failed to demonstrate how a surreply would assist the Court in adjudicating the instant motion"); *Lang v. State of California*, No. C91-1895, 1994 WL 28037, at *2(N.D. Cal. Jan. 26, 1994) (denying ex parte application to file surreply where party failed to present "any new development in the law"); see also, *Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 200 n.13(N.D. Cal. 2004) (noting that surreply "was not justified and deserved little or no weight").

Defendant argues that the reply is appropriate to (1) "correct Plaintiff's incomplete citation" and address "the new legal theory Plaintiffs now raise." While Zoosk is correct that the citation is an excerpt, as any citation is, the proposition espoused in *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011) and upon which Plaintiffs' cited and rely, is not misleading and has been cited by other courts. See e.g. *Vision Constr. Ent Inc v. Argos Ready Mix LLC*, No.

1

3:15CV534-MCR-HTC, 2020 WL 6749040, at *4 (N.D. Fla. May 20, 2020). Secondly, contrary to Defendant's assertion, there is no new principle being espoused.

If Zoosk wishes to cite, rely upon, distinguish or in any manner address *Randall v. Rolls-Royce Corp.,* 637 F.3d 818, 827 (7th Cir. 2011), it will have amply opportunity during the upcoming hearing.

For such reasons, Plaintiffs request that the Court deny Zoosk's request to file a sur-reply.

Dated: March 23, 2022                                  **BRADLEY/GROMBACHER, LLP**

By:  /s/ *Kiley L. Grombacher*
Kiley L. Grombacher
Marcus J. Bradley, Esq.
Lirit A. King, Esq.
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
lking@bradleygrombacher.com

**CROSNER LEGAL P.C.**
Zachary M. Crosner (SBN 272295)
Michael R. Crosner (SBN 41299)
433 N. Camden Dr., Suite 400
Beverly Hills, CA 90210
Telephone: (310) 496-4818
Facsimile: (310) 510-6429
Email: zach@crosnerlegal.com
mike@crosnerlegal.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis (*admitted pro hac vice*)
Ryan McGee (*admitted pro hac vice*)
201 N Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Email: jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Attorneys for Plaintiffs*

2