

March 23, 2022

*Via E-filing and Courier*

The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Ave.
San Francisco, CA  94102

Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116-3740
+1 617 880 1800

orrick.com

Douglas H. Meal
E  dmeal@orrick.com
D  +1 617 880 1880
F  +1 617 880 1801

**Re:** *Flores-Mendez et al., v. Zoosk, Inc., et al.*, **Case No. 3:20-cv-04929-WHA**
     **Defendant Zoosk's Request for Discovery Relief**

To the Honorable Judge Alsup:

Defendant Zoosk, Inc. ("Zoosk") requests the discovery relief set forth below pursuant to this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases before Judge William Alsup (paragraph 34) ("Supplemental Order").[1]  Pursuant to the Supplemental Order, Zoosk for a second time respectfully requests this Court to compel Plaintiff Juan Flores-Mendez ("Plaintiff") to complete production of documents responsive to Defendant's Requests for Production (the "RFPs").  Plaintiff's production remains incomplete despite this Court's previous January 11, 2022 order compelling Plaintiff to complete production by January 14, 2022 in advance of his January 20, 2022 deposition.  *See* ECF 116.

*Procedural History*

Zoosk served its RFPs on June 21, 2021.  On August 23, 2021, Plaintiff provided his response to the RFPs:  He refused to produce documents in response to two RFPs, claimed no responsive, non-privileged documents existed in response to seven RFPs, and, in response to the remaining 14 RFPs, agreed to "*produce all responsive… documents that are within [his] possession, custody, and control, and discoverable through a reasonable search.*"[2]  *See* Exhibit 1. Yet, as of January 7, 2022, despite multiple letters from Zoosk and multiple requests to meet and confer, Plaintiff had produced only 12 pages of documents, which production included two pages that are merely cover sheets and five pages of Zoosk's own filing with the California Attorney General.  *See* ECF 106.0-106.5.

---

[1] Pursuant to the Supplemental Order, attached to this letter are (i) a 20-page attachment containing Zoosk's four letters to Plaintiff since the January 11, 2022 discovery hearing concerning Plaintiff's failure to produce documents response to Zoosk's RFPs and (ii) the "discovery-dispute requests and responses," which include Plaintiff's responses to Zoosk's RFPs.

[2] The 14 RFPs in response to which the Plaintiffs agreed to produce all responsive documents seek documents that are undeniably relevant, including, *inter alia*, documents concerning (a) the intrusion generally; (b) Plaintiffs' allegations that Zoosk failed to maintain reasonable security; (c) credit monitoring services Plaintiffs purchased or were offered; (d) Plaintiffs' Zoosk membership, terms of service, communications regarding consumer privacy, and monies paid to Zoosk; (e) Plaintiffs' claims of damages and time spent mitigating such damages; (f) Plaintiffs' actions to mitigate any damages; and (g) prior theft or loss of personal information.  *See* Exhibit 1.

Zoosk, accordingly, filed a discovery dispute with this Court. *Id*. On January 11, 2022, the Court held a hearing regarding the dispute. *See* Hearing Transcript (ECF 118). Although counsel for Zoosk did not during the January 11 hearing detail every document or category of document Zoosk had requested and that Plaintiff had failed to produce, counsel for Zoosk did specifically note that, although Plaintiff alleged having changed his debit card numbers and having had a series of communications with various banks, both on his own behalf and on behalf of his mother, Plaintiff had failed to produce any such documentation related to these bank communications and interactions. *Id*. at 22:20-23. The Court specifically ordered Plaintiff to produce these documents—and all other responsive documents—by Friday, January 14, 2022. *Id*. at 23:21-24:1. The Court was clear that these bank communications and all other responsive documents must be produced by January 14, 2022, as counsel for Zoosk was entitled to review the documents prior to Plaintiff's deposition, which was scheduled for (and was held on) January 20, 2022. *Id*.

### ***Plaintiff's Failure to Comply with This Court's Order***

Immediately following the January 11, 2022 hearing, Zoosk sent a letter to Plaintiff's counsel to confirm the discovery that remained outstanding and that the Court ordered produced by January 14. *See* Attachment 1 at 2-8.

Plaintiff did not produce these documents on January 14. He did not produce the documents prior to his deposition. And, as of the date of this filing, nearly three months later, Plaintiff has still not produced these documents. Although Plaintiff did produce nearly 300 pages of documents by the January 14 deadline set by the Court, nearly 200 were junk: Fifty-nine of those 300 pages were articles pulled from the Internet, and 132 of those 300 pages were copies of Plaintiff's own prior-filed discovery responses and complaints in this action. Not included in that production were any of the bank communications or other documents specifically discussed at the January 11 hearing.

By a second letter dated January 17, 2022, counsel for Zoosk pointed out Plaintiff's failure to comply with this Court's January 11 order and requested Plaintiff immediately produce responsive documents. *See id*. at 9-14. On January 19, 2022, fewer than 24 hours before his deposition was scheduled to begin, Plaintiff produced another 200 pages of documents. Again, this production did not include crucial bank records to support Plaintiff's claims, despite that Plaintiff admitted during his deposition that he not only had possession of the documents Zoosk had requested and had been denied, but that he had already provided some of them to his counsel. Counsel for Zoosk followed up with a third letter dated February 4, 2022, again demanding the production of these documents. *See id*. at 15-17.

This pattern continued: On February 8, 2022, Plaintiff produced a single-page document; on February 10, 2022, Plaintiff produced five pages of documents. Again, both productions failed to include the bank records and other documents the Court had ordered Plaintiff to produce and Plaintiff admitted he possessed. Counsel for Zoosk followed up with a fourth letter on March 1, 2022, again seeking production of these documents. *See id*. at 18-21. Counsel for the parties subsequently had a meet and confer on March 9, 2022, during which counsel for Plaintiff agreed to finally produce all relevant documents. Yet, on March 14, 2022, when Plaintiff produced another 47 documents, he again failed to produce the bank communications and other documents requested by Zoosk and ordered produced by the Court.

In sum, today, more than one and a half years since Plaintiff filed his suit, nearly nine months after Zoosk propounded its RFPs, and nearly three months past the deadline set by this Court, Plaintiff has failed to produce documents that go to the core of his claims, some of which he has admitted are in his and in his attorneys' possession.[3] These documents include (but are not limited to): (1) documents that support Plaintiff's claim that he cancelled or changed his debit cards after receiving notice of the Zoosk Data Security Incident; (2) documents that identify or memorialize the changes Plaintiff claims he made to his Pay-Pal account after receiving notice of the Zoosk Data Security Incident; (3) documents that support Plaintiff's claim that he placed alerts on his mother's bank account after receiving notice of the Zoosk Data Security Incident; (4) log-in or other records that support Plaintiff's claim that he spent time checking his financial accounts after receiving notice of the Zoosk Data Security Incident; and (5) documents that support Plaintiff's claim that his time is worth either $15 or $20 an hour (Plaintiff has given both answers while under oath). Indeed, many of these documents are the precise documents discussed with and ordered to be produced by the Court on January 11, 2022.

There can be no question that Zoosk is entitled to the discovery sought here. Indeed, Plaintiff conceded as much, having raised no objection when he served his responses to Zoosk's 14 RFPs as to which he undertook to produce all the documents Zoosk had requested. Nor can there be any doubt that Plaintiff has had ample time to respond to the discovery requests at issue here: The 14 RFPs at issue seek documents in Plaintiff's personal possession, custody, or control and include documents that Plaintiff has admitted he possesses but has not produced.

Plaintiff's continued failure to produce these documents—even after ordered to do so by this Court—warrants additional intervention by the Court in the form of a further order to compel the immediate production of these documents. Without the damages-related documents set forth above and called for by the 14 RFPs at issue, Zoosk is prevented from adequately opposing class certification, which briefing deadlines are fast approaching. As this Court has made clear, central to the determination of whether a class can be certified are the nature of the putative named plaintiffs' purported injury, whether that injury is actionable under applicable law, and whether damages from that injury can be calculated on a classwide basis. *Adkins v. Facebook, Inc.*, Case No. C 18-05982-WHA, ECF 260 at 9-10 (N.D. Cal. Nov. 11, 2019). The documents sought but withheld here go directly to those issues.

Zoosk thus respectfully requests this Court to again compel Plaintiff to produce all documents responsive to the 14 RFPs at issue.

Very truly yours,

 */s/ Douglas H. Meal*

Douglas H. Meal, *Counsel for Defendant Zoosk, Inc.*

---

[3] Pursuant to Paragraph 27 of this Court's Supplemental Order, Plaintiff's late production of documents pursuant to the Court's January 11, 2022 order is grounds for Plaintiff to be "ordered back for more testimony on the late-produced documents." Once Plaintiff finally produces the documents as he was ordered, Zoosk will determine whether further deposition testimony is necessary.

## Enclosures

**Attachment 1**

- January 11, 2022, Letter from Defendant counsel Matthew D. LaBrie to Plaintiff counsel

- January 17, 2022, Letter from Defendant counsel Matthew D. LaBrie to Plaintiff counsel

- February 4, 2022, Letter from Defendant counsel Matthew D. LaBrie to Plaintiff counsel

- March 1, 2022, Letter from Defendant counsel Matthew D. LaBrie to Plaintiff counsel

**Exhibit 1**:   Plaintiff Juan Flores-Mendez's Responses Requests for Production, Set One