# BRADLEY/GROMBACHER LLP
CLASS ACTIONS, MASS TORTS & CATASTROPHIC INJURIES

Marcus J. Bradley
Kiley L. Grombacher
Lirit. A. King
Leslie H. Joyner

March 28, 2022

*Via E-filing and Courier*
The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *Flores-Mendez et al., v. Zoosk, Inc., et al.*, Case No. 3:20-cv-04929-WHA
Plaintiffs' Response to Zoosk's Request for Discovery Relief

To the Honorable Judge Alsup:

Zoosk asks the Court to compel further production of documents in response to its previously served requests for production. Presently, however, Plaintiff has made a reasonable search and does not have any additional documents in his possession, custody or control to produce. As Zoosk has noted, Plaintiff Flores-Mendez has produced hundreds of pages of production. Indeed, until early this month, Plaintiff had produced almost as much documentary discovery as Zoosk itself.[1]

Plaintiff has worked to produce all responsive documents in a timely manner including even securing discovery from third parties. Zoosk provides a non-extensive list of productions which it believes are outstanding. Plaintiff responds as follows:

(1) documents that support Plaintiff's claim that he cancelled or changed his debit cards after receiving notice of the Zoosk Data Security Incident- Plaintiff previously produced BatesFLORES-MENDEZ000028, 29 responsive to this Request. Plaintiff does not have further documents in his possession, custody or control that relate to this request.

(2) documents that identify or memorialize the changes Plaintiff claims he made to his Pay-Pal account after receiving notice of the Zoosk Data Security Incident; Plaintiff previously produced FLOREZ-MENDEZ000507, 509responsive to this Request. Plaintiff does not have further documents in his possession, custody or control that relate to this request.

---

[1] On March 1, 2022, Zoosk produced 971 documents, nearly double the total number of documents that Zoosk had previously produced in this matter—which, prior thereto, stood at approximately 571 documents.

www.bradleygrombacher.com

**Bradley/Grombacher LLP**
31365 Oak Crest Drive
Suite 240
Westlake Village CA  91361
T: (805) 270-7100
F: (805) 270-7589

Hon. William Alsup
March 28, 2022
Page 2

(3) documents that support Plaintiff's claim that he placed alerts on his mother's bank account after receiving notice of the Zoosk Data Security Incident- Plaintiff does not have further documents in his possession, custody or control that relate to his mother's card. Plaintiff has spoken to his mother, and she presently cannot locate any paperwork related to the alerts.

(4) log- in or other records that support Plaintiff's claim that he spent time checking his financial accounts after receiving notice of the Zoosk Data Security Incident- Plaintiff did not manually maintain any such logs. While Plaintiff initially believed such a search could be run on software, he has not been able to generate any logs that detail his time spent in such activities.

(5) documents that support Plaintiff's claim that his time is worth either $15 or $20 an hour (Plaintiff has given both answers while under oath). As Plaintiff made clear in his deposition, he intends to reply on expert opinion to determine a reasonable hourly rate upon which to premise this damage model seeking compensation for the time spent mitigating potential damage from the breach. It is true that Plaintiff's expert will be relying on certain data and documents to justify the $15 per hour sum upon which he intends to rely. While Plaintiff recognizes, and accepts, that objections related to expert opinion cannot be used to shield Defendant from an information and documents that will provide an understand of Plaintiffs' general claims, theories, damages models, and/or basis for relief, Plaintiff does not believe that this request should compel him to provide all documents upon which his expert will rely.

If the Court requires Plaintiff-Flores Mendez to produce documents upon which it's expert intends to rely to support its damage model, Plaintiff Flores-Mendez will do so promptly.

Very truly yours,

**BRADLEY/GROMBACHER, LLP**

*/s/ Kiley L. Grombacher*

Kiley L. Grombacher, Esq.
Attorneys for Plaintiffs