**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq.  (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile:   (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
          kgrombacher@bradleygrombacher.com
          lking@bradleygrombacher.com

Attorneys for Plaintiff

(Additional counsel listed on following page)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and AMBER COLLINS, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation; and SPARK NETWORKS SE, a German corporation,<br><br>Defendants. | **CASE NO: 4:20-cv-04929-SBA**<br>**[Assigned to Hon. William H. Alsup, CR 12]**<br><br>**PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORES, SET ONE, PROPOUNDED BY DEFENDANT ZOOSK, INC**.<br><br>Complaint filed July 22, 2020 |

1

1

2   **BRADLEY/GROMBACHER, LLP**
    Robert N. Fisher (SBN 302919)
3   477 Madison Avenue, Suite 6000
    New York, NY 10022
4   Telephone: (805) 270-7100
    E-Mail: rfisher@bradleygrombacher.com
5

6

7   **CROSNER LEGAL P.C.**
    Zachary M. Crosner (SBN 272295)
8   Michael R. Crosner (SBN 41299)
    433 N. Camden Dr., Suite 400
9   Beverly Hills, CA 90210
    Telephone: (310) 496-4818
10  Facsimile:  (310) 510-6429
    Email: zach@crosnerlegal.com
11          mike@crosnerlegal.com

12

13  **FOR THE PEOPLE**
    *(Admitted Pro hac Vice)*
14  John A. Yanchunis (FL Bar No. 234681)
    Ryan McGee (FL Bar No. 64957)
15  201 N Franklin St., 7th Floor
    Tampa, FL 33602
16  Telephone: (813) 223-5505
    Email:  jyanchunis@forthepeople.com
17          rmcgee@forthepeople.com

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1

**PRELIMINARY STATEMENT**

2     1.     Plaintiff's investigation and development of all facts and circumstances relating to

3    this action is ongoing. These responses and objections are made without prejudice to, and are not a

4    waiver of, Plaintiff's right to rely on other facts or documents at trial.

5     2.     By making the accompanying responses and objections to Defendant's

6    interrogatories, Plaintiff does not waive, and hereby expressly reserves, his right to assert any and

7    all objections as to the admissibility of such responses into evidence in this action, or in any other

8    proceedings, on any and all grounds including, but not limited to, competency, relevancy,

9    materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in

10   any way implying that it considers the interrogatory, and responses to the interrogatory, to be

11   relevant or material to the subject matter of this action.

12    3.     A response to an interrogatory stating an objection shall not be deemed or construed

13   that Plaintiff performed any of the acts described in the document interrogatory, or definitions

14   and/or instructions applicable to the interrogatory, or that Plaintiff acquiesces in the

15   characterization of the conduct or activities contained in the interrogatory, or definitions and/or

16   instructions applicable to the interrogatory.

17    4.     Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or

18   all of the responses and objections herein, and to assert additional objections or privileges, in one

19   or more subsequent supplemental response(s).

20

**RESPONSES TO INTERROGATORIES**

21   **INTERROGATORY NO. 1:**

22    State the date on which you signed up for Zoosk's services and describe the steps you took

23   to do so. The applicable time period for this request is from May 28, 2015 to present.

24   **RESPONSE TO INTERROGATORY NO. 1:**

25    Plaintiff objects as Zoosk has access to Plaintiff's records of use of the service and its own

26   sign-up procedures.  Plaintiff further objects to the extent this request contains multiple discrete

27   subparts within what purports to be a single interrogatory.  In addition, this interrogatory is

28   premature as discovery is ongoing and Defendant has not yet produced critical data and documents

3

1    responsive to Plaintiffs' discovery requests.  Accordingly, Plaintiff reserves the right to supplement

2    his responses to this interrogatory after having an adequate opportunity to conduct

3    discovery.  Subject to and without waiving the foregoing, Plaintiff responds as follows.  Plaintiff

4    signed up for Zoosk's service on June 19, 2019 through Paypal for a 6-month membership to

5    December 12, 2019.

6    **INTERROGATORY NO. 2:**

7       State when, and in what amounts, you have paid for any of Zoosk's services. The applicable

8    time period for this request is from May 28, 2015 to present.

9    **RESPONSE TO INTERROGATORY NO. 2:**

10      Plaintiff objects as Zoosk has access to Plaintiff's records of use of the service and payments

11   made to Zoosk.  Plaintiff further objects to the extent this request contains multiple discrete subparts

12   within what purports to be a single interrogatory.  In addition, this interrogatory is premature as

13   discovery is ongoing and Defendant has not yet produced critical data and documents responsive

14   to Plaintiffs' discovery requests.  Accordingly, Plaintiff reserves the right to supplement his

15   responses to this interrogatory after having an adequate opportunity to conduct discovery.  Subject

16   to and without waiving the foregoing, Plaintiff responds as follows.  Plaintiff paid ~$75 paid

17   through PayPal on his mother's debit card.  Plaintiff believes he also made a payment of $56.21 for

18   the service as well.

19   **INTERROGATORY NO. 3:**

20      Identify all Personal Information you have provided to Zoosk in connection with being or

21   becoming a Zoosk member, which of that information you believe to have been impacted by the

22   Intrusion, and which of the impacted information, by reason of being so impacted, caused you to

23   suffer some portion of the damages you seek to recover in the Action.

24   **RESPONSE TO INTERROGATORY NO. 3:**

25      Plaintiff objects as Zoosk has access to Plaintiff's records of use of the service and

26   information provided to Zoosk. Plaintiff further objects to the extent this request contains multiple

27   discrete subparts within what purports to be a single interrogatory.  In addition, this interrogatory

28   is premature as discovery is ongoing and Defendant has not yet produced critical data and

4

1  documents responsive to Plaintiffs' discovery requests.  Accordingly, Plaintiff reserves the right to

2  supplement his responses to this interrogatory after having an adequate opportunity to conduct

3  discovery.  Plaintiff provided financial information including his mother's name and information

4  used to pay for the service.  Plaintiff also provided his email address, a username and password, his

5  address, his personal information his photo, a description of himself, his hobbies, and other

6  pertinent information for a dating site.

7  **INTERROGATORY NO. 4:**

8  State whether Zoosk notified you of the Intrusion and if so, for each occasion that Zoosk

9  notified you of the Intrusion state the date on which and describe the means by which Zoosk

10  provided you with such notice. If you first learned of the Intrusion from another source, state the

11  date on which and describe the means by which you first learned of the Intrusion.

12  **RESPONSE TO INTERROGATORY NO. 4:**

13  Plaintiff objects as Zoosk has access to Plaintiff's records of use of the service and

14  information provided to Zoosk.  Plaintiff further objects to the extent this request contains multiple

15  discrete subparts within what purports to be a single interrogatory.  In addition, this interrogatory

16  is premature as discovery is ongoing and Defendant has not yet produced critical data and

17  documents responsive to Plaintiffs' discovery requests.  Accordingly, Plaintiff reserves the right to

18  supplement his responses to this interrogatory after having an adequate opportunity to conduct

19  discovery.  On June 6, 2020, Plaintiff received an email about the data breach.

20  **INTERROGATORY NO. 5:**

21  State the basis for your contention that "Zoosk has failed to maintain reasonable security

22  controls and systems appropriate for the nature of the [Personal Information] it maintains." (First

23  Amended Complaint ("FAC"), ¶ 13).

24  **RESPONSE TO INTERROGATORY NO. 5:**

25  Plaintiff objects as Zoosk has access to details regarding its security controls and systems

26  and is yet to disclose those details to Plaintiff in discovery.  Plaintiff further objects as discovery is

27  ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

28  discovery requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this

1  interrogatory after having an adequate opportunity to conduct discovery.  Subject to and without

2  waiving the foregoing, Plaintiff responds as follows.  Zoosk did not adequately protect Plaintiff's

3  personal information and was subject to a breach exposing his information and did not promptly

4  learn of the breach or promptly advise its customers of the breach.

5  **<u>SUPPLEMENT TO RESPONSE TO INTERROGATORY NO. 5:</u>**

6  Plaintiff incorporates the above objections.  Plaintiff further objects that Zoosk's

7  cybersecurity failings will be the subject of an expert report/testimony, and thus reserves the right

8  to include additional cybersecurity failings there. Subject to those objects, Plaintiff is currently

9  aware of the following information security failings:

10  • Zoosk failed to rotate the security key at issue since 2014. *See, e.g.,* ZOOSK00000102;

11  Kessler Depo. Tr. 122:19–25.  This was despite an internal policy requiring rotation yearly.

12  Tuttle Depo. Tr. 84:4–18. This failure was on account of inadequately educated staff and a

13  lack of clear process and training. ZOOSK00000102; Kessler Depo. Tr. 123:9–124:24; *see*

14  *also* ZOOSK00000175 ("we are going to go through activity in AWS that is monitored and

15  determine what is normal activity and what is irregular. *I don't have enough knowledge . . .*")

16  (emphasis added).

17  • Zoosk stored its access keys in its core code, contrary to industry best practices. *See, e.g.*,

18  ZOOSK00001563 at 1563–64 ("Key and secret were in Zoosk Core code… Key was stored

19  on several instances within the corporate network. Anyone who has access to 'corporate

20  network' and did a scan for vulnerable machines could probably find those and get access

21  to them"); ZOOSK00000183 ("Passwords, keys, and secrets should never be stored in code

22  as per best practices"); Kessler Depo. Tr. 54:21– 64:21.

23  • Zoosk maintained multiple inadequate and/or outdated internal polices at the time of the

24  Breach, which were in need of updating. ZOOSK00000203–04, ZOOSK00000398–99,

25  ZOOSK00000477; Kessler Depo. Tr. 128:14–133:19, 136:11–138:3.

26  • Zoosk maintained servers at the time of the Breach that were no longer supported for

27  Windows patch updates, and was doing so ostensibly because it had a "surplus of windows

28  [7] licenses." ZOOSK00001176; Kessler Depo. Tr. 141:5–143:15. Indeed, one of the

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1    servers at issue in the Breach was an "unmaintained Fedora19 instance with unmaintained

2    WordPress install (read: many unpatched remote exploits possible)." ZOOSK00001563 at

3    1564; *see also* Kessler Depo. Tr. 71:4–73:5.

4    • Prior to the Breach, Zoosk's internal passwords were posted on a public github repository.

5    ZOOSK00001288–93.

6    • Zoosk's passwords and/or password polices were insufficient. *See* ZOOSK00001931.

7    • Zoosk's internal investigation ability, available logs, and knowledge of its systems and/or

8    AWS's systems were also shown to be insufficient because Zoosk was not aware its

9    customers' data was taken—and, in fact, Zoosk had come to the opposite conclusion—until

10    it was publicly reported otherwise. *See, e.g.*, ZOOSK00000102; ZOOSK00000416; Kessler

11    Depo. Tr. 78:22–79:10; 118:5–20, 122:19–124:24, 152:7–153:14,; *see also id.* at 81:2 ("I

12    was not as familiar with CloudTrail."); *id.* 76:7–78:4 ("The logging that we had was limited

13    of what we were able to see. And Conor and Ethan looked at what was available."). For

14    example, S3 access logs and VPC flow logs were not enabled. ZOOSK00001563;

15    ZOOSK00001555 ("[W]e can't disprove the files were read due to lack of s3 logs.");

16    ZOOSK00000384; ZOOSK00000263; Kessler Depo. Tr. 52:19–54:15, 102:15–104:,

17    110:3–113:11.

18    • At the time of Breach, Zoosk did not have GuardDuty enabled on its AWS accounts.

19    ZOOSK00001563.

20    • Zoosk maintained user data many years longer than it needed to or should have. *See*

21    ZOOSK0000111–113; *see also* Hoskins Depo. Tr. 42:17–49:15.

22    **INTERROGATORY NO. 6:**

23    For any action you took regarding "dealing with the consequences" of the Intrusion (FAC

24    ¶¶ 27, 30), including but not limited to time spent reviewing the accounts compromised by the

25    breach, contacting credit card companies, reviewing credit reports for suspicious activity, putting

26    fraud alerts on credit reports, exploring credit monitoring options, and self-monitoring accounts,

27    separately describe each such action you took, when you took each such action, all your bases for

28    taking each such action, the cost, if any, of or associated with each such action, the method or basis

7

1    for your calculation of any such cost, and all actions taken by you to mitigate any such cost.

2    **RESPONSE TO INTERROGATORY NO. 6:**

3         Plaintiff objects to the extent this request contains multiple discrete subparts within what

4    purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

5    ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

6    discovery requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this

7    interrogatory after having an adequate opportunity to conduct discovery.  Subject to and without

8    waiving the foregoing, Plaintiff responds as follows.  Plaintiff informed his mother there was a

9    breach and told her to call Chase Bank and change debit card number.  Plaintiff's mother had to

10   take time to go to the bank and have her debit card changed.  Plaintiff's mother also put alerts on

11   her bank account if charges went over a specified dollar amount.  Plaintiff also updated Paypal,

12   deleted the old card number, and put the new card number, and updated security protocols on Paypal

13   – auto alerts re: breach of credit card.

14   **INTERROGATORY NO. 7:**

15        For any "time and money" you expended "to continuously monitor [your] accounts and

16   credit scores to limit potential adverse effects of the Data Breach" (FAC, ¶ 51), separately describe

17   each such expenditure you made, when you made each such expenditure, all your bases for making

18   any such expenditure, the amount (whether measured in time or money or both), if any, of or

19   associated with any such expenditure, the method or basis for your calculation of any such amount,

20   and all actions taken by you to mitigate any such amount.

21   **RESPONSE TO INTERROGATORY NO.7:**

22        Plaintiff objects to the extent this request contains multiple discrete subparts within what

23   purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

24   ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

25   discovery requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this

26   interrogatory after having an adequate opportunity to conduct discovery.  Subject to and without

27   waiving the foregoing, Plaintiff responds as follows.  Plaintiff refers Zoosk to his response to the

28   foregoing interrogatory.

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1  **INTERROGATORY NO. 8:**

2  State the basis for your contention that you have "suffer[ed] and continue to suffer harm

3  that adversely impact[s] [you] economically, emotionally, and/or socially" (FAC, ¶ 51), and for

4  any such claimed economic, emotional, and/or social harm, separately describe each such harm you

5  claim to have suffered, when you claim to have suffered each such harm, all your bases for claiming

6  to have suffered any such harm, the amount (however measured) of or associated with any such

7  harm or any financial loss or damage you incurred by reason of having suffered such harm, the

8  method or basis for your calculation of any such amount, and all actions taken by you to mitigate

9  any such amount.

10  **RESPONSE TO INTERROGATORY NO. 8:**

11  Plaintiff objects to the extent this request contains multiple discrete subparts within what

12  purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

13  ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

14  discovery requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this

15  interrogatory after having an adequate opportunity to conduct discovery.  Subject to and without

16  waiving the foregoing, Plaintiff responds as follows.  Plaintiff suffered stress, anxiety, weight gain,

17  loss of sleep, and concerns if his money was safe.  Plaintiff went to therapy for the stress for six

18  months.

19  **INTERROGATORY NO. 9:**

20  State the basis for your contention that you "face years of constant surveillance of [your]

21  financial and personal records, monitoring, and loss of rights" (FAC, ¶ 57), and set forth the amount of

22  any financial loss or damage you have incurred by reason of this alleged circumstance, the method or

23  basis for your calculation of any such amount, and all actions taken by you to mitigate any such amount

24  or this alleged circumstance.

25  **RESPONSE TO INTERROGATORY NO. 9:**

26  Plaintiff objects to the extent this request contains multiple discrete subparts within what

27  purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is ongoing

28  and Defendant has not yet produced critical data and documents responsive to Plaintiffs' discovery

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1   requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this interrogatory after

2   having an adequate opportunity to conduct discovery.  Subject to and without waiving the foregoing,

3   Plaintiff responds as follows.  Plaintiff refers Zoosk to his responses to interrogatories 6 through 8.

4   **INTERROGATORY NO. 10:**

5       State the basis for your contention that you have incurred "any fraudulent credit and debit

6   charges . . . and the resulting loss of use of [your] credit and access to funds" (FAC, ¶ 57), and for any

7   such claimed charge or resulting loss, separately describe each such charge or resulting loss you claim

8   to have suffered, when you claim to have suffered each such charge or resulting loss, all your bases for

9   claiming to have suffered any such charge or resulting loss, the amount (however measured) of or

10  associated with any such charge or resulting loss or any financial loss or damage you incurred by reason

11  of having suffered such charge or resulting loss, the method or basis for your calculation of any such

12  amount, and all actions taken by you to mitigate any such amount.

13  **RESPONSE TO INTERROGATORY NO. 10:**

14      Plaintiff objects to the extent this request contains multiple discrete subparts within what

15  purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is ongoing

16  and Defendant has not yet produced critical data and documents responsive to Plaintiffs' discovery

17  requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this interrogatory after

18  having an adequate opportunity to conduct discovery.  Subject to and without waiving the foregoing,

19  Plaintiff responds as follows.  Plaintiff was injured because he paid money to Zoosk and it did not

20  provide the service as it should have and did not protect his data.  Plaintiff further refers Zoosk to his

21  response to interrogatories 6 through 9.

22  **INTERROGATORY NO. 11:**

23      State the basis for your contention that you "now run the risk of unauthorized individuals

24  creating credit cards in [your] name[], taking out loans in [your] name[], and engaging in other

25  fraudulent conduct using [your] identit[y]" (FAC, ¶ 57), and set forth the amount of any financial loss

26  or damage you have incurred by reason of this alleged risk, the method or basis for your calculation of

27  any such amount, and all actions taken by you to mitigate any such amount or this alleged risk.

28  ///

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1   **RESPONSE TO INTERROGATORY NO. 11:**

2       Plaintiff objects to the extent this request contains multiple discrete subparts within what

3   purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is ongoing

4   and Defendant has not yet produced critical data and documents responsive to Plaintiffs' discovery

5   requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this interrogatory after

6   having an adequate opportunity to conduct discovery.  Subject to and without waiving the foregoing,

7   Plaintiff responds as follows.  Plaintiff only has access to one debit card and was forced to put a fraud

8   alert on it.  Plaintiff is concerned that he will lose access to the debit card because of fraud.

9   **INTERROGATORY NO. 12:**

10      For any alleged injury or harm that you suffered as a result of the Intrusion and that you have

11  not identified in response to the above Interrogatories, identify and state the basis for your contention

12  that you have suffered such injury or harm, and for any such claimed injury or harm, separately describe

13  each such injury or harm you suffered, when you suffered each such injury or harm, all your bases for

14  believing that you have suffered any such injury or harm, the amount (however measured) of or

15  associated with any such injury or harm or any financial loss or damage you incurred by reason of

16  having suffered such injury or harm, the method or basis for your calculation of any such amount, and

17  all actions taken by you to mitigate any such amount.

18  **RESPONSE TO INTERROGATORY NO. 12:**

19      Plaintiff objects to the extent this request contains multiple discrete subparts within what

20  purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is ongoing

21  and Defendant has not yet produced critical data and documents responsive to Plaintiffs' discovery

22  requests.  Accordingly, Plaintiff reserves the right to supplement his responses to this interrogatory after

23  having an adequate opportunity to conduct discovery.  Subject to and without waiving the foregoing,

24  Plaintiff responds as follows.  Plaintiff refers Zoosk to his responses to interrogatories 6 through 11.

25  **INTERROGATORY NO. 13:**

26      Provide a computation of each category of damages claimed by you in the Action and state the

27  basis for each such computation.

28  ///

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

2          Plaintiff objects to the extent this request contains multiple discrete subparts within what

3  purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

4  ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

5  discovery requests.  Accordingly, Plaintiff reserves the right to supplement her responses to this

6  interrogatory after having an adequate opportunity to conduct discovery.  Plaintiff objects that this

7  interrogatory calls for premature expert testimony, attorney client communication and attorney

8  work product. Subject to and without waiving the foregoing, Plaintiff responds as follows: All

9  Plaintiffs and Class Members are entitled to compensation for the money and time that Plaintiffs

10 and Class Members have spent addressing issues related to the Data Breach, including, but not

11 limited to, the time, loss of productivity, and costs associated with the detection and prevention of

12 identity theft and unauthorized use of their Personal Information, and the stress, nuisance,

13 inconvenience, and annoyance of dealing with issues resulting from the Data Breach. These

14 damages are ongoing, as the threat of continuing and future acts of fraud by persons who acquired

15 their Personal Information as a result of the Data Breach has not abated, and Plaintiff and Class

16 Members must continue to spend time and money addressing issues related to the Data Breach.

17 Further discovery, investigation, and expert analysis are needed to calculate these damages.

18 As to Plaintiff individually, to the best of his recollection, Plaintiff and his agent/representative (his

19 mother as he interpreted the definitions) have spent approximately 7-10 hours collectively

20 associated with the prevention and detection of the unauthorized use of his PII and communicating

21 with his attorneys prior to initiating this litigation.  Counting only Plaintiff's personal efforts,

22 Plaintiff believes he has spent approximately 3-4 hours on such tasks (to the best of his

23 recollection).  The aggregate amount of this time could have been spent on the enjoyment of life

24 with family and friends but was instead directed to these activities due to Defendants' failure to

25 prevent or detect the Data Breach. Plaintiff values his time and, after consultation with his attorneys,

26 is informed that an estimated value of such loss of his own personal time is at least $45.00 which

27 is calculated based on a value of $15.00 per hour multiplied by the minimum amount of hours he

28 presently recalls spending to deal with the breach (3 hours).  While he is not an expert, Plaintiff

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1    estimates that class damages attendant to such time would be at least $450,000,000.  Which would

2    be one hour of time at $15 per hour for an estimated 30,000,000 users subject to the breach.

3    Additionally, there are damages associated with the loss of value of Plaintiff's PII.  Plaintiff is not

4    an expert in valuing PII.  It is Plaintiff's understanding from his discussions with counsel that an

5    individual's entire portfolio of PII has been valued as high as $1,200 per person.  At a minimum,

6    Plaintiff understand that the value here is approximately $8.60 per user.  Plaintiff is informed that

7    this number derives from Spark Networks' acquisition of Zoosk in 2019 for $258 million.  Plaintiff

8    further understand that, at the time of acquisition, Zoosk had approximately 30 million users.

9    Plaintiff is informed that the value was computed by dividing the acquisition price by the number

10   of users.

11        Additionally. Plaintiff seeks restitution for monies paid to Zoosk in an amount up to $131.16.

12   Such figure was tabulated by summing Plaintiff's two payments to Zoosk, one in the amount of

13   $56.21 and one in the amount of $74.95.

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

15        Plaintiff objects to the extent this request contains multiple discrete subparts within what

16   purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

17   ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

18   discovery requests.  Accordingly, Plaintiff reserves the right to supplement her responses to this

19   interrogatory after having an adequate opportunity to conduct discovery.  Plaintiff objects that this

20   interrogatory calls for premature expert testimony, attorney client communication and attorney

21   work product. Subject to and without waiving the foregoing, Plaintiff responds as follows: All

22   Plaintiffs and Class Members are entitled to compensation for the money and time that Plaintiffs

23   and Class Members have spent addressing issues related to the Data Breach, including, but not

24   limited to, the time, loss of productivity, and costs associated with the detection and prevention of

25   identity theft and unauthorized use of their Personal Information, and the stress, nuisance,

26   inconvenience, and annoyance of dealing with issues resulting from the Data Breach. These

27   damages are ongoing, as the threat of continuing and future acts of fraud by persons who acquired

28   their Personal Information as a result of the Data Breach has not abated, and Plaintiff and Class

1   Members must continue to spend time and money addressing issues related to the Data Breach.

2   Further discovery, investigation, and expert analysis are needed to calculate these damages.

3          As to Plaintiff individually, to the best of his recollection, Plaintiff and his

4   agent/representative (his mother as he interpreted the definitions) have spent approximately 7-10

5   hours collectively associated with the prevention and detection of the unauthorized use of his PII

6   and communicating with his attorneys prior to initiating this litigation.  Counting only Plaintiff's

7   personal efforts, Plaintiff believes he has spent approximately 3-4 hours on such tasks (to the best

8   of his recollection).  The aggregate amount of this time could have been spent on the enjoyment of

9   life with family and friends but was instead directed to these activities due to Defendants' failure

10  to prevent or detect the Data Breach. Plaintiff values his time and, after consultation with his

11  attorneys, is informed that an estimated value of such loss of his own personal time is at least $45.00

12  which is calculated based on a value of $15.00 per hour multiplied by the minimum amount of

13  hours he presently recalls spending to deal with the breach (3 hours).  Without waiving his attorney-

14  client privilege, Plaintiff responds that he has been informed that the $15 per-hour figure represents

15  a reasonable hourly rate based upon estimated wage fluctuations across members of the class. While

16  he is not an expert, Plaintiff estimates that class damages attendant to such time would be at least

17  $450,000,000.  Which would be one hour of time at $15 per hour for an estimated 30,000,000 users

18  subject to the breach.

19     Additionally, there are damages associated with the loss of value of Plaintiff's PII.  Plaintiff is

20  not an expert in valuing PII.  It is Plaintiff's understanding from his discussions with counsel that

21  an individual's entire portfolio of PII has been valued as high as $1,200 per person.  At a minimum,

22  Plaintiff understand that the value here is approximately $8.60 per user.  Plaintiff is informed that

23  this number derives from Spark Networks' acquisition of Zoosk in 2019 for $258 million.  Plaintiff

24  further understand that, at the time of acquisition, Zoosk had approximately 30 million users.

25  Plaintiff believes that the estimated value is conservative and that he and the members of the class

26  should be paid the full value of this PII.  Plaintiff is informed that the value was computed by

27  dividing the acquisition price by the number of users. Plaintiff estimates that, class damages

28  attendant to such loss of value would be approximately $258,000,000.

1   Additionally. Plaintiff seeks restitution for monies paid to Zoosk in an amount up to $131.16.

2   Such figure was tabulated by summing Plaintiff's two payments to Zoosk, one in the amount of

3   $56.21 and one in the amount of $74.95.

4   **FURTHER SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

5   Plaintiff objects to the extent this request contains multiple discrete subparts within what

6   purports to be a single interrogatory.  In addition, this interrogatory is premature as discovery is

7   ongoing and Defendant has not yet produced critical data and documents responsive to Plaintiffs'

8   discovery requests.  Accordingly, Plaintiff reserves the right to supplement her responses to this

9   interrogatory after having an adequate opportunity to conduct discovery.  Plaintiff objects that this

10  interrogatory calls for premature expert testimony, attorney client communication and attorney

11  work product. Subject to and without waiving the foregoing, Plaintiff responds as follows: All

12  Plaintiffs and Class Members are entitled to compensation for the money and time that Plaintiffs

13  and Class Members have spent addressing issues related to the Data Breach, including, but not

14  limited to, the time, loss of productivity, and costs associated with the detection and prevention of

15  identity theft and unauthorized use of their Personal Information, and the stress, nuisance,

16  inconvenience, and annoyance of dealing with issues resulting from the Data Breach. These

17  damages are ongoing, as the threat of continuing and future acts of fraud by persons who acquired

18  their Personal Information as a result of the Data Breach has not abated, and Plaintiff and Class

19  Members must continue to spend time and money addressing issues related to the Data Breach.

20  Further discovery, investigation, and expert analysis are needed to calculate these damages.

21  As to Plaintiff individually, to the best of his recollection, Plaintiff and his

22  agent/representative (his mother as he interpreted the definitions) have spent approximately 7-10

23  hours collectively associated with the prevention and detection of the unauthorized use of his PII

24  and communicating with his attorneys prior to initiating this litigation.  Counting only Plaintiff's

25  personal efforts, Plaintiff believes he has spent approximately 3-4 hours on such tasks (to the best

26  of his recollection).  The aggregate amount of this time could have been spent on the enjoyment of

27  life with family and friends but was instead directed to these activities due to Defendants' failure

28  to prevent or detect the Data Breach. Plaintiff values his time and, after consultation with his

15

1   attorneys, is informed that an estimated value of such loss of his own personal time is at least $45.00

2   which is calculated based on a value of $15.00 per hour multiplied by the minimum number of

3   hours he presently recalls spending to deal with the breach (3 hours).  Without waiving his attorney-

4   client privilege, Plaintiff responds that he has been informed that the $15 per-hour figure represents

5   a reasonable hourly rate based upon estimated wage fluctuations across members of the class. While

6   he is not an expert, Plaintiff estimates that class damages attendant to such time would be at least

7   $450,000,000.  Which would be one hour of time at $15 per hour for an estimated 30,000,000 users

8   subject to the breach.

9       Additionally, there are damages associated with the loss of value of Plaintiff's PII.  Plaintiff is

10   not an expert in valuing PII.  It is Plaintiff's understanding from his discussions with counsel that

11   an individual's entire portfolio of PII has been valued as high as $1,200 per person.  At a minimum,

12   Plaintiff understand that the value here is approximately $8.60 per user.  Plaintiff is informed that

13   this number derives from Spark Networks' acquisition of Zoosk in 2019 for $258 million.  Plaintiff

14   further understand that, at the time of acquisition, Zoosk had approximately 30 million users. This

15   figure has been estimated from the number of the users subject to the breach  (given the time of the

16   breach and the time of acquisition.)  Plaintiff believes that the estimated value is conservative and

17   that he and the members of the class should be paid the full value of this PII.  Plaintiff is informed

18   that the value was computed by dividing the acquisition price by the number of users. Plaintiff

19   estimates that, class damages attendant to such loss of value would be approximately $258,000,000.

20       Additionally. Plaintiff seeks restitution for monies paid to Zoosk in an amount up to $74.95

21   which., after review of his records, is the amount he paid in subscription fees to Zoosk.  Plaintiff

22   will supplement this response after he reviews the discovery recently provided by Zoosk.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

1    Dated: March 18, 2022                     **BRADLEY/GROMBACHER LLP**
                                               **CROSNER LEGAL P.C.**
2

3

4                                     By:_____
                                               Marcus J. Bradley, Esq.
5                                              Kiley L. Grombacher, Esq.
                                               Robert S. Fisher, Esq.
6                                              Zachary M. Crosner, Esq.
                                               Michael R. Crosner, Esq.
7
                                               Attorneys for Plaintiffs and
8                                              the proposed Class

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO
INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT ZOOSK ,INC

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                                                    ) ss.
COUNTY OF LOS ANGELES    )

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action; my business address 31365 Oak Crest Drive, Suite 240, Westlake Village, CA  91361.

      On March 19, 2022, I served the foregoing documents described as

1) **PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT ZOOSK, INC**

on interested parties in this action as follows: **SEE ATTACHED SERVICE LIST**

[X ]    (**BY E-MAIL**) On the above date,  I served the above-mentioned document(s) by electronic mail to the parties' email addresses as they are known to me on the attached Service List. My email address is kgrombacher@bradleygrombacher.com.

[X]    (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed March 19, 2022, at Westlake Village, California.

                                  _____

                                  Kiley L. Grombacher , Esq.

PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT ZOOSK ,INC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Flores-Mendez, et al. v. Zoosk, Inc.,et al.*
**USDC, Central District of California**
**Case No.: 20STCV34197**

### Service List

| | |
|---|---|
| Douglas H. Meal, Esq.<br>Rebecca Harlow, Esq.<br>**ORRICK, HERRINGTON<br>& SUTCLIFFE LLP**<br>222 Berkeley Street Suite 2000<br>Boston, MA 02116-3740<br>Telephone: +1 617 880 1800<br>Facsimile: +1 617 880 1801<br>dmeal@orrick.com<br>rharlow@orrick.com | Attorneys for Defendants<br>ZOOSK, INC. and SPARK NETWORKS SE |

19

*Mendez v. Zoosk, Inc.*
*USDC Northern District of California-San Francisco Div.*
*Case No.: 4:20-cv-04929-SBA*

## <u>VERIFICATION</u>

I have read **PLAINTIFF JUAN FLORES-MENDEZ'S FURTHER SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORES, SET ONE, PROPOUNDED BY DEFENDANT ZOOSK, INC**.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief.  As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of March, 2022, at Bloomington, California.

DocuSigned by:

_____

16F7C213E965477...

JUAN FLORES- MENDEZ