

April 26, 2022
*Via E-filing and Courier*

The Honorable William H. Alsup
San Francisco Federal Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Flores-Mendez v. Zoosk, Inc.*, Case No. 3:20-cv-4929-WHA (N.D. Cal.)
      Response to Defendant Zoosk's Request for Discovery Relief (re: Interrogatory 5)

To The Honorable Judge Alsup:

Plaintiff writes in response to Defendant's, Zoosk, Inc. ("Zoosk"), April 22, 2022, discovery filing requesting an order compelling "Plaintiff to supplement his response to Interrogatory 5 by providing Zoosk with all the information upon which Plaintiff intends to rely to prove his allegation that Zoosk's security for the data Plaintiff provided to Zoosk was 'unreasonable,' including all the categories of information specified in Zoosk's letters of March 7 and 15." (ECF No. 182 at 3).

As an initial matter, it is critical for the Court to appreciate what interrogatory No. 5 actually asked for, and not what Defendant now wishes that it did. Interrogatory No. 5 states, ***in total***:

> State the basis for your contention that "Zoosk has failed to maintain reasonable security controls and systems appropriate for the nature of the [Personal Information] it maintains." (First Amended Complaint ("FAC"), ¶ 13).

*See, e.g.*, (ECF No. 182-3 at 5).

Springing from that run-of-the-mill contention interrogatory, Zoosk now seeks to transform it into an all-encompassing panacea, sufficient to force responses to myriad questions it never asked. Specifically, Zoosk contends that Interrogatory No. 5 is somehow sufficient to require Plaintiff to respond to ***eleven*** (11) unarticulated, separate subparts:

One Tampa City Center | 201 North Franklin Street | 7th Floor | Tampa, FL 33602 | Ph: 813.223.5505 | www.ForThePeople.com

Atlanta, GA | Bowling Green, KY | Daytona Beach, FL | Fort Myers, FL | Jackson, MS | Jacksonville, FL | Kissimmee, FL | Lakeland, FL | Lexington, KY | Naples, FL | Nashville, TN
New York, NY | Memphis, TN | Orlando, FL | Plantation, FL | Sarasota, FL | St. Petersburg, FL | Tallahassee, FL | Tampa, FL | Tavares, FL | The Villages, FL | Winter Haven, FL

April 26, 2022
Page 2

Specifically, to prove their claim for negligence based on Zoosk's supposed failure to have "reasonable" security measures to protect their allegedly stolen data in place at the time of the Security Event, Plaintiffs must establish (1) what security standard Zoosk was required to meet in order to provide reasonable security for their allegedly stolen data at the time of the Security Event, (2) what specific security measures Zoosk was required to have in place at the time of the Security Event in order to satisfy that allegedly applicable standard, and (3) which of those allegedly required specific security measures Zoosk failed to have in place at the time of the Security Event. In addition, as to each such allegedly out-of-place security measure, Plaintiffs must establish that the absence of such security measure (4) rendered Zoosk's security for their allegedly stolen data "unreasonable" at the time of the Security Event and (5) caused their allegedly stolen data to be exfiltrated from Zoosk's network in the course of the Security Event. . . .

Similarly, for Plaintiff Flores-Mendez to prove a UCL claim on the basis that Zoosk represented it provided reasonable security, but instead provided less-than-reasonable security, for his allegedly stolen data, Plaintiff Flores-Mendez must demonstrate, as to whatever timeframe he contends was covered by this alleged Zoosk representation (the "allegedly covered time frame"), (1) what security standard Zoosk was required to meet in order to provide reasonable security for his allegedly stolen data during the allegedly covered period and how such standard changed over the course of the allegedly covered period, (2) what specific security measures Zoosk was required to have in place during the allegedly covered period in order to satisfy that allegedly applicable standard and how such allegedly required specific security measures changed over the course of the allegedly covered period, (3) which of those allegedly required specific security measures Zoosk failed to have in place during some portion of the allegedly covered period, and (4) for what portion of the allegedly covered period such allegedly out-of-place required specific security measure was not in place. In addition, as to each such allegedly out-of-place security measure, Plaintiff Flores-Mendez must establish that the absence of such security measure (5) rendered Zoosk's security for his allegedly stolen data "unreasonable" for some specified portion of the allegedly covered period



One Tampa City Center  |  201 North Franklin Street  |  7th Floor  |  Tampa, FL 33602  |  Ph: 813.223.5505  |  www.ForThePeople.com

April 26, 2022
Page 3

and (6) caused his allegedly stolen data to be exfiltrated from Zoosk's network in the course of the Security Event.

(ECF No. 182-1 at 2–3).

No doubt, much to Zoosk's chagrin, that is not what Interrogatory No. 5 asked for. Moreover, even if it had, Zoosk would have exceeded its permissible number of interrogatories once considering the multiple other interrogatories it propounded that also included discrete subparts. *See* Plaintiff's Objections and Responses to Defendant's Interrogatories.

And, in any event, Plaintiff is not required to provide an appellate brief to Zoosk in the form of an interrogatory response, just because Zoosk subjectively believes it is entitled to one. As one court noted: "Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Hanford Executive Mgmt. Employee Ass'n v. City of Hanford*, 1:11-CV-00828-AWI, 2013 WL 5671460, at *8 (E.D. Cal. Oct. 17, 2013) (quoting *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007)).[1] "In the written discovery process, parties are not entitled to each and every detail that could possibly exist in the universe of facts. . . . [T]o the extent [defendant] seeks every minute detail and narratives about the subject incident and every possible surrounding circumstance, written discovery is not the proper vehicle to obtain such detail." *Bashkin v. San Diego County*, 08-CV-1450-WQH WVG, 2011 WL 109229, at *2 (S.D. Cal. Jan. 13, 2011).

Importantly, and contrary to Zoosk's claims to the opposite, while Plaintiff agreed to supplement his response to Interrogatory No. 5 during the March 11th meet-and-confer, he never agreed—explicitly, implicitly, or otherwise—to respond to the (ever-expanding) list of subparts Zoosk fluidly believes is encompassed thereby.

Rather, as is evident from the face of Plaintiff's Further Supplemental Responses (ECF No. 182-3 at 6–7), Plaintiff provided an extensive list of the security failings at issue in this case, complete with citations to the record, which form the basis for his "contention

---

[1] *See also, e.g.*, *Hanford Executive Mgmt.*, 2013 WL 5671460, at *8 ("'Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories.'") (quoting *Tubbs v. Sacramento County Jail,* No. CIV S–06–0280 LKK GGH P, 2008 WL 863974, at *1 (E.D. Cal. Mar.28, 2008)).



April 26, 2022
Page 4

that 'Zoosk has failed to maintain reasonable security controls and systems'"—which, again, is the ***sole inquiry*** raised by Interrogatory No. 5. Whether Zoosk can think of eleven, or eleven hundred additional issues it believes should (or might, or could) form "the basis for [Plaintiff's] contention" is not particularly relevant. Plaintiff has provided the basis for his contention concerning Zoosk's deficient data security and that is all that is required here.

Further, Plaintiff's expert reports are due on April 29, 2022, *see* (ECF No. 138), and will include whatever additional detail Zoosk believes the response to Interrogatory No. 5 requires. To the extent it does not, Zoosk can argue the significance of that going forward, but there will be no lack of "fair notice," (ECF No. 182 at 3), which Zoosk claims is the animating principle at issue here.

To that point, as is clear from the Discovery Letter, following Plaintiff's service of his Further Supplemental Responses on March 18, 2022, Zoosk did not raise any concern with the substance of the response. Rather, over a month later (on April 22nd), Zoosk filed this letter. As has been its repeated practice in this case, Zoosk engaged in no meaningful dialogue, opting instead to impose an artificial deadline of one business day to respond to its inquiries, prior to filing its letter. Had it meaningfully conferred, as it was required, Plaintiff would have informed Zoosk of what it informs the Court of now: this request will be moot by April 29th when the expert report is served in accord with the Case Management Order.

Accordingly, both substantively (the information Zoosk seeks to compel was not actually sought in Interrogatory No. 5) and practically (whatever remaining detail Zoosk believes it is entitled to will come in Plaintiff's expert report, due in three days) the request for relief is due to be denied.

    Best regards,
    */s/ John A. Yanchunis*
    Counsel for Plaintiff

cc:    All counsel of record.

