1   DOUGLAS H. MEAL (*admitted pro hac vice*)
    dmeal@orrick.com
2   MATTHEW D. LABRIE (*admitted pro hac vice*)
    mlabrie@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    222 Berkeley Street
4   Suite 2000
    Boston, MA  02116-3740
5   Telephone:     +1 617 880 1800
    Facsimile:     +1 617 880 1801
6
    REBECCA HARLOW (STATE BAR NO. 281931)
7   rharlow@orrick.com
    ORRICK, HERRINGTON & SUTCLIFFE LLP
8   The Orrick Building
    405 Howard Street
9   San Francisco, CA  94105-2669
    Telephone:     +1 415 773 5700
10  Facsimile:     +1 415 773 5759

11  Attorneys for Defendant Zoosk, Inc.

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15

16  JUAN FLORES-MENDEZ, an individual; and       Case No. 3:20-cv-4929-WHA
    TRACY GREENAMYER, an individual, on
17  behalf of themselves and on behalf of classes of   **DEFENDANT ZOOSK, INC.'S
    similarly situated individuals,              ANSWER AND AFFIRMATIVE
18                                               DEFENSES TO PLAINTIFFS' FOURTH
                    Plaintiffs,                  AMENDED CLASS ACTION
19                                               COMPLAINT**

20          v.

21  ZOOSK, INC., a Delaware corporation,         Judge:     The Honorable William Alsup

22                  Defendant.

23

24

25

26

27

28

4129-3702-6359.8

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Zoosk, Inc. ("Zoosk") hereby files its answer to Plaintiffs' Fourth Amended Class Action Complaint, dated April 29, 2022 (the "Complaint"), as set forth below.  Any allegations in the Complaint not expressly admitted herein are denied.  Moreover, Zoosk denies any factual allegations contained in the headings of the Complaint unless specifically admitted herein.

1.     To the extent the allegation in paragraph 1 merely purports to describe a page on Zoosk's website and an April 16, 2014 Form S-1 filed by Zoosk, Zoosk states that the website and Form S-1 are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Zoosk denies the allegation in paragraph 1.

2.     Zoosk denies the allegations in the first sentence of paragraph 2.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 2 and, therefore, denies the same.

3.     Zoosk admits that "Members" (those who have registered for Zoosk services by creating an account) have the option of paying for a subscription service and admit that Flores-Mendez purchased a subscription service before the data breach was announced, and Zoosk denies the remaining allegations in paragraph 3.

4.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 4 and, therefore, denies the same.

5.     To the extent the allegation in paragraph 5 merely purports to describe an article in WIRED, Zoosk states that the article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 5.  To the extent that a further response to the allegation in paragraph 5 is required, Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 5 and, therefore, denies the same.

6.     To the extent the allegations in paragraph 6 merely purport to describe Zoosk's June 3, 2020 notice to certain Zoosk Members, Zoosk states that the notice is the best source of its full

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 6.

7.      Zoosk admits that on June 3, 2020, it provided a notice to certain Zoosk Members. To the extent the allegation in paragraph 7 merely purports to describe Zoosk's June 3, 2020 notice to said Zoosk Members, Zoosk states that the notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 7.

8.      Zoosk denies the allegations in paragraph 8.

9.      Zoosk denies the allegation in the first sentence of paragraph 9 that the notice Zoosk provided to certain Zoosk Members entitled "Notice of Data Security Event" was sent on May 28, 2020.  Zoosk admits the allegation in the first sentence of paragraph 9 that it sent certain Zoosk Members a notice entitled "Notice of Data Security Event" and that such notice included a phone number for Member inquiries.  The remaining allegations in paragraph 9 set forth legal conclusions, to which no response is required.  To the extent the allegations in the second and third sentences of paragraph 9 merely purport to quote Cal. Civil Code § 1798.82, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 9.  To the extent that a further response to the allegations in paragraph 9 is required, Zoosk denies the same.

10.     The allegations in paragraph 10 set forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 10 merely purport to describe or quote the CCPA, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 10.  To the extent that a further response to the allegations in paragraph 10 is required, Zoosk denies the same.

11.     The allegation in paragraph 11 sets forth legal conclusions, to which no response is required.  To the extent the allegation in paragraph 11 merely purports to describe or quote the

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

CCPA, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in paragraph 11. To the extent that a further response to the allegations in paragraph 11 is required, Zoosk denies the same.

12.     To the extent the allegation in the first sentence of paragraph 12 merely purports to describe the notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk Members, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegation in the first sentence of paragraph 12. To the extent a further response to the allegation in the first sentence of paragraph 12 is required, Zoosk denies the same. Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 12 and, therefore, denies the same.

13.     The allegation in paragraph 13 sets forth legal conclusions, to which no response is required. To the extent that a further response to the allegation in paragraph 13 is required, Zoosk denies the same.

14.     The allegation in the first sentence of paragraph 14 sets forth legal conclusions, to which no response is required. To the extent that a further response to the allegation in the first sentence of paragraph 14 is required, Zoosk denies the same. To the extent the allegations in the second sentence of paragraph 14 merely purports to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk Members, Zoosk states that such notice is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in the second sentence of paragraph 14. The allegation in the third sentence of paragraph 14 sets forth legal conclusions, to which no response is required. To the extent that a further response to the allegation in the third sentence of paragraph 14 is required, Zoosk denies the same. Zoosk states that it lacks information

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1    or knowledge sufficient to form a belief as to the truth of the allegation in the fourth sentence of

2    paragraph 14 and, therefore, denies the same.

3         15.    The allegation in paragraph 15 sets forth legal conclusions, to which no response is

4    required.  To the extent that a further response to the allegation in paragraph 15 is required, Zoosk

5    denies the same.

6         16.    To the extent the allegations in paragraph 16 merely purports to describe Zoosk's

7    notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk Members, Zoosk

8    states that such notice is the best source of its full content and context and, to the extent such

9    allegations do not accurately represent its full content and context, Zoosk denies the allegations in

10   paragraph 16.  The allegations in paragraph 16 set forth legal conclusions, to which no response is

11   required.  To the extent that a further response to the allegations in paragraph 16 is required, Zoosk

12   states that it lacks information or knowledge sufficient to form a belief as to the truth of the

13   allegation in paragraph 16 and, therefore, denies the same.

14        17.    Zoosk denies the allegation in paragraph 17.

15        18.    The allegations in paragraph 18 sets forth legal conclusions, to which no response

16   is required.  To the extent that a further response to the allegations in paragraph 18 is required,

17   Zoosk denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of

18   the purported classes.

19        19.    The allegations in paragraph 19 set forth legal conclusions, to which no response are

20   required.  To the extent that a further response to the allegations in paragraph 19 is required, Zoosk

21   denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the

22   purported classes.

23                              **JURISDICTION AND VENUE**

24        20.    The allegations in paragraph 20 set forth legal conclusions, to which no response is

25   required.  To the extent that a further response to the allegations in paragraph 20 is required, Zoosk

26   denies that Plaintiffs have any actionable claim and denies any remaining allegations in paragraph

27

28                                                                DEFENDANT ZOOSK, INC.'S ANSWER
                                                              AND AFFIRMATIVE DEFENSES TO
                                        5                   PLAINTIFFS' FOURTH AMENDED CLASS
                                                               ACTION COMPLAINT
                                                               3:20-cv-4929-WHA

1    20.

2          21.     The allegations in the first sentence of paragraph 21 set forth legal conclusions, to

3    which no response is required.  Zoosk admits that it has conducted business in this District, but

4    denies that it maintains its principal place of business in this District.  To the extent that a further

5    response to the allegations in paragraph 21 is required, Zoosk denies the same.

6          22.     The allegations in paragraph 22 set forth legal conclusions, to which no response is

7    required.  To the extent that a further response to the allegations in paragraph 22 is required, Zoosk

8    states that it lacks information or knowledge sufficient to form a belief as to the truth of the

9    allegation in the second sentence of paragraph 22 regarding the residences of members of the

10   putative classes and, therefore, denies the same.  Zoosk denies that Plaintiffs have any actionable

11   claim and denies any remaining allegations in paragraph 22.

12                               **INTRADISTRICT ASSIGNMENT**

13         23.     The allegations in paragraph 23 set forth legal conclusions, to which no response is

14   required.  To the extent that a further response to the allegations in paragraph 23 is required, Zoosk

15   admits that is has conducted business in the counties served by this Division, has marketed and

16   advertised its business in the counties served by this Division, and has collected Member

17   information in this District.  Zoosk denies the remaining allegations in paragraph 23.

18                                      **PARTIES**

19         24.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to

20   the truth of the allegations in the first, third, and fifth sentences of paragraph 24 and, therefore,

21   denies the same.  Zoosk denies the allegations in the second sentence of paragraph 24.  Zoosk

22   denies the allegation in the fourth sentence of paragraph 24 that Plaintiff Flores-Mendez received

23   a notice in the mail on May 28, 2020 from Zoosk.  To the extent the allegations in the fourth

24   sentence of paragraph 24 merely purports to describe Zoosk's notice entitled "Notice of Data

25   Security Event" that Zoosk sent to Plaintiff Flores-Mendez on June 6, 2020, Zoosk states that such

26   notice is the best source of its full content and context and, to the extent such allegations do not

27

28

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

accurately represent its full content and context, Zoosk denies the allegations in the second sentence of paragraph 24.

25.     Zoosk denies the allegations in paragraph 25.

26.     Zoosk denies the allegations in paragraph 26.

27.     On March 31, 2022, the Court dismissed Plaintiff Collins's claims with prejudice. *See* Transcript of Proceedings (ECF No. 170) at 5:4-6.  As a result, Zoosk has no obligation to respond to this paragraph.

28.     On March 31, 2022, the Court dismissed Plaintiff Collins's claims with prejudice. See Transcript of Proceedings (ECF No. 170) at 5:4-6.  As a result, Zoosk has no obligation to respond to this paragraph.

29.     On March 31, 2022, the Court dismissed Plaintiff Collins's claims with prejudice. See Transcript of Proceedings (ECF No. 170) at 5:4-6.  As a result, Zoosk has no obligation to respond to this paragraph.

30.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first, fourth, and fifth sentences of paragraph 30 and, therefore, denies the same.  Zoosk denies the allegations in the second, third, sixth, and seventh sentences of paragraph 30.

31.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, denies the same.

32.     Zoosk denies that it maintains a headquarters and principal place of business in San Francisco, California.  Zoosk denies that it ever charges any amount to "users" (those who access Zoosk's services without registering for the services by creating an account). Zoosk admits that "subscribers" (those who purchase a subscription) send messages and chat with other subscribers. Zoosk admits the remaining allegations in paragraph 32.

33.     To the extent the allegations in paragraph 33 merely purports to describe data from Sensor Tower, Zoosk states that the data is the best source of its full content and context and, to the

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 33.  To the extent that a further response to the allegation in paragraph 33 is required, Zoosk denies the same.

## **FACTUAL BACKGROUND**

### **Defendant's Relevant Privacy Policies**

34.     Zoosk admits that users are required to provide an email address in order to register for Zoosk services by creating a Zoosk account and thereby become a Member.  Zoosk denies any remaining allegations in paragraph 34.

35.     To the extent the allegations in paragraph 35 merely purports to describe and quote Zoosk's Privacy Policy that appeared on Zoosk's website as of April 29, 2022, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 35.

36.     To the extent the allegations in paragraph 36 merely purports to describe and quote Zoosk's Privacy Policy that appeared on Zoosk's website as of April 29, 2022, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 36.

37.     To the extent the allegations in paragraph 37 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnote 9, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 37.  To the extent that a further response to the allegations in paragraph 37 is required, Zoosk denies the same.

38.     To the extent the allegations in paragraph 38 merely purports to describe Zoosk's Privacy Policy referenced in footnote 10, Zoosk states that such Privacy Policy is the best source

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 38.

39.     To the extent the allegations in paragraph 39 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnote 11, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 39.

40.     To the extent the allegations in paragraph 40 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnote 12, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 40.

41.     To the extent the allegations in paragraph 41 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnote 13, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 41.

42.     To the extent the allegations in paragraph 42 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnote 14, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 42.

43.     The allegations in paragraph 43 set forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 43 merely purports to describe and quote Zoosk's Privacy Policy referenced in footnotes 15 and 16, Zoosk states that such Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 43.  To the extent that a further response to the allegations in paragraph 43 is required, Zoosk denies the same.

44.     The allegation in paragraph 44 sets forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 44 merely purports to describe and quote

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 44.  To the extent that a further response to the allegation in paragraph 44 is required, Zoosk denies the same.

45.   To the extent the allegations in footnote 17 and paragraph 45 merely purport to describe and quote Zoosk's Privacy Policy at various points in time, Zoosk states that such versions of the Privacy Policy are the best sources of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Zoosk denies the allegations in paragraph 45.  Zoosk denies any remaining allegations in paragraph 45.

46.   To the extent the allegations in footnote 18 and paragraph 46 merely purport to describe and quote the versions of Zoosk's Privacy Policy referenced in footnote 18, Zoosk states that such versions of the Privacy Policy are the best sources of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Zoosk denies the allegations in paragraph 46.  Zoosk further states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26 because the term "Class Period" is nowhere defined in the Complaint and, therefore, denies the same.

47.   The allegations in paragraph 47 set forth legal conclusions, to which no response is required.  To the extent the allegations in paragraph 47 merely purport to describe Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 47.  To the extent that a further response to the allegations in paragraph 47 is required, Zoosk denies the same.

48.   Zoosk denies the allegation in paragraph 48.

49.   The allegations in paragraph 49 set forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 49 is required, Zoosk denies the same.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

**Zoosk Uses PII to Maximize Its Profits and For Marketing**

50.     To the extent the allegations in paragraph 50 merely purports to describe and quote Zoosk's Privacy Policy, Zoosk states that the Privacy Policy is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 50.

**Zoosk Failed to Take Reasonable Steps to Protect User Data**

51.     The allegation in paragraph 51 sets forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in paragraph 51 is required, Zoosk denies the same.

52.     The allegations in paragraph 52 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 52 is required, Zoosk denies the same.

53.     The allegations in the first and second sentence of paragraph 53 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 53 is required, Zoosk denies the same.  Zoosk denies the allegation in the third sentence of paragraph 53.  To the extent that a further response to the allegations in paragraph 53 is required, Zoosk denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

54.     Zoosk admits that Zoosk was valued at $258 million when it was acquired by Spark. The remaining allegations in paragraph 54 set forth legal conclusions, to which no response is required.  To the extent that a further response to the remaining allegations in paragraph 54 is required, Zoosk denies the same.

**Zoosk's Failure to Take Reasonable Steps to Protect User Data Resulted in a Massive Data Breach**

55.     The allegations in paragraph 55 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 55 is required, Zoosk

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1    denies the same.

2          56.    The allegation in the first sentence of paragraph 56 sets forth legal conclusions, to

3    which no response is required.  To the extent a further response to the allegation in the first sentence

4    of paragraph 56 is required, Zoosk denies the same.  As to the remaining allegations of paragraph

5    56,  Zoosk admits that its business operates exclusively online; denies that it has or ever had any

6    legal obligation to protect against third-party criminal attacks on any information Plaintiffs may

7    have provided to it; states, in the alternative, that to the extent any such obligation exists or ever

8    existed, Zoosk has and at all times had measures in place sufficient to meet (and in fact did meet)

9    any such obligation; and otherwise denies said allegations.

10          57.    Zoosk denies the allegation in paragraph 57.

11          58.    Zoosk admits that it became aware on May 11, 2020 of unlawful access to certain

12   information provided to Zoosk by certain Zoosk Members in connection with becoming or being a

13   Zoosk Member.  Zoosk states that it lacks information or knowledge sufficient to form a belief as

14   to the truth of the remaining allegations in paragraph 58 and, therefore, denies the same.

15   **Zoosk Did Not Notify Affected Consumers Within a Reasonable Time**

16          59.    The allegations in paragraph 59 set forth legal conclusions, to which no response is

17   required.  To the extent a further response to the allegations in paragraph 59 is required, Zoosk

18   denies the same.

19          60.    Zoosk denies the allegations in paragraph 60.

20   **Annual Monetary Losses from Identity Theft are in the Billions of Dollars in Value of**
     **Personally Identifiable Information**
21

22          61.    The allegations in paragraph 61 set forth legal conclusions, to which no response is

23   required.  To the extent a further response to the allegations in paragraph 61 is required, Zoosk

24   denies the same. Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf

25   of the purported classes.

26          62.    Zoosk states that it lacks information or knowledge sufficient to form a belief as to

27
     DEFENDANT ZOOSK, INC.'S ANSWER
     AND AFFIRMATIVE DEFENSES TO
28   PLAINTIFFS' FOURTH AMENDED CLASS
     ACTION COMPLAINT
     3:20-cv-4929-WHA

4129-3702-6359.8

1   the truth of the allegation in paragraph 62 and, therefore, denies the same.

2       63.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to

3   the truth of the allegation in paragraph 63 and, therefore, denies the same.

4       64.     Zoosk denies the allegation in the first sentence of paragraph 64.  Zoosk states that

5   it lacks information or knowledge sufficient to form a belief as to the truth of the remaining

6   allegations in paragraph 64 and, therefore, denies the same.

7       65.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to

8   the truth of the allegation in paragraph 65 and, therefore, denies the same.

9       66.     To the extent the allegations in paragraph 66 merely purport to describe a GAO

10  report, Zoosk states that the report is the best source of its full content and context and, to the extent

11  such allegations do not accurately represent its full content and context, Zoosk denies the

12  allegations in paragraph 66.  To the extent a further response to the allegations in paragraph 66 is

13  required, Zoosk states that it lacks information or knowledge sufficient to form a belief as to the

14  truth of the remaining allegations in paragraph 66 and, therefore, denies the same.

15      67.     The allegations in paragraph 67 sets forth legal conclusions, to which no response

16  is required.  To the extent a further response to the allegations in paragraph 67 is required, Zoosk

17  denies the same.  Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf

18  of the purported classes.

19      68.     Zoosk admits that it has not offered credit monitoring services to any of the Zoosk

20  Members to whom Zoosk sent the notice entitled "Notice of Data Security Event."  Zoosk denies

21  the remaining allegations in the first sentence of paragraph 68.  To the extent the allegation in the

22  second sentence of paragraph 68 merely purports to describe Zoosk's notice entitled "Notice of

23  Data Security Event" that Zoosk sent to certain Zoosk users, Zoosk states that the Notice of Data

24  Security Event is the best source of its full content and context and, to the extent such allegations

25  do not accurately represent its full content and context, Zoosk denies the allegation in the second

26  sentence of paragraph 68.

27

28

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

13

69.     The allegations in the first and second sentences of paragraph 69 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in the first and second sentences of paragraph 69 is required, Zoosk denies the same. Zoosk denies the allegation in the third sentence of paragraph 69.  Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of paragraph 69 and, therefore, denies the same.

70.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 70 and, therefore, denies the same.

71.     The allegations in paragraph 71 sets forth legal conclusions, to which no response is required.  To the extent a further response to the allegations in paragraph 71 is required, Zoosk denies the same.  Zoosk further denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported classes.

## CLASS ACTION ALLEGATIONS

72.     The allegations in paragraph 72 consist of legal conclusions and Plaintiffs' characterization of their claims and terminology to which no response is required.  To the extent that a further response to the allegations in paragraph 72 is required, Zoosk denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Nationwide Class, California Subclass, and Subscription Subclass, and denies that such classes may be certified under Rule 23 of the Federal Rules of Civil Procedure.

73.     The allegations in paragraph 73 consist of Plaintiffs' characterization of their claims and terminology to which no response is required.  To the extent that a further response to the allegations in paragraph 73 is required, Zoosk denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported Nationwide Class, California Subclass, and Subscription Subclass, and denies that such classes may be certified under Rule 23 of the Federal Rules of Civil Procedure.

74.     The allegations in paragraph 74 consist of a reservation of rights to which no

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1    response is required.  To the extent that a further response to the allegations in paragraph 74 is

2    required, Zoosk denies the same.

3         75.      To the extent the allegation in the second sentence of paragraph 75 merely purports

4    to describe Zoosk's notice entitled "Notice of Data Security Event" that Zoosk sent to certain Zoosk

5    users, Zoosk states that such notice is the best source of its full content and context and, to the

6    extent such allegations do not accurately represent its full content and context, Zoosk denies the

7    allegation in the second sentence of paragraph 75.  The remaining allegations in paragraph 75 set

8    forth legal conclusions, to which no response is required.  To the extent that a further response to

9    the allegations in paragraph 75 is required, Zoosk denies the same.

10         76.      The allegations in paragraph 76 set forth legal conclusions, to which no response is

11    required.  To the extent that a further response to the allegations in paragraph 76 is required, Zoosk

12    denies the same.

13         77.      The allegations in paragraph 77 set forth legal conclusions, to which no response is

14    required.  To the extent that a further response to the allegations in paragraph 77 is required, Zoosk

15    denies the same.

16         78.      The allegations in paragraph 78 set forth legal conclusions, to which no response is

17    required.  To the extent that a further response to the allegations in paragraph 78 is required, Zoosk

18    denies the same.

19         79.      The allegations in paragraph 79 set forth legal conclusions, to which no response is

20    required.  To the extent that a further response to the allegations in paragraph 79 is required, Zoosk

21    denies the same.

22         80.      The allegations in paragraph 80 set forth legal conclusions, to which no response is

23    required.  To the extent that a further response to the allegations in paragraph 80 is required, Zoosk

24    denies the same.

25         81.      The allegations in paragraph 81 set forth legal conclusions, to which no response is

26    required.  To the extent that a further response to the allegations in paragraph 81 is required, Zoosk

27

28

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

15

1   denies the same.

2           82.     The allegations in paragraph 82 set forth legal conclusions, to which no response is

3   required.  To the extent that a further response to the allegations in paragraph 82 is required, Zoosk

4   denies the same.

5           83.     The allegations in paragraph 83 set forth legal conclusions, to which no response is

6   required.  To the extent that a further response to the allegations in paragraph 83 is required, Zoosk

7   denies the same.

8           84.     The allegations in paragraph 84 set forth legal conclusions, to which no response is

9   required.  To the extent that a further response to the allegations in paragraph 84 is required, Zoosk

10  denies the same.

11          85.     The allegations in paragraph 85 set forth legal conclusions, to which no response is

12  required.  To the extent that a further response to the allegations in paragraph 85 is required, Zoosk

13  denies the same.

14          86.     The allegations in paragraph 86 set forth legal conclusions, to which no response is

15  required.  To the extent that a further response to the allegations in paragraph 86 is required, Zoosk

16  denies the same.

### FIRST CAUSE OF ACTION
**NEGLIGENCE**
**(By Plaintiffs and the Classes)**

17
18
19
20          87.     Zoosk repeats and incorporates by reference each and every response to paragraphs

21  1 to 86 above.

22          88.     The allegations in paragraph 88 set forth a legal conclusion, to which no response is

23  required.  To the extent that a further response to the allegations in paragraph 88 is required, Zoosk

24  denies the same.

25          89.     The allegations in paragraph 89 set forth a legal conclusion, to which no response is

26  required.  To the extent that a further response to the allegations in paragraph 89 is required, Zoosk

27  denies the same.

28

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-CV-4929-WHA

4129-3702-6359.8

90.     The allegations in paragraph 90 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 90 is required, Zoosk denies the same.

91.     The allegations in paragraph 91 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 91 is required, Zoosk denies the same.

92.     The allegations in paragraph 92 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 92 is required, Zoosk denies the same.

93.     The allegations in paragraph 93 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 93 is required, Zoosk denies the same.

94.     Zoosk states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation in paragraph 94 and, therefore, denies the same.

95.     The allegations in paragraph 95 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 95 is required, Zoosk denies the same.  To the extent the allegations in paragraph 95 merely purport to describe and quote Section 5 of the FTC Act, Zoosk states that the statute is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Zoosk denies the allegations in paragraph 95.

96.     The allegations in paragraph 96 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 96 is required, Zoosk denies the same.

97.     The allegations in paragraph 97 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 97 is required, Zoosk denies the same.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

98.     The allegations in paragraph 98 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 98 is required, Zoosk denies the same.

99.     The allegations in the first and second sentences of paragraph 99 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in the first and second sentences of paragraph 99 is required, Zoosk denies the same. Zoosk admits that the FTC has purported to bring enforcement actions against businesses alleging that data security practices violated Section 5 of the FTC Act and denies the remaining allegations in paragraph 99.

100.     The allegations in paragraph 100 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 100 is required, Zoosk denies the same.

101.     The allegations in paragraph 101 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 101 is required, Zoosk denies the same.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE § 17200 – UNFAIR BUSINESS PRACTICES**
**(By Plaintiff Flores-Mendez and the Subscription Subclass)**

102.     Zoosk repeats and incorporates by reference each and every response to paragraphs 1 to 86 above.

103.     The allegations in paragraph 103 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 103 is required, Zoosk denies the same.

104.     The allegations in paragraph 104 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 104 is required, Zoosk denies the same.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

105.     The allegations in paragraph 105 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 105 is required, Zoosk denies the same.

106.     The allegations in paragraph 106 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 106 is required, Zoosk denies the same.

107.     The allegations in paragraph 107 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 107 is required, Zoosk denies the same.

108.     The allegations in paragraph 108 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 108 is required, Zoosk denies the same.

109.     The allegations in paragraph 105 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 105 is required, Zoosk denies the same.

110.     The allegations in paragraph 110 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 110 is required, Zoosk denies the same.

111.     The allegations in paragraph 111 set forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegations in paragraph 111 is required, Zoosk denies the same.

## **PRAYER FOR RELIEF**

No response is required to Plaintiffs' Prayer for Relief.  To the extent a response to Plaintiffs' Request for Relief is required, Zoosk denies that Plaintiffs are entitled to the relief they seek.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

**DEMAND FOR JURY TRIAL**

No response is required to Plaintiffs' Demand for Jury Trial.  To the extent a response to Plaintiffs' Demand for Jury Trial is required, Zoosk denies that Plaintiffs are entitled to a jury trial.

**AFFIRMATIVE DEFENSES**

**First Defense**

Plaintiffs lack standing under Article III of the United States Constitution.

**Second Defense**

The damages suffered by Plaintiffs, if any, were caused by the acts of others for whose conduct Zoosk was not responsible, including but potentially not limited to the criminals who perpetrated the cyberattack, and for those actions Zoosk cannot be found liable.

**Third Defense**

Plaintiffs' claims are barred because Zoosk's Terms of Use, of which Plaintiffs received notice and to which Plaintiffs assented, contains a limitation of liability provision excluding relief for any and all of the damages and injuries claimed by Plaintiffs.

**Fourth Defense**

Plaintiffs' claims are barred both by the merger clause in the Terms of Use, of which Plaintiffs received notice and to which Plaintiffs assented, and by the warranty disclaimer in the Terms of Use insofar as Plaintiffs' claims are based on any Zoosk representation, warranty, or promise not expressly contained in the Terms of Use.

**Fifth Defense**

Plaintiffs' negligence claim is barred because Plaintiffs did not suffer any damages or injuries that were caused by an act or omission of Zoosk.

**Sixth Defense**

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-CV-4929-WHA

4129-3702-6359.8

1    Plaintiffs' negligence claim is barred, in whole or in part, by a lack of actual or proximate

2    cause.

3    **Seventh Defense**

4    Plaintiffs' negligence claim is barred because Zoosk does not owe a common-law or

5    statutory duty of care to Plaintiffs to protect against third-party criminal attack any information

6    Plaintiffs may have provided to Zoosk in connection with their becoming or being Zoosk users.

7    **Eighth Defense**

8    Plaintiffs' negligence claim is barred by the economic loss doctrine.

9    **Ninth Defense**

10    Plaintiffs' negligence claim is barred because Plaintiffs' alleged damages, if any, were not

11    reasonably foreseeable.

12    **Tenth Defense**

13    Plaintiffs have suffered no recoverable damages.

14    **Eleventh Defense**

15    To the extent Plaintiffs have suffered any recoverable damages, such damages are limited

16    to $50 per person by the limitation of liability provision in the Terms of Use, of which Plaintiffs

17    received notice and to which Plaintiffs assented.

18    **Twelfth Defense**

19    Plaintiffs' damages claims are barred to the extent they have failed to take steps to mitigate

20    their alleged damages.

21    **Thirteenth Defense**

22    Plaintiffs' damages claims are barred to the extent any steps they may have taken to mitigate

23    their alleged damages were unreasonable.

24    **Fourteenth Defense**

25    Plaintiffs' damages claims are barred to the extent Plaintiffs were contributorily negligent

26    with respect to any damages they claim to have incurred.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

**Fifteenth Defense**

Plaintiffs have suffered no legally cognizable injuries that are actionable in negligence under applicable law.

**Sixteenth Defense**

Plaintiffs lack standing to bring a claim under California's Unfair Competition Law ("UCL") because Plaintiffs did not suffer injury in fact or lose money or property as a result of the alleged UCL violation.

**Seventeenth Defense**

Plaintiffs' claim under the UCL is barred because Plaintiffs did not actually rely on any purported misrepresentations or omissions by Zoosk.

**Eighteenth Defense**

Plaintiffs' claim under the UCL is barred in whole or in part because Zoosk's alleged business acts or practices are not unfair or fraudulent within the meaning of Cal. Bus. & Prof. Code § 17200 or otherwise.

**Nineteenth Defense**

Plaintiffs' claim under the UCL is barred because Zoosk's alleged conduct does not violate any public policy tethered to any specific constitutional, statutory or regulatory provisions.

**Twentieth Defense**

Plaintiffs' claim under the UCL is barred because Zoosk's alleged conduct was not immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

**Twenty-First Defense**

Plaintiffs' claim under the UCL is barred because the utility of Zoosk's alleged conduct outweighs the gravity of any alleged harm.

**Twenty-Second Defense**

Plaintiffs' claim under the UCL is barred because Zoosk's alleged conduct was not likely to mislead.

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1

**Twenty-Third Defense**

2        Plaintiffs are not entitled to restitution under the UCL because Zoosk did not unfairly obtain

3    profits representing monies given by Plaintiffs to Zoosk or benefits in which Plaintiffs have an

4    ownership interest.

5

**Twenty-Fourth Defense**

6        Plaintiffs are not entitled to an injunction under the UCL because the allegedly unlawful

7    Zoosk conduct occurred in the past and Zoosk is not currently, nor in the future will be, engaging

8    in the alleged unlawful activity.

9

**Twenty-Fifth Defense**

10        Plaintiffs lack standing for injunctive relief because they are not exposed to a risk of future

11    harm that is sufficiently imminent and substantial.

12

**Twenty-Sixth Defense**

13        Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the

14    Federal Rules of Civil Procedure.

15

**Twenty-Seventh Defense**

16        Plaintiffs' claims may not properly be maintained as a class action because by means of the

17    Zoosk Terms of Use, of which Plaintiffs had notice and to which Plaintiffs assented, each Plaintiff

18    agreed that any and all claims brought by him or her against Zoosk must be brought in his or her

19    individual capacity and not as a plaintiff in a class action.  By such agreement each Plaintiff waived

20    any right he or she might otherwise have had to bring this action as a class action.

21

**Twenty-Eighth Defense**

22        Plaintiffs' claims are barred for failure to comply with the pre-litigation dispute

23    resolution requirement of the Terms of Use, of which Plaintiffs had notice and to which Plaintiffs

24    assented.

25

**Twenty-Ninth Defense**

26        Plaintiffs' claims may not properly be tried to a jury because the Terms of Use, of

27

28

23

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1   which Plaintiffs had notice and to which Plaintiffs assented, waived trial by jury and because

2   Plaintiffs' claims are, in any event, not triable to a jury insofar as Plaintiffs seek only equitable

3   and/or declaratory relief and/or bring any claim under the UCL.

4                                          **Thirtieth Defense**

5                    Plaintiffs' claims should not be litigated in this venue because the Terms of Use, of

6   which Plaintiffs had notice and to which Plaintiffs assented, require resolution of any claim or

7   dispute Plaintiffs may have against Zoosk to be resolved in a federal or state court located in Santa

8   Clara County, California or as described in the Terms of Use's arbitration provision.

9                                        **Thirty-First Defense**

10                   Plaintiffs' claims are subject to arbitration because the Terms of Use, of which

11  Plaintiffs had notice and to which Plaintiffs assented, require resolution of any claim, dispute, or

12  controversy arising out of or in connection with or relating to the Terms of Use by arbitration in

13  Santa Clara County, California.

14                                     **Reservation of Rights**

15                 Zoosk reserve the right to amend this Answer or to assert other defenses as this action

16  proceeds.  In particular, but without limitation, in the event this action is certified as a class action,

17  Zoosk reserves the right to amend this Answer to assert defenses that may be available under the

18  law applicable to the claims of any class member.  Based on all of the foregoing as well as other

19  grounds, Zoosk denies that Plaintiffs are entitled to any relief whatsoever.

20

21

22

23

24

25

26

27

28                                                    24

DEFENDANT ZOOSK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FOURTH AMENDED CLASS
ACTION COMPLAINT
3:20-cv-4929-WHA

4129-3702-6359.8

1    Dated:      May 13, 2022                    Respectfully Submitted,

2                                                  _/s/ Douglas H. Meal_____

3                                                Douglas H. Meal (*admitted pro hac vice*)
                                                 MA Bar No. 340971
4                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 222 Berkeley St., Suite 2000
5                                                Boston, MA 02116
                                                 dmeal@orrick.com
6

7                                                Rebecca Harlow
                                                 CA Bar No. 281931
8                                                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                                 405 Howard Street
9                                                San Francisco, CA 94105
                                                 rharlow@orrick.com
10

11                                               *Attorneys for Defendant Zoosk, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                        DEFENDANT ZOOSK, INC.'S ANSWER
                                                          AND AFFIRMATIVE DEFENSES TO
28                                          25            PLAINTIFFS' FOURTH AMENDED CLASS
                                                          ACTION COMPLAINT
                                                          3:20-cv-4929-WHA

4129-3702-6359.8