DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
MATTHEW D. LABRIE (*admitted pro hac vice*)
mlabrie@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116-3740
Telephone:     +1 617 880 1800
Facsimile:     +1 617 880 1801

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant Zoosk, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and TRACEY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DECLARATION OF REBECCA HARLOW IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PURSUANT TO RULE 79-5(f)**<br><br>JUDGE:    The Honorable William Alsup |

I, Rebecca Harlow, hereby declare as follows:

1. I am an associate at the law firm Orrick, Herrington & Sutcliffe, LLP, counsel of record for Defendant, Zoosk, Inc. ("Zoosk") in the above-captioned litigation.

2. I submit this Civil Local Rule 79-5(c)(1) Declaration pursuant to Civil Local Rule 79-5(f)(3), in support of Plaintiffs Juan Flores-Mendez's and Tracey Greenamyer's ("Plaintiffs")

1 | incorrectly titled and incorrectly filed "Administrative Motion to Seal Portions of Plaintiff's Motion for Class Certification." I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

\* \* \*

3. On May 20, 2022, Plaintiffs filed a document titled "Administrative Motion to Seal Portions of Plaintiff's Motion for Class Certification." ECF 201. According to the title of Document 201, such motion would be filed pursuant to Civil Local Rule 79-5(c).

4. However, in the last sentence of Document 201, Plaintiffs reference Civil Local Rule 79-5(f) and thus appear to intend Document 201 to be a Civil Local Rule 79-5(f) motion, which, according to Rule 79-5(f), must be titled as an "Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." It thus appears Plaintiffs filed a Rule 79-5(c) motion but intended the motion to operate as a Rule 79-5(f) motion.

5. Because of Plaintiffs' apparent failure to comply with Rule 79-5(f), attorneys for Zoosk did not understand Document 201 to purport to be a Rule 79-5(f) motion until May 31, 2022, admittedly after the seven days allowed by Rule 79-5(f)(3) to file a Rule 79-5(c)(1) declaration in support of sealing the materials identified in Plaintiffs' administrative motion.

6. Given the confusion that resulted from Plaintiffs' failure to comply with Rule 79-5(f), Zoosk respectfully requests this Court allow this Declaration even though it has been filed two business days after the deadline set forth in the Rule.

\* \* \*

7. I have reviewed the parties' Stipulated Protective Order (ECF 69) and the Court's Protective Order (ECF 71) which approved of the parties' Stipulated Protective Order, subject to various conditions.

8. The Stipulated Protective Order reaffirms that the parties must comply with Civil Local Rule 79-5 "when a party seeks permission from the [C]ourt to file material under seal." ECF 69 at 1:24–25.

9.      Plaintiffs' Motion for Class Certification refers to, incorporates, and attaches as exhibits material designated "Confidential" pursuant to the Protective Order (the "Designated Material").

10.     The Designated Material sets forth detailed confidential information concerning, *inter alia*, (i) the structure of Zoosk's network and the virtual location of its proprietary property including its source code; (ii) the security posture of Zoosk's network infrastructure; (iii) Zoosk's data security and incident response practices; (iv) methods purportedly used by unauthorized third-parties to purportedly access Zoosk's network; (v) actions taken by Zoosk to prevent and protect against unauthorized intrusion into its network; and (vi) Zoosk's detailed financial reports. Indeed, the Designated Material includes complete deposition transcripts of four of Zoosk's information security employees, the deposition transcript of Zoosk's corporate designee (whose notice of deposition exclusively identified topics related to Zoosk's data security), and reports of Plaintiffs' experts who cite extensively to these depositions, as well as Zoosk's October 8, 2021 Amended Interrogatory Reponses (again, which respond almost exclusively to questions related to Zoosk's data security) and exhibits that contain Zoosk's detailed financial information.

11.     California law requires a party seeking to seal records in or attached to a non-dispositive motion to demonstrate good cause exists to seal such records. "A 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rule 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. Civ. P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Id*. (citing FED. R. CIV. P. 26(c)(7)). "When a court grants a protective order for information produced during discovery, it

1  already has determined that 'good cause' exists to protect this information from being disclosed to
2  the public by balancing the needs for discovery against the need for confidentiality." *Id*. at 1213.
3  "Therefore, when a party attaches a sealed discovery document to a nondispositive motion, the
4  usual presumption of the public's right of access is rebutted." *Id*.

5        12.    Good cause exists to seal the Designated Material. The Designated Material
6  constitutes trade secrets and confidential research, development, and commercial information.
7  Failure to seal and disclosure of the Designated Material will expose Zoosk and the PII of Zoosk's
8  users to an exponentially increased risk of unauthorized access and criminal hacking. Failure to
9  seal and disclosure of the Designated Material will also cause competitive harm to Zoosk.

10        13.    Here, no alternative that is less restrictive than sealing the Designated Material is
11  sufficient. While Zoosk believes it was exceedingly unnecessary for Plaintiffs to file and then seek
12  to seal complete deposition transcripts as attachments to its non-dispositive motion rather than file
13  selected relevant excerpts, because Plaintiffs have chosen to file the complete transcripts, good
14  cause exists to seal the entirety of the Designated Materials.

15        14.    For the foregoing reasons and pursuant to Civil Local Rule 79-5(f) and Federal Rule
16  of Civil Procedure 26, the Designated Material should be filed under seal and Plaintiffs' Proposed
17  Order (ECF 201.12) should be granted.

19  Dated: June 1, 2022                                **ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:    */s/ Rebecca Harlow*
REBECCA HARLOW
Attorney for Defendant
Zoosk, Inc.