**ORRICK, HERRINGTON & SUTCLIFFE LLP**
DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
MATTHEW D. LABRIE (*admitted pro hac vice*)
mlabrie@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

Attorneys for Defendant
ZOOSK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and TRACEY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DECLARATION OF CONSTANTIN GARCEV IN SUPPORT OF DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFF TRACY GREENAMYER'S MOTION FOR CLASS CERTIFICATION**<br><br>Judge:       The Honorable William Alsup |

1

I, Constantin Garcev, hereby declare, under penalty of perjury, that the following statements are true and correct:

1.      I have been the Director of Infrastructure and Site Reliability Engineering for Spark Networks Services GmbH since April 1, 2021.  From October 1, 2020 until April 1, 2021, I was the Head of Developer Experience, and before that, I was the Team Lead DevOps since March 1, 2019.  As part of my role, I oversee Zoosk, Inc.'s ("Zoosk") strategic DevOps activities.

2.      I submit this declaration in support of Zoosk, Inc.'s ("Zoosk") Opposition to Plaintiffs' Motion for Class Certification.

3.      I make this declaration on the basis of my personal knowledge of the facts set forth herein, which knowledge obtained in the course of my employment by Spark either directly or by and through agents, representative, and service providers of Zoosk.

4.      I understand that Plaintiff Tracy Greenamyer's ("Plaintiff") has alleged that Zoosk must implement various "security controls" in order "to protect class members' PII in the future." Having reviewed the proposed controls as outlined in Plaintiff's Motion for Class Certification ("Motion" at 16), I believe that none of the proposed controls would improve Zoosk's current security posture with respect to Zoosk's AWS production account (i.e. the portion of the Zoosk environment that contained the data targeted in January 2020 by unauthorized actors (the "Intrusion")) or result in better protection of putative class members' PII located in that account because either (a) these controls are already in place with respect to Zoosk's AWS production account; (b) Zoosk has alternative controls in place with respect to Zoosk's AWS production account that already achieve the same goal; or (c) even if implemented, the proposed controls would have no effect on Zoosk's security posture with respect to Zoosk's AWS production account.

5.      All of the Zoosk controls detailed herein are intended to protect Zoosk's AWS production account.

6.      First, I understand that Plaintiff suggests "[e]ngaging third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including

1    simulated attacks, penetration tests, and audits on Zoosk's systems on a periodic basis; to run

2    automated security monitoring and to audit, test, and train Zoosk security personnel regarding any

3    new or modified procedures."[1]   Such controls are already in place. ████████████████

4

5

6

7

8

9

10

11

12

13

14

15

16

17        7.      Second, I understand that Plaintiff suggests "[o]rdering Zoosk to promptly correct

18   any problems or issues detected by such third-party security auditors."  Motion at 16.  This control

19   is already in place. ██████████████████████████████████████████

20

21

22        8.      Third, I understand that Plaintiff suggests "[o]rdering mandatory 3rd party Intrusion

23   response and forensic investigation of infiltration, not just exfiltration." (Motion at 16).   This

24   proposed control does not specify as to when exactly third-party intrusion response and forensic

25   investigation should be required, so it is impossible to conclude definitively whether or not this

26

27   [1] Plaintiff has broken out this proposed security control into two separate bullets (*see* bullets 1 and 3 on page 16 of
     Plaintiff's Motion).  Because these two proposed security controls overlap, I consider them together.

28

DECLARATION OF CONSTANTIN GARCEV IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOT. FOR CLASS CERT.

control is in place.  However, Zoosk's Security Incident Response Plan ("SIRP")

Attached hereto as **Exhibit A** is a true and correct copy of the SIRP bearing bates numbers ZOOSK00000349-ZOOSK00000377.

9.      Fourth, I understand Plaintiffs suggest "[a]utomating AWS Access Key rotation and placing them on an industry standard schedule." Motion at 16.  This control is already in process of being put in place by October 2023.

4

DECLARATION OF CONSTANTIN GARCEV IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOT. FOR CLASS CERT.



12.     Fifth, I understand that Plaintiff suggests "[i]mplementing credential vaulting for manually held AWS access keys and passwords."  Motion at 16.  I assume that "AWS access keys and passwords" refers to the AWS access key ID and secret key, which together are referred to herein as "AWS access keys."  This control is unnecessary as it would not improve Zoosk's current security posture or result in better protection of class members' PII.

DECLARATION OF CONSTANTIN GARCEV IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOT. FOR CLASS CERT.

13.     Sixth, I understand that Plaintiff suggests "[i]mplementing Column level database encryption for PII." Motion at 16.  However, such encryption cannot be implemented without significantly diminishing the operability of the databases.

14.     Seventh, I understand that Plaintiff suggests "[r]equiring secure coding training for Zoosk employees."  Motion at 16.  This control is already in place.

6

15.     Finally, I understand that Plaintiff suggests "[s]canning all instances for evidence of stored keys including software repositories, GitHub, etc. on a regular, recurring basis."  Motion at 16.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of June 2022, at Oranienburg, Germany.

CONSTANTIN GARCEV

7

# EXHIBIT A FILED UNDER SEAL