**ORRICK, HERRINGTON & SUTCLIFFE LLP**
DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
MATTHEW D. LABRIE (*admitted pro hac vice*)
mlabrie@orrick.com
REBECCA HARLOW (CA BAR NO. 281931)
rharlow@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant
ZOOSK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and TRACEY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DECLARATION OF JULIANA VON TROTHA IN SUPPORT OF DEFENDANT ZOOSK, INC.'S OPPOSITION TO PLAINTIFF TRACY GREENAMYER'S MOTION FOR CLASS CERTIFICATION**<br><br>DATE: July 7, 2022<br>TIME: 8:00 a.m.<br>CTRM.: 12, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102<br><br>Judge: The Honorable William Alsup |

1

DECLARATION OF JULIANA VON TROTHA IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOT. FOR CLASS CERT.

I, JULIANA VON TROTHA, hereby declare, under penalty of perjury, that the following statements are true and correct:

1. I have been the Head of Legal for Spark Networks Services GmbH since August 1, 2021. I was previously Senior Legal Counsel at Spark from August 15, 2019 until July 31, 2021.

2. I submit this Affirmation in support of Zoosk, Inc.'s ("Zoosk") Opposition to Plaintiffs' Motion for Class Certification.

3. I make this declaration on the basis of my knowledge, information and belief, which includes knowledge and information obtained by and through agents, representatives, and service providers of Zoosk.

4. Zoosk is a leading online dating company that offers online and mobile access to its dating application. The application is free, although users may purchase a subscription for additional functionality.

5. Each Zoosk user account is opened by a user providing an email address and is thereafter tied to and identified by that email address. As of early 2020, Zoosk had records for approximately ▇▇▇ unique Zoosk user accounts, each associated with a unique email address. Because an individual could create multiple Zoosk user accounts if he or she used different email addresses for each account, the number of unique Zoosk users is somewhat smaller than the number of unique Zoosk user accounts.

6. At all relevant times Zoosk has maintained the records associated with the Zoosk user accounts in a database ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7. In January 2020, Zoosk's information security team detected that unauthorized actors had gained access to Zoosk's AWS production environment (the "Intrusion"), in which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1   ▮  Zoosk's information security team cut off the intruder's access to the AWS production
2   environment within about 24 hours of his gaining access.
3       8.   In January 2020, Zoosk determined, based on a review of AWS Cloudtrail logs, that
4   during the Intrusion the unknown attacker had gained access ▮
5   ▮
6   ▮ The
7   AWS Cloudtrail logs showed no evidence that during the Intrusion the attacker accessed
8–27 ▮

3
DECLARATION OF JULIANA VON TROTHA IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOT. FOR CLASS CERT.

10. In May 2020, a data set was posted for sale on the dark web and identified as records stolen from Zoosk.

11. Zoosk verified that the data set posted for sale on the dark web was authentic Zoosk user account data; that its contents consisted of the Zoosk user account records contained ███ █████████████████████████████████████████ and that its contents did not include any of the Zoosk user account records contained ████████████████████████████████ ██████████████.

12. Zoosk is aware of no evidence, and has no reason to believe, that during the Intrusion the attacker accessed ████████████████████ Nor is Zoosk aware of any evidence, nor does Zoosk have any reason to believe, that during the Intrusion the attacker accessed ████ ████████████████████████████.

13. In early June 2020, Zoosk sent an email (a "notice email") to the email address associated with each of the accessed Zoosk user account records, which email reported that data associated with the Zoosk user account associated with that email address had been accessed in the Intrusion. Zoosk did not provide any other notice of the Intrusion to any Zoosk user.

14. Zoosk also provided notification to regulators as required by applicable law, including in California. The notification sent by Zoosk to the California Attorney General is attached as **Exhibit A** hereto.

15. When Plaintiff Tracy Greenamyer sought to become a putative class representative, counsel for Plaintiffs provided counsel for Zoosk with the email address Ms. Greenamyer used to create her Zoosk user account. Zoosk has subsequently used that email address to find the user records associated with Ms. Greenamyer's Zoosk user account and to determine where in the Zoosk user account database those records were located. Zoosk has determined that none of the data associated with Ms. Greenamyer's Zoosk user account was contained ██████████ ████████████████████████████████████████████████████████████████████ █████████████ and Ms. Greenamyer's Zoosk user account is therefore not among the Zoosk user accounts that Zoosk has determined to have been impacted by the Intrusion. That being the

case, Zoosk never sent a notice email to the email address associated with Ms. Greenamyer's Zoosk user account. Zoosk accordingly is aware of no evidence, and has no reason to believe, that any data associated with Ms. Greenamyer's Zoosk user account was accessed during the Intrusion.

16. Attached hereto as **Exhibit B** is a true and correct copy of the operative version of Zoosk's Privacy Policy last updated on June 6, 2022 available at: https://docviewer.zoosk.com/legal-privacy-en.html. This version of the Privacy Policy does not state that "Zoosk will take reasonable measures to help protect your information in an effort to prevent loss, misuse and unauthorized access, disclosure, alteration or destruction and to treat it in accordance with this Policy", (see Section 6).

17. On March 5, 2021, Zoosk blocked Ms. Greenamyer's account at 12:47 GMT due to a foreign IP address login that occurred using Greenamyer's username and password [REDACTED] this login to Ms. Greenamyer's account by a foreign IP address cannot have been accomplished as a result of the Intrusion.

18. For the seven-day period between June 1, 2022 and June 8, 2022, there were [REDACTED] visits to Zoosk webpages. Of those [REDACTED] visits, only [REDACTED] percent of those visits (or [REDACTED]) were visits to the Zoosk's webpage with its Privacy Policy.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of June 2022, at Berlin, Germany.

_____
JULIANA VON TROTHA

5
DECLARATION OF JULIANA VON TROTHA IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOT. FOR CLASS CERT.

# EXHIBIT A FILED UNDER SEAL

# EXHIBIT B
# FILED
# UNDER
# SEAL