DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
MATTHEW D. LABRIE (*admitted pro hac vice*)
mlabrie@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA 02116-3740
Telephone:    +1 617 880 1800
Facsimile:    +1 617 880 1801

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Defendant Zoosk, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and TRACY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DECLARATION OF REBECCA HARLOW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(F)**<br><br>JUDGE:    The Honorable William Alsup |

1

I, Rebecca Harlow, hereby declare as follows:

1.      I am an associate at the law firm Orrick, Herrington & Sutcliffe, LLP, counsel of record for Defendant, Zoosk, Inc. ("Zoosk") in the above-captioned litigation.

2.      I submit this Civil Local Rule 79-5(c)(1) Declaration pursuant to Civil Local Rule 79-5(f)(3) in support of Plaintiffs' Motion to Seal and Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Local Rule 79-5(F) (ECF No. 216).  I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

*      *      *

3.      On June 24, 2022, Plaintiffs filed a Motion to Seal and Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Local Rule 79-5(F).  ECF 216.

4.      I have reviewed the parties' Stipulated Protective Order (ECF 69) and the Court's Protective Order (ECF 71) which approved of the parties' Stipulated Protective Order, subject to various conditions.

5.      Plaintiffs' Reply in Support of Plaintiffs' Motion for Class Certification refers to, incorporates, and attaches as exhibits material designated "Confidential" by Zoosk pursuant to the Protective Order (the "Designated Material").

6.      The Designated Material sets forth detailed confidential information concerning, *inter alia*, (i) Zoosk's data security and incident response practices; (ii) actions taken by Zoosk to prevent and protect against unauthorized intrusion into its network; and (iii) Zoosk's detailed financial reports.  Indeed, the Designated Material includes correspondence between counsel concerning Zoosk's information security practices and financial information, as well as portions of briefing discussing and quoting documents produced by Zoosk during discovery relating to these topics and Zoosk's written discovery responses related to Zoosk's data security and finances.

7.      California law requires a party seeking to seal records in or attached to a non-dispositive motion to demonstrate good cause exists to seal such records.  "A 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-

2

1   dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

2   Rule 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order

3   which justice requires to protect a party or person from annoyance, embarrassment, oppression, or

4   undue burden or expense." Fed. R. Civ. P. 26(c).  "For good cause to exist, the party seeking

5   protection bears the burden of showing specific prejudice or harm will result if no protective order

6   is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.

7   2002).  "The law . . . gives district courts broad latitude to grant protective orders to prevent

8   disclosure of materials for many types of information, including, *but not limited to*, trade secrets or

9   other confidential research, development, or commercial information." *Id*. (citing Fed. R. Civ. P.

10   26(c)(7)).  "When a court grants a protective order for information produced during discovery, it

11   already has determined that 'good cause' exists to protect this information from being disclosed to

12   the public by balancing the needs for discovery against the need for confidentiality." *Id*. at 1213.

13   "Therefore, when a party attaches a sealed discovery document to a nondispositive motion, the

14   usual presumption of the public's right of access is rebutted." *Id*.

15       8.      Good cause exists to seal the Designated Material.  The Designated Material

16   constitutes confidential proprietary information, including but not limited to confidential research,

17   development, and commercial information.  Failure to seal and disclosure of the Designated

18   Material will expose Zoosk and the PII of Zoosk's users to an exponentially increased risk of

19   unauthorized access and criminal hacking.  Failure to seal and disclosure of the Designated Material

20   will also cause competitive harm to Zoosk.

21       9.      For the foregoing reasons and pursuant to Civil Local Rule 79-5(f) and Federal Rule

22   of Civil Procedure 26, the Designated Material should be sealed and Plaintiffs' Motion should be

23   granted.[1]

24   _____

25   [1] Plaintiffs filed a Proposed Order in connection with the Motion to Seal and Motion to Consider
     Whether Another Party's Material Should be Sealed Pursuant to Local Rule 79-5(F), seeking to
     seal documents Plaintiffs' filed in connection with their Reply In Support of Plaintiffs' Motion
26   for Class Certification, but the Proposed Order appears to have erroneously referred to Plaintiffs'
     Motion to Strike filed concurrently.  *Compare* ECF 216 with ECF 216-5.  Zoosk therefore
27   requests that the instant motion be granted and the Court enter an order granting the relief sought
     in the Motion.

28

1        I declare under penalty of perjury under the laws of the State of California that the foregoing

2  is true and correct, and that this declaration was executed in Berkeley, California on July 1, 2022.

3

4

5                                      Rebecca C. Harlow

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4