DOUGLAS H. MEAL (*admitted pro hac vice*)
dmeal@orrick.com
MATTHEW D. LABRIE (*admitted pro hac vice*)
mlabrie@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street
Suite 2000
Boston, MA  02116-3740
Telephone:    +1 617 880 1800
Facsimile:     +1 617 880 1801

REBECCA HARLOW (STATE BAR NO. 281931)
rharlow@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Defendant Zoosk, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual and TRACY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ZOOSK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-4929-WHA<br><br>**DECLARATION OF REBECCA HARLOW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL PURSUANT TO LOCAL RULE 79-5(F)**<br><br>JUDGE:    The Honorable William Alsup |

1

I, Rebecca Harlow, hereby declare as follows:

1. I am an associate at the law firm Orrick, Herrington & Sutcliffe, LLP, counsel of record for Defendant, Zoosk, Inc. ("Zoosk") in the above-captioned litigation.

2. I submit this Civil Local Rule 79-5(c)(1) Declaration pursuant to Civil Local Rule 79-5(f)(3) in support of Plaintiffs' Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Local Rule 79-5(F) (ECF No. 227). I have knowledge of the facts set forth herein, and if called upon as a witness, I could testify to them competently under oath.

\* \* \*

3. On July 13, 2022, Plaintiffs filed a Motion to Consider Whether Another Party's Material Should be Sealed Pursuant to Local Rule 79-5(F). ECF 227.

4. I have reviewed the parties' Stipulated Protective Order (ECF 69) and the Court's Protective Order (ECF 71) which approved of the parties' Stipulated Protective Order, subject to various conditions.

5. Plaintiffs' Reply in Support of Plaintiffs' Motion to Strike Untimely Disclosed Evidence and Witnesses refers to, incorporates, and attaches as exhibits material designated "Confidential" by Zoosk pursuant to the Protective Order (the "Designated Material").

6. The Designated Material sets forth detailed confidential information concerning, *inter alia*, (i) the structure of Zoosk's network and the virtual location of its proprietary property including its source code; (ii) the security posture of Zoosk's network infrastructure; (iii) Zoosk's data security and incident response practices; (iv) methods purportedly used by unauthorized third-parties to purportedly access Zoosk's network; (v) actions taken by Zoosk to prevent and protect against unauthorized intrusion into its network; (vi) Zoosk's detailed financial reports; and (vii) the details of the PII of Zoosk's users. Indeed, the Designated Material includes descriptions of Zoosk users' PII, a declaration by the Head of Legal for Spark Networks Services GmbH detailing Zoosk's data security practices, a report by one of Zoosk's experts based on and discussing confidential information relating to Zoosk's finances, and a transcript of a Zoosk employee's deposition about

Zoosk's data security practices.[1]  Each of the documents other than Plaintiffs' reply brief has previously been filed provisionally under seal and has previously been the subject of a motion regarding sealing.  *See* ECF Nos. 200-3, 201, 204, 206, 206-5, 206-9, 207.  Zoosk filed a public redacted version of the von Trotha Declaration at ECF No. 206-09 on June 10, 2022.

7. California law requires a party seeking to seal records in or attached to a non-dispositive motion to demonstrate good cause exists to seal such records.  "A 'good cause' showing under [Federal Rule of Civil Procedure] 26(c) will suffice to keep sealed records attached to non-dispositive motions.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Rule 26(c) states that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  "The law . . . gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information."  *Id*. (citing Fed. R. Civ. P. 26(c)(7)).  "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  *Id*. at 1213.  "Therefore, when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted."  *Id*.

8. Good cause exists to seal the Designated Material.  The Designated Material constitutes confidential proprietary information, including but not limited to confidential research, development, and commercial information.  Failure to seal and disclosure of the Designated Material will expose Zoosk and the PII of Zoosk's users to an exponentially increased risk of

---

[1] Plaintiffs submit the deposition transcript in its entirety, rather than excerpting the specific portions relied upon. Given the extensive confidential contents of this transcript and its designation as Confidential in its entirety, sealing of the document is particularly appropriate.

unauthorized access and criminal hacking. Failure to seal and disclosure of the Designated Material will also cause competitive harm to Zoosk.

9. For the foregoing reasons and pursuant to Civil Local Rule 79-5(f) and Federal Rule of Civil Procedure 26, the Designated Material should be sealed and Plaintiffs' Motion should be granted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California on July 19, 2022.

_____
Rebecca C. Harlow