UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN FLORES-MENDEZ, an individual, and TRACEY GREENAMYER, an individual, and on behalf of classes of similarly situated individuals,<br><br>    Plaintiffs,<br><br>  v.<br><br>ZOOSK, INC.,<br><br>    Defendant. | No. C 20-04929 WHA<br><br>**ORDER RE MOTION FOR CLASS CERTIFICATION** |

In this putative class action by data-breach victims, plaintiffs move for class certification. For the reason stated herein, the motion is **DENIED.**

A prior order detailed the underlying facts (Dkt. No. 93). In brief, plaintiffs Juan Flores-Mendez and Tracy Greenamyer used defendant Zoosk, Inc.'s online dating platform. Zoosk offered a free service and a premium subscription service for a fee, and customers provided their personal information to Zoosk upon joining. Plaintiffs claim injury stemming from a massive data breach in January 2020 by the "ShinyHunters," which occurred because Zoosk allegedly failed to adequately protect plaintiffs' personal information (Dkt. No. 191). Plaintiffs now move for class certification with Tracy Greenamyer as the sole representative (Dkt. No. 200). Zoosk opposes class certification on numerous grounds. This order follows full briefing and an in-person hearing.

Zoosk argues that Ms. Greenamyer waived any right to represent the class or subclass because she signed Zoosk's Terms of Use, which contained a valid class action waiver (Dkt. No. 207-8). In response, Plaintiffs argued that Zoosk effectively waived enforcement of its class action waiver by participating in litigation for nearly two years and never once raising the issue (Dkt. No. 217 at 5). Zoosk, however, raised this affirmative defense in its answer to plaintiffs' first amended complaint dated February 16, 2021, and in its answer to the operative complaint (Dkt. No. 67; Dkt. No. 197). Consequently, this order finds Zoosk has not waived the defense. We now address the terms themselves.

Zoosk's Terms of Use then-stated:

> "Class Action and Jury Trial Waiver. You and Zoosk agree that any and all claims must be brought in the parties' individual capacity, and not as a plaintiff or class member in any purported class action, collective action, private attorney general action or other representative proceeding. This waiver applies to class arbitration, and, unless we agree otherwise, the arbitrator may not consolidate more than one person's claims. You agree that, by entering into this agreement, you and Zoosk are each waiving the right to a trial by jury or to participate in a class action, collective action, private attorney general action or other representative proceeding."

(Dkt. No. 206). Inquiries into the enforceability of contractual clauses are decided under state law. Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. *Davis v. O'Melveny & Meyers*, 485 F.3d 1066, 1077 (9th Cir. 2007). In interpreting the two forms of unconscionability "the former focus[es] on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *George v. eBay, Inc.*, 71 Cal. App. 5th 620, 629 (2021) (cleaned up). While a prior California judicial rule deemed class action waivers in consumer contracts unconscionable, the United States Supreme Court in *AT&T Mobility LLC v. Concepcion* held that the Federal Arbitration Act ("FAA") preempted this determination. 563 U.S. 333, 352 (2011) (overturning *Discover Bank v. Superior Ct.*, 36 Cal. 4th (2005). In doing so, the Court upheld the enforceability of

AT&T's class-action waiver and opened the door for courts to broadly carry out the mandate of the FAA and enforce employer arbitration provisions. *Id.* at 336. We consider both types of unconscionability in turn.

*First*, Zoosk's contract was not procedurally unconscionable. Contracts of adhesion are often procedurally unconscionable, but not always, especially when reasonable market alternatives exist. *See Adkins v. Facebook, Inc.* 2019 WL 3767455, at *2 (N.D. Cal. Aug. 9, 2011) (Judge Alsup); *eBay*, 71 Cal. App. 5th at 632. In *eBay*, appellants argued that eBay's user agreement was a take-it-or-leave-it contract of adhesion and that its "oppression [] arose from the inequality of the bargaining power between eBay on the one hand and the plaintiffs and members of the plaintiff class on the other." *eBay,* 71 Cal. App. 5th at 631. The court rejected this argument, reasoning that despite demonstrating adhesion, appellants failed to show procedural unconscionability as "[o]pression refers not only to an absence of power to negotiate the terms of a contract, but also to the absence of reasonable market alternatives." *Id.* at 632. Similarly, in *Adkins*, we determined that where "the challenged term is in a contract concerning a nonessential recreational activity," plaintiffs "always ha[ve] the option of simply forgoing the activity." *Adkins*, 2019 WL 3767455 at *2. Here, Greenamyer had meaningful market alternatives to Zoosk, as there are many other dating apps available to consumers today. Greenamyer could have avoided Zoosk's alleged unconscionable policies by simply opting out of its dating service, a "nonessential recreational activity." *Ibid.* Plaintiffs do not substantively address this point argued by Zoosk, and have thus not made an adequate showing of procedural unconscionability.

*Second,* Zoosk's contract is also not substantively unconscionable under California law. *See Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 246 (2012). In *Pinnacle*, the court analyzes substantive unconscionability as it "pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." While Zoosk's Terms of Use require claims to be brought in an individual capacity, a proper showing of substantive unconscionability requires the provision in question to be "so one-sided as to shock the conscience." *Ibid.* This is not the case here. In

*Concepcion*, the Court upheld the enforceability of AT&T's class-action waiver which provided for arbitration of all disputes between the parties but required that the claims be brought in an "individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding." 563 U.S. at 336. In doing so, the Court rejected the argument that a contractual provision is substantively unconscionable for making an individual action less financially attractive than a class action. *See Concepcion*, 563 U.S. at 347. Further, our court of appeals has held that it is not a legally cognizable issue that a provision requiring individual action deters litigants from bringing claims. *See Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 (9th Cir. 2012). Zoosk's Terms of Use mirror almost exactly those upheld in *Concepcion,* and are valid for similar reason. Accordingly, this order does not find Zoosk's Terms of Use to be substantively unconscionable.

Due to the valid class-action waiver that Ms. Greenamyer agreed to in Zoosk's Terms of Use, Plaintiffs' motion for class certification is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 27, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE